The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH A. NELSON, individually and as Personal Representative of the Estate of Joel A. Nelson, and its statutory beneficiaries,<br><br>                      Plaintiff,<br>vs.<br><br>THURSTON COUNTY, a Washington municipality; RODNEY DITRICH, individually, JOHN D. SNAZA, individually; and Does 1 through 15, individually,<br><br>                      Defendants | NO. 3:18-cv-05184-RBL<br><br>RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO MOTION FOR SANCTIONS FOR SPOLIATION |

I.    INTRODUCTION

This action was commenced on March 13, 2018. It makes constitution-based claims of false arrest and excessive force, as well as negligence under state law in causing the death of Joel Nelson. The plaintiff's Motion for Sanction should be denied, for several reasons. First, there has been no spoliation of evidence by the defendants. Second, a finding of spoliation and the remedy sought by the motion are unwarranted because the plaintiff utilized opportunities to examine and test the police patrol car in question, and other evidence, by an expert forensic analyst. Third, the officer-involved-shooting incident in question was investigated by officers who were independent of the Thurston County Sheriff's

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND
RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR
SPOLIATION – 1
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

office (and Thurston County),[1] and the personnel of the lead investigative agency (the Lewis County Sheriff's office) examined the patrol car and released it as no longer needed on January 5, 2016. Fourth, the Thurston County employees who processed the patrol car for repair and return to service did so in the normal course of business without notice of potential litigation because it was an asset of Thurston County that needed to be returned to service or sold to recoup its value.[2] Fifth, the patrol vehicle was repaired before any defendant had notice that litigation was a possibility, which is necessary to trigger a duty to preserve relevant evidence. *Pettit v. Smith*, 45 F.Supp.3rd 1099, 1107-08 (D.Ariz.2014) (concerning missing documents and video created by defendants).

## II. FACTS

The Joel Nelson officer-involved shooting incident occurred between approximately 4:00 and 4:08 p.m. on January 5, 2016.[3] By prior arrangement and pursuant to a written multi-agency agreement, a Critical Incident Investigation Team (CIIT) was activated to conduct an investigation of the incident.[4] The lead agency in that investigation was the Lewis County Sheriff's Office.[5] Detectives of that office began their investigation on the date of the incident. They released the police vehicle involved in the incident to the Thurston County Sheriff's Office later on January 5, 2016, on the basis that it was no longer needed as evidence.[6]

---

[1] The Nelson incident resulted in activation of critical incident investigative team (CIIT) comprised of personnel from counties that were party to an agreement that provided for that team in investigate incidents such as the one in question. The lead agency of that team was the Lewis County Sheriff's office.
[2] A decision was made to sell the patrol car, and it was sold to the City of Aberdeen for $32,200.00, demonstrating its value to Thurston County. See Declaration of Bryan Hanks, Thurston County's Fleet Services Manager, filed herewith, at ¶3.
[3] Declaration of Rodney Ditrich, filed herewith, p. 3, ¶8.
[4] Plaintiff's Motion for Sanction (hereafter: "Plaintiff's Motion"), Exhibit 8, Dkt. #39-9, p. 2 & p. 4.
[5] Declaration of Gordon Phillips, filed herewith, at ¶4.
[6] See Plaintiff's Motion, Exhibit 12, Dkt. #39-13, p. 3, email from Sgt. Mike Hirte to Bryon Newby; Declaration of W. Dale Kamerrer, filed herewith as Exhibit 1, excerpts of Deposition of Lewis County Sheriff's Office Detective Sergeant Kevin Engelbertson, at pp. 33-34, & 124, ll. 13-22; Declaration of Gordon Phillips, at ¶4.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 2
Cause No.: 3:18-cv-05184-RBL

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

Following the Nelson incident, Captain Gordon Phillips of the Thurston County Sheriff's Office confirmed on or about January 12, 2016, that the CIIT investigators were finished with the vehicle.[7] Thurston County's managers of county vehicles processed the damaged patrol car. Decisions were made that the vehicle was repairable, and would thereafter retain significant value.[8] Accordingly, estimates for repair were obtained and repairs were completed on February 9, 2016.[9]

