The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH A. NELSON, individually and as Personal Representative of the ESTATE OF JOEL A. NELSON, and its statutory beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>THURSTON COUNTY, a Washington municipality; RODNEY T. DITRICH, individually; JOHN D. SNAZA, individually; and DOES 1 through 15, individually,<br><br>Defendants. | Case No. 3:18-cv-05184-RBL<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' THURSTON COUNTY, RODNEY T. DITRICH AND JOHN D. SNAZA'S RESPONSES TO PLAINTIFF'S MOTION FOR SANCTIONS, RE: SPOLIATION OF EVIDENCE**<br><br>NOTE ON MOTION CALENDAR:<br>February 8, 2019<br><br>☒ REQUEST FOR ORAL ARGUMENT |

## I. RELIEF REQUESTED

**COMES NOW**, the plaintiff, Joseph A. Nelson, individually and as Personal Representative of the Estate of Joel A. Nelson, by and through his attorney of record, Douglas R. Cloud, and does hereby reply to the Response of Defendants' Thurston County, Rodney Ditrich and John Snaza to Plaintiff's Motion for Sanctions Based Upon Defendants' Thurston County, Rodney T. Ditrich and John D. Snaza's Spoliation of Evidence.

## II. STATEMENT OF FACTS

**A.    Thurston County Had a Duty to Preserve The Patrol Vehicle.**

Undersheriff Timothy Braniff (hereinafter "Braniff") has testified that Thurston County (hereinafter "TC") owes a duty to survivors of people killed by law enforcement to preserve evidence

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR SANCTIONS BASED UPON DEFS' SPOLIATION - 1 OF 8
Case No. 3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

so a victim's family can have an opportunity to evaluate the evidence.[1] He agreed that a duty was owed to families of the deceased to have a "complete, thorough and transparent" investigation.[2] In fact, Braniff then agreed that an investigation of the use of lethal force by an officer owed a duty to families of the deceased.[3]

Plaintiff has presented documentary evidence and an email from TC Fleet Services Crew Chief Bryon Newby to Thurston County Sheriff's Office (hereinafter TCSO) Lieutenant Gordon Phillips (hereinafter "Phillips") and other recipients, dated January 13, 2016, that establishes that TCSO knew that "fine blood splatter" existed in TCSO Deputy Rodney T. Ditrich's (hereinafter "Ditrich") patrol vehicle after the shooting of Joel Nelson (hereinafter "Nelson").[4]

TCSO did nothing to stop the destruction of this evidence. Instead, TCSO continued to push for the cleaning and repair of the patrol vehicle, as they had since January 6, 2016, the day after Nelson was killed.[5]

An email dated January 6, 2016, established that the patrol vehicle was in the possession and control of TCSO at "patrol," believed to be the Field Operation Bureau in Tumwater.[6] The vehicle had been driven by Deputy Klene to the TC shop facility on East Tiller, South of 93rd Avenue and Tilley Road West, from the crime scene the previous evening.[7] TCSO has not explained how or why the patrol vehicle was moved from the county shop to the Field Operations Bureau in Tumwater by January 7, 2019.

Bryan Hanks (hereinafter "Hanks") who, in 2016, was the TC Central Services Fleet Manager, first started working on coordinating the repair of the patrol vehicle he believes, on January

---

[1] Cloud Decl. in Support. of Reply to Response ("Cloud Decl."), Ex. 1 - Dep. Transcript of Timothy Braniff taken on 11/15/2018 ("Braniff Dep."), 140:3-21; and 140:22-142:7.
[2] Cloud Decl., Ex. 1 - Braniff Dep., 140:3-21.
[3] Cloud Decl., Ex. 1 - Braniff Dep., 140:22-142:7.
[4] Cloud Decl., Dkt. 39-1, Ex. 11/Dkt. 39-12 - Email from Newby to Dana Reimholz, et al., dated 1/13/2016; and Cloud Decl., Ex. 2 - Dep. Transcript of Bryan Hanks taken 2/05/2019 ("Hanks Dep."), 15:16-16:9, and Ex. 2 to Hanks Dep.
[5] Cloud Decl., Ex. 2 - Hanks Dep., 6:13-19.
[6] Cloud Decl., Dkt. 39-1, Ex. 12/Dkt. 39-13 - Email from Sgt. Hirte to Hanks dtd Jan. 6-7, 2018 and email from Sgt. Hirte to Newby dtd 1/06/2016, p. 2; and Cloud Decl., Ex. 2 - Hanks Dep., 14:10-15:5, and Ex.'s 1 and 12 to Hanks Dep.
[7] Cloud Decl., Dkt. 39-1, Ex.16/Dkt. 39-17 - Supp. Field Report of Officer Klene dated 1/06/2016, p. 2: ¶ 3, ln. 3-4.

