HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH A. NELSON, individually and as Personal Representative of the Estate of Joel A. Nelson, and its statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>THURSTON COUNTY, a Washington municipality; RODNEY DITRICH, individually, JOHN D. SNAZA, individually; and Does 1 through 15, individually,<br><br>Defendant. | CASE NO. C18-5184RBL<br><br>ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendants Rodney Ditrich and Thurston County's Motion for Summary Judgment [Dkt. #31] and Defendant John D. Snaza's Motion for Summary Judgment [Dkt. #34]. The Court has reviewed the materials filed for and against the motion. The Court has heard oral argument on the Motion for Sanctions Due to Spoliation [Dkt. #39]. That argument was informative on the issues central to these motions. For the reasons below, the Motions for Summary Judgment are hereby **DENIED**.

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 1

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

There are stark differences between the stories told by the defendants and the plaintiff about what happened. One story, if true, justifies granting summary judgment to all defendants.

The other story is highly improbable, but if true, compels the Court to deny the motions. The Court cannot, and will not, determine the credibility of any witnesses in a summary judgment proceeding. *See Kreisner v. San Diego,* 988 F.2d 883, 900 n. 1 ("Determinations of credibility are inappropriate for summary judgment."), *amended by* 1 F.3d 775 (9th Cir.1993); *SEC v. Koracorp Indus., Inc.,* 575 F.2d 692, 699 (9th Cir.1978) ("[S]ummary judgment is singularly inappropriate when credibility is at issue.").

The defendants' story is as follows:

On January 5, 2016, while performing an emergency response to a reported theft, Thurston County Deputy Sheriff Rodney Ditrich observed the plaintiff's decedent, Joel A. Nelson, walking toward him on the shoulder of the road. Nelson, who was unknown to Deputy Ditrich, immediately concealed his face and quickly walked onto the adjacent private residential property. Deputy Ditrich, whose emergency call had been canceled, stopped his patrol car in the driveway of the residence and saw Nelson hiding behind tall shrubs next to the wall of a two-car garage. He got out of the patrol car, called to Nelson and told him to come out and tell him what he was doing. Nelson was slow to comply, and he verbalized resistance to the deputy. Nelson admitted he didn't live at the residence, and he gave no reason for going on to the property except that he was "looking for a place to piss." The property was prominently posed against trespassers.

Deputy Ditrich had Nelson walk to the front of his patrol car and place his hands on its hood. He asked Nelson for his name and date of birth. Nelson gave him false information, which the deputy ran through his dispatch agency, returning a "no record found" result. The deputy recognized Nelson had lied about his identity and concluded that he probably had a warrant out for his arrest, which in fact was true. Ditrich gave Nelson several opportunities to provide correct

identity information, including telling him that if he gave correct information, he would only arrest him on any warrant that happened to exist, but that if he persisted in lying about his identity, he would be arrested for Obstructing a Law Enforcement Officer as well. Nelson insisted he had given his correct identity.

Deputy Ditrich told Nelson he was under arrest. Nelson then attacked the deputy and ran to his patrol vehicle, jumped into its driver's seat, and attempted to commandeer the vehicle. The deputy followed and tried to control the gearshift of the car and fought back in response to Nelson's kicks and blows. The deputy gave Nelson warnings about using his Taser, and then used that less-than-lethal device to attempt to subdue him. The Taser was only momentarily effective. Nelson resumed fighting and Deputy Ditrich pulled out his pistol and told Nelson to stop or he would shoot. Nelson was able to get the patrol vehicle into reverse gear and accelerated it back across the adjacent street, striking a vehicle being driven by a civilian, spinning it around in the road. The deputy then fired three shots at Nelson and he collapsed. The patrol vehicle continued into a thicket of brush and small trees, peeling the driver's door back as the deputy hung on in the door opening. Nelson died as a result.

The plaintiff's account of what happened on the evening of January 5, 2016 is a product of an ear-witness, Mr. Ramos, who says he heard one lone shot at the beginning of the confrontation in his driveway and three more, in quick succession, about a minute or two later. The first shot was right after Officer Ditrich allegedly told Nelson to "get down on your knees." Mr. Ramos did not know either of the parties to the police action. He had no motive to fabricate any part of his statement about the events of January 5, 2016. From Ramos' statement, the plaintiff surmises that the first shot mortally wounded Nelson. It entered his right shoulder blade, travelled back in front and downward, clipping the heart and lodging in the abdomen, all the

while Nelson was on his knees. Thereafter, Nelson got up and attacked Ditrich, got into the patrol car, and managed to wrestle the control of the gearshift. In the meantime, Ditrich holstered his gun, got his Taser out, threatened to use it and then administered the Taser, all with little effect. The wires were plainly on Nelson's person. Then Ditrich returned to his gun as Nelson accelerated the car in reverse. Ditrich fired three more shots in quick succession as the patrol car spun a Subaru in the middle of the road and continued across the road and struck trees and bushes.

There are many other factual discrepancies, but the main fact issues are set out in these two competing stories, or theories. Suffice to say, this case is not a candidate for summary resolution on any theory: excessive force, qualified immunity, negligence, wrongful death or false arrest. The resolution will occur during the crucible of trial. The pending Summary Judgment Motions [Dkt. #s 31 and 34] are DENIED.

IT IS SO ORDERED.

Dated this 21st day of March, 2019.

Ronald B. Leighton
United States District Judge