**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH A. NELSON, individually and as personal representative of the estate and its statutory beneficiaries  estate of Joel A. Nelson, | No.    19-35284 |
| | D.C. No. 3:18-cv-05184-RBL |
| Plaintiff-Appellee, | MEMORANDUM* |
| v. | |
| THURSTON COUNTY, a Washington municipality; RODNEY T. DITRICH, | |
| Defendants, | |
| DOES, 1 through 15, individually, | |
| Defendant, | |
|  and | |
| JOHN D. SNAZA, | |
| Defendant-Appellant. | |
| JOSEPH A. NELSON, individually and as personal representative of the estate and its statutory beneficiaries  estate of Joel A. Nelson, | No.    19-35286 |
| | D.C. No. 3:18-cv-05184-RBL |

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |
|---|
| Plaintiff-Appellee,<br><br>v.<br><br>RODNEY T. DITRICH,<br><br>Defendant-Appellant,<br><br>and<br><br>JOHN D. SNAZA; DOES, 1 through 15, individually,<br><br>Defendants. |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

John Snaza and Rodney Ditrich appeal the denial of their motions for summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm as to Ditrich, but reverse and remand as to Snaza.

We consider an interlocutory appeal of denial of summary judgment based on qualified immunity "to the extent that it turns on an issue of law." *Pauluk v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2

*Savage*, 836 F.3d 1117, 1120–21 (9th Cir. 2016) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).  We review de novo a determination of qualified immunity on summary judgment, viewing the evidence in the light most favorable to the nonmoving party.  *Martinez v. City of Clovis*, 943 F.3d 1260, 1270 (9th Cir. 2019).

Ditrich argues his appeal turns on a legal issue, but "only in the absence of material disputes is it 'a pure question of law,'" *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n.8, (2007)).  Ditrich contests the events of the shooting, although appeals such as these are appropriate "only if the appellant concedes the facts." *Adams v. Speers*, 473 F.3d 989, 991 (9th Cir. 2007).  What Ditrich "most forcefully contests is whether his alternative account of the shooting should be accepted as true.  Factual disputes of that order must be resolved by a jury, not by a court adjudicating a motion for summary judgment." *Orn v. City of Tacoma*, 949 F.3d 1167, 1181 (9th Cir. 2020) (citing *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)); *see also Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014) (en banc) (noting that "summary judgment should be granted sparingly in excessive force cases," especially "where the only witness other than the officers was killed during the encounter").

Weighing inconsistent testimony about the shooting, as well as reports that cast doubt on Ditrich's version of events, the district court properly denied Ditrich's motion for summary judgment.  *See Newmaker v. City of Fortuna*, 842

F.3d 1108, 1116 (9th Cir. 2016) ("Qualified immunity should not be granted when other evidence in the record, such as medical reports, contemporaneous statements by the officer, the available physical evidence, and any expert testimony proffered by the plaintiff is inconsistent with material evidence proffered by the defendant." (punctuation and citation omitted)).

Snaza's appeal, on the other hand, "turns on an issue of law." *Pauluk*, 836 F.3d at 1121. "[I]n resolving a motion for summary judgment based on qualified immunity, a court must carefully examine the specific factual allegations against each individual defendant . . . ." *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000). The district court, however, identified no issues of material fact relating to Snaza, and failed to explain the basis for denying his motion. We accordingly reverse the district court's order as to Snaza so that the district court may undertake the requisite factual examination of the allegations against him.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

Each party shall pay its own costs on appeal.