HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH A. NELSON, individually and as Personal Representative of the ESTATE OF JOEL A. NELSON, and its statutory beneficiaries, | CASE NO. 3:18-cv-05184-RBL |
| | ORDER ON DEFENDANT SNAZA'S MOTION FOR RECONSIDERATION |
| Plaintiff, | |
| v. | |
| THURSTON COUNTY, a Washington municipality; RODNEY T. DITRICH, individually; JOHN D. SNAZA, individually, and DOES 1 through 15, individually, | |
| Defendant. | |

THIS MATTTER is before the Court on Defendant John D. Snaza's Motion for Reconsideration of the Court's June 1, 2020 Order Denying Summary Judgment In Part. Dkt. #157. That Order was in response to a mandate from the Ninth Circuit to "undertake the requisite factual examination of the allegations against" Snaza for purposes of applying qualified immunity. DKt. # 155. The Court dismissed Nelson's Fourth Amendment § 1983 claim against Snaza but held that disputes of fact precluded dismissing his due process claim. Dkt. # 157 at 5-6. Snaza now challenges that conclusion.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

1    First, Snaza argues that the Court erred in concluding that disputes of fact preclude

2    summary judgment on Nelson's due process claim because there is no evidence of Snaza

3    conspiring to cover up Ditrich's shooting of Joel Nelson. Second, Snaza contends that Nelson

4    failed to show that his due process claim is based on a clearly established right, and,

5    consequently, the Court should have determined that Snaza has qualified immunity.

6    The Court will not reconsider its factual conclusion that the evidence does not support

7    summary judgment. Nelson's theory of the case is that Ditrich fought with Joel Nelson at the front of

8    the patrol vehicle and shot Nelson while he was kneeling. Summary Judgment Order, Dkt. # 109, at

9    4-5. The Court doubts this version of events but denied Ditrich's motion for summary judgment

10   based mostly on one ear-witness's account. *Id*. at 5. The Court therefore assessed the due process

11   claim against Snaza under the assumption that a jury would believe Nelson's version of events.

12   Although he is unclear about timing, Snaza was present at the scene of the incident, which

13   occurred around 4:00 PM on January 5, 2016. Snaza Dep., Dkt. # 70, Ex. 6, at 121. According to the

14   Critical Incident Investigation Plan (CIIP), he was also the "Incident Commander for the duration of

15   the incident and activation" of the investigation team and his agency was responsible for preserving

16   the scene. CIIP, Dkt. # 53, Ex. 20, at 7, 8.

17    Despite his presence at the scene and duties under the CIIP, Snaza insists he had no

18   involvement in the investigation, which was performed by the Lewis County Sheriff's Department

19   (Snaza's brother happens to be the sheriff of Lewis County). Snaza Dec., Dkt. # 50, at 1-2. Detective

20   Kevin Engelbertson was in charge of the investigation. Engelbertson Dep., Dkt. # 49, Ex.1, at 33. His

21   report indicates that he photographed the scene, including the inside of Ditrich's vehicle, but there is

22   no mention of photographing or preserving blood, gunshot residue, or similar evidence for testing.

23   Engelbertson Report, Dkt. # 53, Ex. 31, at 16. The photos of Ditrich's vehicle that have been

24

produced to this Court amount to six blurry images that are almost indecipherable. Dkt. # 53, Exs. 4 & 6.

Detective Brad Johansson of Grays Harbor assisted Engelbertson in his investigation. Johansson Report, Dkt. # 53, Ex. 7. His report notes evidence of a struggle on the hood of the vehicle, including indentations that matched Ditrich's flashlight. *Id*. at 6-7. He did not, however, locate any blood in the front of the vehicle or bullet holes. *Id*. at 7. The investigation was completed that evening, Engelbertson Dep. at 124, and Ditrich's vehicle was towed to Thurston County patrol. Klene Report, Dkt. # 53-23, at 2. At some point, Lewis County presented the results of its investigation to Snaza, among others. Snaza Dep., Dt. # 53, Ex. 1, at 44.

About a week after the incident, the Thurston County Sheriff's Office had a company perform an estimate on cleaning Ditrich's vehicle, noting that it had "fine blood splatter on the interior." Newby Email, Dkt. # 53, Ex. 10. The vehicle had been cleaned by January 21, Dkt. # 53, Ex. 11; repaired by March 22, Dkt. # 53, Ex. 12; and sold by September, Dkt. # 53, Ex. 15. With respect to disposing of the vehicle, Snaza testified that he "made a choice to get rid of a piece of equipment after evidence was obtained from the vehicle" because he did not want it going back into his fleet. Snaza Dep., Dt. # 53, Ex. 1, at 73.

On summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in their favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Based on this evidence, and assuming Joel Nelson was initially shot while kneeling in front of Ditrich's vehicle, a jury could reasonably infer that there was some deliberate effort to cover up the incident. Indeed, pure incompetence would be an unlikely explanation for such a glaringly inadequate investigation of a heinous act by the police. If a cover up took place, Snaza's presence and responsibilities at the scene, knowledge of the investigation's findings, and decision to nonetheless promptly dispose of

1    Ditrich's vehicle could support his deliberate involvement. In short, the factual relationship

2    between Nelson's theory of the shooting and his due process claim precludes summary judgment

3    on the latter.

4         Snaza's legal argument regarding qualified immunity has more merit but is a complete

5    departure from the arguments in his original motion for summary judgment. That motion

6    contained no legal analysis of Nelson's due process claim, which Snaza incorrectly viewed as an

7    extension of Nelson's Fourth Amendment excessive force claim:

8         Here Plaintiff asserts claims under § 1983 on two bases: the Fourth Amendment
          (unreasonable search and seizure) and the Fourteenth Amendment (deprivation of
9         property rights without due process of law). However, the Supreme Court has
          made clear that "all claims that law enforcement officers have used excessive
10        force – deadly or not – in the course of an arrest, investigatory stop, or other
          'seizure' of a free citizen should be analyzed under the Fourth Amendment and its
11        'reasonableness' standard, rather than a 'substantive due process' approach."
          *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443
12        (1989); (citing *Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1
          (1985); *see also Armendariz v. Penman*, 75 F.3d 1311, 1319-20 (9th Cir. 1996).
13        The Fourteenth Amendment due process clause is only implicated in situations
          where an unreasonable use of force by an officer "shocks the conscience" because
14        it was done "with the purpose to harm a civilian, unrelated to the legitimate law
          enforcement objects of arrest, self-defense, or the defense of others." *A.D. v. State
15        of Cal. Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013). . . . Plaintiff's
          Fourteenth Amendment due process claim fails, because a rational jury could only
16        find that all use of force by Deputy Ditrich was related to a law enforcement
          purpose.

17
     Snaza MSJ, Dkt. # 34, at 9. When Snaza addressed qualified immunity later in his motion, he
18
     discussed only the Fourth Amendment claim and Snaza's potential liability for Ditrich's
19
     violation. *Id*. at 16-18. He ignored Nelson's due process claim, which arose from the alleged
20
     effort to cover up evidence of the shooting.
21
          After misconstruing and ignoring Nelson's due process claim in his original motion,
22
     Snaza cannot now obtain reconsideration based on a set of arguments that he could have made in
23
     the first place but did not. Although Snaza points out that it is the plaintiff's burden to prove that
24

a right is "clearly established" for qualified immunity purposes, the defendant must at least raise the defense of qualified immunity for the claim in question. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). Here, Snaza never properly identified Nelson's due process claim in his motion so Nelson's burden never arose. *See* Order, Dkt. # 157, at 157 ("[N]either party analyzes the legal viability of Nelson's claim."). The Court will not grant qualified immunity now that Snaza has addressed Nelson's due process claim properly for the first time on a motion for reconsideration.

If Snaza wishes to attack the legal sufficiency of Nelson's § 1983 due process claim he may do so in a new motion. Nelson's claim is vague, but he alleges a "conspiracy and efforts to deprive the Estate of Joel A. Nelson of its property rights without due process of law," with the property rights being the causes of action related to Joel Nelson's death. Complaint, Dkt. # 1, at 9. This theory and the fact supporting it align with the constitutional right to meaningful access to the courts, which is protected by the First and Fourteenth Amendments. *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998) (claim arising from police coverup of evidence regarding vehicular death); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999) (claim arising from police mishandling of evidence).

Snaza correctly points out that, under Ninth Circuit precedent, such claims do not accrue until the plaintiff has actually lost in court on the underlying wrongful death claim. *Delew*, 143 F.3d at 1223; *see also Roberts v. KVSP Investigation Servs. Unit*, No. 119CV01055SABPC, 2019 WL 4054020, at *3 (E.D. Cal. Aug. 28, 2019), *report and recommendation adopted*, No. 119CV01055AWISABPC, 2019 WL 6307654 (E.D. Cal. Nov. 25, 2019) ("[C]ourts find that a cover-up claim is premature when the plaintiff's action seeking redress for the underlying violations remains pending."). This issue, as well as the issue of whether Nelson has otherwise alleged a violation of a clearly established due process right, warrant full briefing by the parties and should not be addressed for the first time in a motion for reconsideration. Snaza's Motion is DENIED.

IT IS SO ORDERED.


Dated this 7th day of July, 2020.

Ronald B. Leighton
United States District Judge