Thurston County's Fleet Manager, Bryan Hanks, wrote to the deceased man's father, Joe Nelson, on March 25, 2016 informing him that the vehicle had been repaired and was going to be surplused and sold. The letter offered to permit the vehicle to be examined by a qualified person on Mr. Nelson's behalf.[10] Mr. Hanks made the vehicle available for inspection by Matthew Noedel, a forensic specialist, on April 8, 2016. Mr. Noedel later examined other evidence held at the evidence storage facility of the Lewis County Sheriff's office.[11] Even after the vehicle's sale, Thurston County's Risk Manager again notified the plaintiff's attorney that the vehicle could be inspected at the Aberdeen Police Department, by a letter dated January 23, 2018.[12]

Notably, the plaintiff's motion for sanctions does not mention these examinations. Moreover, the plaintiff has not identified the forensic specialist who conducted the examinations, Matthew Noedel, as a testifying expert. This suggests that Mr. Noedel's examinations found information that was not consistent with the speculative theories advanced by the plaintiff, and he was removed from any role in aid of the plaintiff. The plaintiff has also not shown that cleaning and repair of the vehicle destroyed

---

[7] Declaration of Captain Gordon Phillips, filed herewith, at ¶4.
[8] Declaration of Bryan Hanks, at ¶3; and Plaintiff's Motion, Exhibit 20, Dkt. #39-21, p. 2, invoice to City of Aberdeen.
[9] Declaration of Bryan Hanks, filed herewith, at p. 2, ¶3.
[10] See Plaintiff's Motion, Exhibit 19, Dkt. #39-20, p. 2, letter.
[11] Kamerrer Declaration, Exhibit 2, consisting of communications arranging inspections by Mr. Noedel. Mr. Noedel's 23-page resume may be accessed at www.noedelscientific.com/noedel-cv-december-2011.pdf .
[12] See Exhibit 3 to Kamerrer declaration, letter to Douglas Cloud from Tammy Devlin, January 23, 2018.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 3
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

evidence that would have been favorable to him. The plaintiff's failure to present such evidence or even mention Mr. Noedel's examination of the patrol vehicle supports a conclusion that repair of the vehicle was not spoliation. See *Webb v. District of Columbia,* 146 F.3d 964, 974 n. 20 (D.C.Cir.1998)).

The CIIT investigation of the Nelson incident resulted in reports which were reviewed by the Chief Deputy of the Thurston County Prosecutor's Office, Andrew Toynbee. He issued a finding on February 12, 2016, concluding that Deputy Ditrich's use of force in the Nelson incident was lawful under Washington law.[13]

### III.   ARGUMENT

A. <u>Spoliation standards</u>.

Under Washington law, spoliation is "'[t]he intentional destruction of evidence.'" *Henderson v. Tyrrell,* 80 Wn.App. 592, 605, 910 P.2d 522 (1996) *amended on denial of reconsideration* (Mar. 14, 1996) (quoting Black's Law Dictionary 1401 (6th ed. 1990)). To determine when spoliation requires a sanction, the trial court weighs "(1) the potential importance or relevance of the missing evidence; and (2) the culpability or fault of the adverse party." *Homeworks Constr., Inc. v. Wells,* 133 Wn.App. 892, 899, 138 P.3d 654 (2006). The court then uses its discretion to decide upon an appropriate sanction, if any. *Id.* Where an item of evidence in an altered state would not have provided direct evidence of a claim, its alteration is not sufficiently important to warrant a sanction. *Shepherd v. American Broadcasting Cos.,* 62 F.3d 1469, 1479 (D.C.Cir.1995) (cited in *Henderson v. Tyrrell,* 80 Wn.App. 592, 606, 910 P.2d 522 (1996), *as amended on denial of reconsideration* (Mar. 14, 1996)).