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR
SANCTIONS BASED UPON DEFS' SPOLIATION - 2 OF 8
Case No.  3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

6, 2016.[8] TCSO wanted the vehicle cleaned and repaired and to put it back into service or resale it.[9] Hanks said that the patrol vehicle was in the custody of TCSO on January 6, 2016.[10] Hanks had to get permission from TCSO to access the vehicle.[11] Hanks coordinated the inspection on the vehicle to determine the extent of damage with Phillips of the TCSO.[12] The inspection took place on January 11, 2016.[13]

TCSO was asking for the resale of the patrol vehicle.[14] The decision to sell the patrol vehicle involved the TC Manager, Cliff Moore, and his deputy, Robin Campbell.[15] Apparently, there had been a meeting between Hanks, Mr. Moore and others on January 12, 2016, to discuss the disposition of the vehicle.[16] The sale of the vehicle was approved by the Board of County Commissioners on January 26, 2016.[17]

On January 12, 2016, Phillips stated in an email to Hanks that, *"So you all are aware, the lead investigator on Rod incident is done with the vehicle. They have no interest in it."*[18]

Former Lewis County Sheriff's Office (hereinafter "LCSO") Detective Jeremy Almond (hereinafter "Almond"), the "lead investigator" described his duties as one of a clerk, to simply collect investigative reports and to submit evidence for laboratory analysis.[19] The description of his duties in the Critical Incident Investigation Plan (hereinafter "CIIP") collaborates his testimony.[20] Almond was a recently promoted deputy who had just assumed his position as a detective for the LCSO. He has since left the force as he had been suspected of inappropriate sexual communication

---

[8] Cloud Decl., Ex. 2 - Hanks Dep., 6:13-19.
[9] Cloud Decl., Ex. 2 - Hanks Dep., 27:9-28:19.
[10] Cloud Decl., Ex. 2 - Hanks Dep., 15:16-16:14.
[11] Cloud Decl., Ex. 2 - Hanks Dep, Ex.'s 1 and 12 to Dep., Email dtd 1/07/2016; and Cloud Decl., Dkt. 39-1, Ex. 12/Dkt. 39-13 - Email from Sgt. Hirte to Hanks dtd Jan. 6-7, 2018 and email from Sgt. Hirte to Newby dtd 1/06/2016, p. 2.
[12] Cloud Decl., Ex. 2 - Hanks Dep., 6:22-7:3.
[13] Cloud Decl., Ex. 2 - Hanks Dep., 7:11-17.
[14] Cloud Decl., Ex. 2 - Hanks Dep., 11:4-18.
[15] Cloud Decl., Ex. 2 - Hanks Dep., 23:11-24:8, and Ex.'s 4 and 10 to Hanks Dep. - Email dated 1/25/2016.
[16] Cloud Decl., Ex. 2 - Hanks Dep., Ex.'s 4 and 10 to Dep. - Email dated 1/19/2016 from Hanks to Campbell.
[17] Cloud Decl., Ex. 2 - Hanks Dep., 17:21-18:22, 23:11-24:8 and Ex.'s 4 and 10 to Hanks Dep. - Email dated 1/25/2016.
[18] Cloud Decl., Ex. 2 - Hanks Dep., Ex. 7 to Dep. - Email from Phillips to Hanks, et al., sent 1/12/2016.
[19] Cloud Decl., Ex. 3 - Deposition Transcript of Jeremy Almond taken on 11/01/2018, 33:25-34:11.
[20] Cloud Decl., Dkt. 39-1, Ex. 15/Dkt. 39-16, CIIP; and Cloud Decl. in Support of Reply, Ex. 4 - CIIP, pp. 7-8.