For a party to be culpable, "the party must do more than disregard the importance of the evidence; the party must also have a duty to preserve the evidence." *Id.* at 900. Whether a duty to

---

[13] See Exhibit 4 to Kamerrer declaration, excerpts of deposition of Andrew Toynbee, and Exhibit 1 thereto.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 4
Cause No.:  3:18-cv-05184-RBL

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

preserve evidence exists is a question of law. *Cook v. Tarbet Logging, Inc.*, 190 Wn.App. 448, 461, 360 P.3d 855 (2015). No general duty to preserve evidence exists in Washington. *See id.* at 470. Consequently, a party's merely negligent failure to preserve evidence relevant to foreseeable litigation is not sanctionable spoliation. *Cook*, 190 Wn.App. at 464. Instead, in assessing fault for the loss of evidence, courts examine whether the party acted in bad faith or conscious disregard for the importance of the evidence. *Id.*

> In federal court,
>
> A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery[.]

*Pettit v. Smith*, 45 F.Supp.3rd at 1104-05 (D.Ariz.2014) (quoting *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 509 (D.Md.2009) and *Thompson*, 219 F.R.D. at 101) (and citing *Victor Stanley, Inc. v. Creative Pipe, Inc. ("Victor Stanley II")*, 269 F.R.D. 497, 520–21 (D.Md.2010); *In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060, 1070–78 (N.D.Cal.2006)).

Litigation must be reasonably anticipated in order for a duty to preserve evidence to arise. *DelGiacco v. Cox Commc'ns, Inc.*, 2015 WL 1535260, at *22 (C.D.Cal.) (*citing Apple Inc. v. Samsung Elecs. Co.*, 881 F.Supp.2d 1132, 1136 (N.D.Cal.2012) ). "This is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Waymo LLC v. Uber Techs., Inc.*, 2018 WL 646701, at *14 (N.D.Cal.) (*quoting Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed.Cir.2011) ). The Ninth Circuit has not explicitly identified when the duty to preserve arises; however, "trial courts in this Circuit generally agree that, '[a]s soon as a potential claim is identified, a litigant is

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND
RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR
SPOLIATION – 5
Cause No.: 3:18-cv-05184-RBL

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.'" *Rockman Co., Inc. v. Nong Shim Co.*, 229 F.Supp.3d 1109, 1122 (N.D.Cal.2017) (*quoting In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060, 1067 (N.D.Cal.2006)).

The duty to preserve extends only to relevant evidence. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y.2003). "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir.1998).

Before a district court imposes the "harsh sanction" of dismissal or a directed verdict, it

> should consider the following factors: '(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'

*Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.2006) (quoting *Anheuser–Busch v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir.1995)). A "finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper." *Leon*, 464 F.3d at 958 (quoting *Anheuser–Busch*, 69 F.3d at 348). Logically, the counterpart to dismissal, which is directed verdict, also requires such culpability findings. A party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed."). Explicit notice may support a conclusion that there was willfulness or fault by the offending party. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Co.*, 982 F.2d 363, 368 n. 2 (9th Cir.1992) (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988)).

The absence of notice here demonstrates innocence in any loss of evidence, which may not be sanctioned. Moreover, "[t]o warrant sanctions for spoliation under (FRCP) Rule 37, clear and convincing evidence is required." *Coburn v. PN II, Inc.*, 2:07-CV-00662-KJD, 2010 WL 3895764, at *3 (D. Nev.) (citing *7–37A Moore's Federal Practice–Civil* § 37A.55).

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 6
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

B. <u>Evidentiary issues.</u>

The plaintiff cites an email by a maintenance crew chief, Bryon Newby, mentioning "blood splatter."[14] This email is unauthenticated hearsay and inadmissible. Unauthenticated hearsay cannot support a motion. *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773, 776 (9th Cir.2002) (summary judgment motion). Such hearsay should be disregarded.

The plaintiff also cites the Critical Incident Investigation Plan (CIIP), a written agreement among six police agencies providing for independent investigations of incidents such as the Ditrich/Nelson incident.[15] A presumption exists that, absent a contract's creation of a third-party beneficiary, parties contract for their own benefit and not for a third party's benefit. Joseph M. Perillo, Calamari and Perillo, *Contracts* § 17.3 at 666 (5th ed.2003); *see also McDonald Const. Co. v. Murray*, 5 Wn.App. 68, 70, 485 P.2d 626 (1971). Noting in the cited Plan creates a third-party beneficiary. Therefore, the Plan is immaterial to the plaintiff's argument that the Thurston County Sheiff had a duty to preserve evidence related to the Ditrich/Nelson incident. Moreover, the Declaration of Sheriff John Snaza, filed herewith, explains that the lead agency for the pertinent investigation was the Lewis County Sheriff's Office.[16] Beyond initially securing the scene of the incident and providing other support to the CIIT investigators, the Thurston County Sheriff's Office did not perform investigative tasks or make decisions about investigative or evidence matters. The plaintiff's reliance on the CIIP should be disregarded.