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR
SANCTIONS BASED UPON DEFS' SPOLIATION - 3 OF 8
Case No.  3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

with a female LCSO explorer program cadet.[21]

LCSO Detective Engelbertson (hereinafter "Engelbertson"), Almond's superior, testified that he was subordinate to any ranking officer at the scene from any agency.[22] Almond was subordinate to Engelbertson.[23] Neither was not in a position or authority to "release" the patrol vehicle.

Engelbertson testified that he was in charge of the investigation at the scene, but that he did not have authority over senior officers as "command authority kind of stops at a certain level."[24] Engelbertson had no idea that the patrol vehicle had been driven by TCSO Deputy Klene from the scene.[25] Engelbertson confirmed that the patrol vehicle was released to Thurston County on the night of the shooting.[26] Engelbertson described the decision to release the vehicle "a collaborative decision."[27]

Snaza admits to showing up at the scene of the shooting.[28] Snaza admits that TCSO Lt. Phillips' role on the scene was: *". . . his role would be to ensure that the perimeter is secure, that we have evidence coming, we were having a CIIT team getting together, responding to the scene, and, yeah, ensuring that the roads are blocked and start processing."*[29] Snaza admits that TCSO participated in the incident investigation: *"Thurston County was only there for . . . the evidence gathering. And I know that they went back out to look for shell casings once more."*[30]

**B.     The Defendants Have Deliberately Engaged In Sanctionable Spoliation.**

Forensic scientist, Matthew Noedel, has, in response to defendants' positions, filed a declaration that establishes that TCSO had destroyed all physical evidence on and in the patrol vehicle prior to his opportunity to inspect the vehicle on April 8, 2016.[31] Noedel also points out that,

---

[21] Cloud Decl., Ex. 5 - Dep. Transcript of Kevin Engelbertson taken on 12/05/2018 ("Engelbertson Dep."), 88:17-91:25.
[22] Cloud Decl., Ex. 5 - Engelbertson Dep., 49:14-49:5.
[23] Cloud Decl., Ex. 5 - Engelbertson Dep., 29:14-17; and Cloud Decl., Ex. 3 - Almond Dep., 37:8-13 and 39:2-7.
[24] Cloud Decl., Ex. 5 - Engelbertson Dep., 49:14-49:5.
[25] Cloud Decl., Ex. 5 - Engelbertson Dep., 49:13-19 and 132:17-23.
[26] Cloud Decl., Ex. 5 - Engelbertson Dep., 128:10-13.
[27] Cloud Decl., Ex. 5 - Engelbertson Dep., 49:23-50:8.
[28] Cloud Decl., Ex. 6 - Deposition of John Snaza taken on 9/17/2018 ("Snaza Dep"), 121:7-9.
[29] Cloud Decl., Ex. 6 - Snaza Dep., 123:19-25.
[30] Cloud Decl., Ex. 6 - Snaza Dep., 60:10-13.
[31] Declaration of Matthew Noedel ("Noedel Decl."), ¶ 10, 2:26-6 and ¶ 12, 3:18-23, and Ex. 2 - Report.

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR
SANCTIONS BASED UPON DEFS' SPOLIATION - 4 OF 8
Case No.  3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

in the condition the patrol vehicle was offered for forensic analysis, there was not *"any evidence recognized to be of specific value for reconstruction was located during the April 8th examination."*[32]

Plaintiff's internal affairs and investigation expert, Neil Low, also points out the failure to preserve the items within the vehicle, in their original position as discussed at the scene, renders an attempt to recreate the situation impossible.[33]

Neil Low has stated in his declaration that the actions of TCSO imply that *"TCSO personnel acted quickly to remove the patrol vehicle from the crime scene in an effort to contaminate evidence in and on the vehicle."*[34] Mr. Low details the correct methods for the handling and preservation of evidence on or in a patrol vehicle involved in an use of lethal force by a deputy and law enforcement agencies.[35]