C. <u>There was no spoliation attributable to the defendants.</u>

None of the defendants engaged in spoliation of evidence. Deputy Ditrich clearly did not because he was separated from any investigatory or control position immediately after the incident, and

---

[14] Plaintiff's Motion, p. 3, ll. 9-10, n. 13.
[15] Plaintiff's Motion, p. 5, ll. 1-5, n. 23, and Exhibit 15, p. 5, Sec. II. E.
[16] Declaration of Sheriff John Snaza, filed herewith, ¶3.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 7
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

he exerted no authority over any of the evidence that came from it.[17]

Sheriff Snaza did not engage in spoliation of evidence because neither he nor any of his subordinates directed that cleaning or repair of the vehicle should occur. At most, his office accepted the release of the vehicle by the lead investigators of the incident who were deputies of the Lewis County Sheriff's Office, and passed that information on to the County's Fleet Manager in order to allow that manager to deal with the vehicle in the usual course of handling damaged County property.

Thurston County did not engage in spoliation because repair of the vehicle was carried out through fleet management employees acting in the normal course of their work, <u>after</u> the lead investigators from the Lewis County Sheriff's Office released the vehicle following their processing of it. The fleet management staff had no knowledge of or connection to evidence issues that exist with either criminal or civil actions.[18] None of the defendants engaged in spoliation because they did not act to repair the vehicle with notice that it was needed for litigation, much less with intent to destroy evidence. Instead, they received unequivocal information that the vehicle was not needed for the criminal investigation, and simply processed it to preserve its value.[19]

The plaintiff complains first that hand prints in dirt on the hood of the patrol car were not preserved. Yet the same were thoroughly photographed and testified about in depositions of the Lewis County Sheriff's Office investigators.[20] They were preserved. The plaintiff provides no explanation for how preserving those prints in some other manner was necessary to his case.

---

[17] Declaration of Rodney Ditrich filed in support of defendant's Motion for Summary Judgment, Dkt. #32, at 11; and Declaration of Rodney Ditrich, filed herewith at ¶¶ 4-6.
[18] Declaration of Bryan Hanks, ¶¶2 & 5.
[19] Declaration of Gordon Phillips, filed herewith, at ¶4, and the Declaration of Bryan Hanks, filed herewith at ¶3.
[20] See Plaintiff's Motion, Exhibits 5 & 7. There are many more color photographs of the hood of the patrol car.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 8
Cause No.: 3:18-cv-05184-RBL

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

The plaintiff also complains of lost blood on the exterior of the patrol vehicle or in its interior. But there is no evidence that blood existed on the exterior of the vehicle. Plaintiff's contention is speculation. The plaintiff argues that blood inside the vehicle was destroyed. But there is no dispute that Joel Nelson was shot inside the vehicle. Deputy Ditrich was also injured by Nelson's attack on him. It is not unreasonable to assume that some blood may have been in the interior. But being able to confirm or refute the presence of either person's blood is not relevant to whether Deputy Ditrich used excessive force in his apprehension of Nelson. The plaintiff provides no explanation for his speculative assertion that repair of the vehicle destroyed relevant evidence.

D. <u>The plaintiff was able to inspect and document the involved police car</u>.

The County made the patrol vehicle available for the plaintiff's expert's inspection – which was conducted.[21] The County later notified the plaintiff's attorney again that the vehicle remained available for further inspection despite it having been sold to the City of Aberdeen.[22] The plaintiff has withheld whatever information was obtained by his foresic analyst, Matthew Noedel, in the inspection he did perform. The plaintiff should not be able to complain at this point that he was denied adequate evidence gathering from the vehicle after the County made it available for inspection.