Mr. Low indicates the extreme behavior of TCSO personnel and Sheriff John D. Snaza (hereinafter "Snaza") is so below law enforcement standards as to imply the evidence destruction was intentional and done with Snaza's approval; otherwise, TCSO's actions are entirely inexplicable.[36]

Plaintiff's police practices experts, John G. Peters, Jr., Ph.D., agrees with Mr. Low.[37] He also points out that Snaza's declaration reveals that he does not enforce written TCSO policies or provisions of the CIIP and renders his written policies meaningless and unenforceable.[38]

### III. ARGUMENT

Federal Rules of Evidence (hereinafter "FRE") 801(2) provides that an opposing party's statement is not hearsay. Thus, emails written by TC employees are not hearsay. Even if the emails are considered hearsay under FRE 801(2), they are admissible under FRE 803(6), as records of

---

[32] Noedel Decl., ¶ 12, 3:18-23; and Ex. 2 - Report.
[33] Declaration of Neil Low (hereinafter "Low Dep."), ¶ 8, 3:6-13, and Ex. 1 - Report.
[34] Low Decl., ¶ 3, 2:2-5, and Ex. 1 - Report.
[35] Low Decl., 2:11-3:17, and Ex. 1 - Report.
[36] Low Decl., 3:18-4:6, and Ex. 1 - Report.
[37] Peters Decl. in Support of Plaintiff's Reply to Defs' Resp. to Plff's Motion for Sanctions, 2:7-3:10.
[38] Peters Decl. in Support of Plaintiff's Reply to Defs' Resp. to Plaintiff's Motion for Sanctions, 2:7-11; and Decl. of John Peters in Support of Plff's Resp. to Motions for Summary Judgment by Defs, Dkt. 58, Ex. 1/Dkt. 58 - Report, pp. 6-31.

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR
SANCTIONS BASED UPON DEFS' SPOLIATION - 5 OF 8
Case No. 3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

regular conducted activity.[39]

FRE 803(8), the public records exception - records or statements of a public office, states that public records are admissible. The emails are public records. Hanks has authenticated the emails cited herein in his deposition.[40] He testified that his assistant, Mr. Newby, had reported seeing blood splatter evidence in the patrol vehicle when he and Hanks inspected the patrol vehicle on January 11, 2016.[41] He said TCSO was pushing for the patrol vehicle's resale.[42] Hanks also coordinated the cleaning and repair of the patrol vehicle with TCSO.[43]

Courts which have reviewed the destruction and disposal of vehicles central to investigations have upheld sanctions of dismissal. If evidence in and on a vehicle is central to a claim or legal defense, it should be preserved or spoliation sanctions are likely.

In *Silvestri v. General Motors Corp.,* 271 F.3d 583 (4th Cir. 2001), the court dismissed a plaintiff's product liability action as a sanction for spoliation because the alleged defective product, a vehicle with a purportedly malfunctioning air bag, had been repaired prior to the defendant giving an opportunity to the defendant, General Motors, to inspect the vehicle.

In another case involving a vehicle, *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939 (11th Cir. 2005), the appellate court reversed the district court's spoliation sanction order as being too lenient and dismissed the plaintiff's product liability claim. The court noted the crucial nature of the evidence from the vehicle and the extreme prejudice to the defendant.

### IV. CONCLUSION

The evidence shows that TCSO was in control of Ditrich's patrol vehicle and that the defendants jointly participated in the decision to destroy evidence in and on it.

The defendants, jointly, took deliberate steps to destroy pertinent evidence in their control

---

[39] See Appendix - FRE 803(6) and (8).
[40] Cloud Decl., Ex. 2 - Hanks Dep., 14:10-23 (Ex. 1), 15:16-16:3 (Ex. 2), 17:21-18:4 (Ex. 4), 20:14-22 (Ex. 7), 23:11-25; (Ex. 10), and 25:3-11 (Ex. 12).
[41] Cloud Decl., Ex. 2 - Hanks Dep., 10:4-18.
[42] Cloud Decl., Ex. 2 - Hanks Dep., 11:4-18.
[43] Cloud Decl., Ex. 2 - Hanks Dep., 11:4-18.