E. <u>No imputation of responsibility can be made to a non-actor</u>.

The plaintiff here does not show that any persons who had control over the patrol vehicle, including those who processed it for repair, acted with notice that it was potentially necessary for this litigation, much less that they did so with the intent to destroy relevant evidence. Accordingly, they cannot be sanctioned, nor may their conduct be imputed to any other defendant.

---

[21] Declaration of Bryan Hanks, ¶4.
[22] Declaration of W. Dale Kamerrer, Exhibit 3.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 9
Cause No.:  3:18-cv-05184-RBL

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

A defendant cannot be sanctioned for the acts of a person over whom he has no authority or control. *See Gemsa Enters., LLC v. Specialty Foods of Ala., Inc.*, 2015 WL 12746220, at *9 (C.D.Cal.) (quoting *Pettit v. Smith*, 45 F.Supp.3d at 1110); *accord Adkins v. Wolever*, 692 F.3d 499, 504–05 (6th Cir.2012). This rule is particularly important in a civil rights case under 42 U.S.C. § 1983, such as this one. Here, it is the alleged conduct of Deputy Rod Ditrich that gives rise to the civil rights claims in this action. In such a case, Ditrich's employer, the Thurston County Sheriff, and the entity Thurston County, cannot be liable on a respondeat superior basis. "A municipality may not be held liable under [42 U.S.C.] §1983 solely because it employs a tortfeasor." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (*citing Monell v. Dept. of Social Services of City of New York*, 436 U.S. at 658, 689-92 (1978)).

The liability of a municipal governmental entity depends on whether a policy, custom or practice of such a defendant was a substantial factor in producing the alleged unconstitutional conduct. *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir.1992). The plaintiff makes no showing that such a policy, custom or practice brought about a violation of Joel Nelson's civil rights.

Deputy Ditrich has a Seventh Amendment right to trial by jury on plaintiff's § 1983 claim for damages.[23] Such a right cannot be forfeited except by relevant, culpable conduct of the holder of the right. *Peters v. Cox*, 341 F.Supp.3rd 1192, at 1194 (D.Nev.2018) (citing *Reynolds v. United States*, 98 U.S. 145, 158–59, – S.Ct. –, 25 L.Ed. 244 (1879)). Deputy Ditrich has no culpability related to the allegations on which plaintiff's motion for sanctions is based.

The plaintiff's requested sanction of a directed verdict would abrogate Deputy Ditrich's

---

[23] Although this action should be dismissed on the basis of defendants' pending motions for summary judgment.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND
RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR
SPOLIATION – 10
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

constitutional right to a jury trial.[24] No lesser sanction could avoid also impairing that right.[25] In order to avoid denying Deputy Ditrich's constitutional right, plaintiff's motion for sanctions must be denied.

The plaintiff also argues that loss of evidence should be imputed to the defendants, including Deputy Ditrich, because Thurston County will indemnify the deputy. He cites *Pettit v. Smith, supra,* in support. *Pettit* does not so hold. *See id.* at 1108-1111. Instead, the *Pettit* court engaged in lengthy analysis and rejection of the plaintiff's arguments for imputation of responsibility for true spoliation (which does not exist here), before finding that imputation was only appropriate because the employing state agency of the individuals who allegedly committed an act of cruel and unusual punishment on a prisoner had itself found that it had a duty to preserve the video and documentary evidence of the relevant acts prior to having notice that litigation was reasonably likely. *Id.*, at 1106 and 1111. But even then, the court rejected a directed verdict, and instead identified a lesser sanction in what was clearly a knowing and egregious case of spoliation. *Id.*

F. <u>The Lewis County investigators who released the police car were not employees or agents of any defendant.</u>

The lead investigators from the CIIT organization were employees of the <u>Lewis</u> County Sheriff's Office, not employees, agents or otherwise subject to the control or supervision of the Thurston County Sheriff or Thurston County, and certainly not Deputy Rod Ditrich. They are also not defendants in this case. The adequacy of their investigation and decision to release the police vehicle to Thurston County, are not attributable to the named defendants. *See Gemsa Enters., LLC, supra.*

---

[24] *Id.*
[25] The plaintiff has suggested that a sanction other than a directed verdict may be appropriate. But he does not specifically propose any such sanction. He should not be permitted in Reply to specify such a lesser sanction because that would deny the defendants' the opportunity to respond to the same.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 11
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

The entire idea of having a CIIT is to provide a mechanism for independent investigations of events such as the Joel Nelson incident.[26] It is provided for by intergovernmental agreement so its investigators are immediately available when events of this kind occur, and it provides for separation between investigators and the involved-agency's personnel and administrators in order to best assure objective analysis of critical incidents. Imagine how the plaintiff would complain if the investigation had been performed by the Thurston County Sheriff's Office.