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR SANCTIONS BASED UPON DEFS' SPOLIATION - 6 OF 8
Case No. 3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

in an effort to defeat or minimize any future claim against them by plaintiff stemming from this incident. Thurston County, Rodney Ditrich and John Snaza should be sanctioned severely by the entry of a directed verdict against them.

**DATED** this 13th day of February, 2019.

**LAW OFFICE OF DOUGLAS R. CLOUD**

/s/ Douglas R. Cloud
**DOUGLAS R. CLOUD, WSBA #13456**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail: drc@dcloudlaw.com
**Attorney for Plaintiff**

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR
SANCTIONS BASED UPON DEFS' SPOLIATION - 7 OF 8
Case No. 3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

## CERTIFICATE OF SERVICE

The undersigned declares as follows:
1. I am over the age of 21 and not a party to this action.
2. I am an employee of Douglas R. Cloud, Attorney at Law, Attorney for Plaintiff.
3. On this day, I certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the counsel of record for the defendants, and that I also forwarded a true and correct copy to counsel of record for the defendants in the following manner:

| | |
|---|---|
| **Counsel for Defendants, Thurston County and Ditrich:**<br>W. Dale Kamerrer, Esq.<br>**LAW LYMAN DANIEL KAMERRER & BOGDANOVICH, P. S.**<br>PO Box 11880<br>Olympia, WA 98508-1880<br>2674 R W Johnson Blvd SW<br>Tumwater, WA 98512<br>P: 360-754-3480<br>F: 360-357-3511<br><br>Scott C. Cushing, WSBA # 38030<br>Senior Deputy Prosecuting Attorney<br>**THURSTON COUNTY PROSECUTING ATTORNEY'S OFFICE**<br>Civil Division - Bldg No. 5<br>2000 Lakeridge Dr SW<br>Olympia WA 98502<br>P: 360-786-5574<br>Emails: dkamerrer@lldkb.com; cushins@co.thurston.wa.us; | Messenger<br>US Mail<br>Facsimile<br>☒ ECF<br>☒ Email<br>E-Service |
| **Counsel for Defendant, John Snaza:**<br>Gregory E. Jackson, WSBA #17541<br>John R. Nicholson, WSBA #30499<br>**FREIMUND JACKSON TARDIF**<br>900 SW 16th St, Ste 215<br>Renton WA 98057<br>Phone: 206-582-6001<br>Fax: 206-466-6085<br>Donald R. Peters, Jr., WSBA #23642<br>Senior Deputy Prosecuting Attorney<br>**THURSTON COUNTY PROSECUTING ATTORNEY'S OFFICE**<br>Civil Division - Bldg No 5<br>2000 Lakeridge Dr SW<br>Olympia WA 98502<br>P: 360-786-5574<br>Emails: Gregj@fjtlaw.com; johnn@fjtlaw.com; petersr@co.thurston.wa.us; | Messenger<br>US Mail<br>Facsimile<br>☒ ECF<br>☒ Email<br>E-Service |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated at Tacoma, Washington this 13th day of February, 2019.

/s/ Traci L. Warner
**TRACI L. WARNER**

PLFF'S REPLY TO DEFS' RESP TO PLFF'S MTN FOR
SANCTIONS BASED UPON DEFS' SPOLIATION - 8 OF 8
Case No. 3:18-cv-05184-RBL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

# APPENDIX

**FRE 803(6):**

Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the opponent does not show that the source of information nor or the method or circumstances of preparation indicate a lack of trustworthiness.

**FRE 803(8)**, the public records exception - records or statements of a public office:

(8) ***Public Records.*** A record or statement of a public office if:
(A) it sets out:
(i) the office's activities;
(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
(iii) in a civil case or against eh government in a criminal case, factual findings from a legally authorized investigation; and
(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.