Here, the Lewis County investigators released the police car involved in the Nelson incident on the night of that event. They later confirmed to Thurston County Sheriff's Lieutenant Gordon Phillips that they had no further need for the vehicle. At no time thereafter did those investigators seek to re-examine that vehicle.[27]

G. <u>No attorney's fees should be awarded on plaintiff's motion.</u>

The plaintiff must establish bad faith on the part of the defendants to qualify for an award of attorney's fees. *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266 (8th Cir.1993). No showing of bad faith has been made by the plaintiff. Accordingly his request for an award of fees should be denied.

IV.   CONCLUSION

Plaintiff has failed to establish that spoliation of evidence occurred. Plaintiff was able to inspect the involved patrol car with the aid of a forensic specialist, and has not shown that the inspection was deficient or that it was thwarted by the repair of the vehicle. Spoliation cannot be attributed to the primary defendant, Deputy Rod Ditrich, and any sanction that would establish his liability would deny his constitutional right to a jury trial. Finally, the defendants may not be imputed with any responsibility

---

[26] Declaration of Sheriff John Snaza, at ¶4.
[27] Declaration of Captain Gordon Phillips, filed herewith, p. 2, ¶4.

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 12
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

for destruction of evidence, if any, brought about by the release of the vehicle by the lead investigators of the Nelson incident. The plaintiff's motion for sanctions and for attorney's fees should be denied.

Dated this 5th day of February, 2019.

LAW LYMAN DANIEL KAMERRER & BOGDANOVICH, P.S.

By: /s/ W. Dale Kamerrer
W. Dale Kamerrer, WSBA No. 8218
Attorney for Defendants Ditrich and Thurston County
P.O. Box 11880, Olympia, WA 98508
Phone: (360) 754-3480
Email: dkamerrer@lldkb.com

FREIMUND JACKSON & TARDIF, PLLC

s/s John R. Nicholson
GREGORY E. JACKSON, WSBA #17541
JOHN R. NICHOLSON, WSBA #30499
Freimund Jackson & Tardif, PLLC
900 SW 16th Street, Suite 215
Renton, WA 98057
Telephone: (206) 582-6001
Facsimile: (206) 466-6085
gregj@fjtlaw.com
Johnn@fjtlaw.com
Attorneys for Defendant John D. Snaza

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND
RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR
SPOLIATION – 13
Cause No.: 3:18-cv-05184-RBL

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury, under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system:

1. Response of Defendants' Thurston County and Rodney Ditrich to Motion for Sanctions for Spoliation;

2. Declaration of Bryan Hanks;

3. Declaration of Rodney T. Ditrich in Response to Plaintiff's Motion for Sanctions;

4. Declaration of Gordon Phillips in Response to Plaintiff's Motion for Sanctions;

5. Declaration of W. Dale Kamerrer in Response to Plaintiff's Motion for Sanctions; and

6. Declaration of Sheriff John Snaza.

who will send notification of such filing to counsel as follows:

**Plaintiff:**

Douglas Cloud, drc@dcloudlaw.com

**Defendant Snaza:**

Gregory Jackson, gregj@fjtlaw.com
John R. Nicholson, johnn@fjtlaw.com
Donald Peters, Jr., petersr@co.thurston.wa.us

Dated this 5th day of February, 2019 at Tumwater, Washington.

                                                                   /s/ Lisa Gates
                                                Lisa Gates, Legal Secretary

RESPONSE OF DEFENDANTS' THURSTON COUNTY AND RODNEY DITRICH TO TO MOTION FOR SANCTIONS FOR SPOLIATION – 14
Cause No.: 3:18-cv-05184-RBL

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511