The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| JOSEPH A. NELSON, individually and as Personal Representative of the ESTATE OF JOEL A. NELSON, and its statutory beneficiaries,<br><br>       Plaintiff,<br><br>  v.<br><br>THURSTON COUNTY, a Washington municipality; RODNEY T. DITRICH, individually; JOHN D. SNAZA, individually, and DOES 1 through 15, individually,<br><br>       Defendants. | NO. 3:18-cv-05184-RSL<br><br>DEFENDANT JOHN D. SNAZA'S SECOND MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**January 8, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  RELIEF REQUESTED

Defendant, Thurston County Sheriff John D. Snaza, respectfully requests that the Court grant his motion for summary judgment pursuant to Fed. Rule Civ. P. 56 on Plaintiff's remaining claim against him under 42 U.S.C. § 1983 based on denial of due process and/or denial of access to the courts.

*/./.*/

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

1

**Jackson & Nicholson, P.S.**
**900 SW 16th Street, Suite 215**
**Renton, WA 98057**
**Tel: 206-464-7352**
**Fax: 206-466-6085**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II.    STATEMENT OF FACTS

This case arises out of the fatal shooting of Joel Nelson ("Nelson") by Co-Defendant Rodney Ditrich, a Deputy with the Thurston County Sheriff's Office.  In addition to his claims against Deputy Ditrich and Thurston County, Plaintiff asserted two separate and distinct § 1983 claims against Sheriff Snaza in his personal capacity.  As described in more detail below, the court previously granted summary judgment in favor of Sheriff Snaza on one of those claims, which was based on allegations that Sheriff Snaza was liable under the Fourth Amendment as an official with supervisory authority over Deputy Ditrich.  This second summary judgment motion addresses the other asserted § 1983 claim against Sheriff Snaza, which is based on a theory of denial of due process and/or denial access to the courts.  The procedural history and facts relevant to Plaintiff's claims against Sheriff Snaza are summarized below.

**A.    District Court's Initial Summary Judgment Rulings and Appeal to the Ninth Circuit**

Nelson was contacted by Deputy Ditrich during a routine investigatory stop in a residential area, which quickly escalated as Deputy Ditrich has described in detail in his own declarations about the events precipitating his shooting of Nelson.  *See* Dkt.32 and Dkt. 139. Deputy Ditrich testified he used lethal force only after Nelson, who ignored several warnings, attempted to flee and assaulted Ditrich multiple times, finally attempting to wrest control of Ditrich's patrol vehicle and crashing it into another motorist while Deputy Ditrich was trapped in the open driver's side door.  Dkt. 32.  Deputy Ditrich testified he shot Nelson three times after he was inside the vehicle and engaged in this struggle.

In accordance with Thurston County Sheriff's Department policy, Deputy Ditrich was placed on administrative leave following the shooting incident.  The Region 3 Critical Incident Investigation Team ("CIIT"), which is a cooperative team of investigators comprised of staff

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

2

**Jackson & Nicholson, P.S.**
**900 SW 16th Street, Suite 215**
**Renton, WA  98057**
**Tel: 206-464-7352**
**Fax: 206-466-6085**

1    from five Sheriff's Departments,[1] completed an investigation of the incident. *Id*., ¶ 14. The

2    investigation was led by Lewis County. Declaration of John R. Nicholson in Support of

3    Defendant Snaza's Second Motion for Summary Judgment, Exh. 1 (Snaza dep., pp. 120:10-19,

4    126:12-127:2) ("Nicholson Decl.").  Other than initially securing the scene of the incident and

5    providing traffic control and other support to the CIIT investigators, the Thurston County

6    Sheriff's Office did not perform investigative tasks or make decisions about the investigation or

7    collection of evidence. Dkt. 50, Snaza Decl., ¶ 3.  In addition to the CIIT investigation regarding

8    Deputy Ditrich's use of lethal force, the Thurston County Sheriff's Department Office of

9    Professional Standards ("OPS"), through Sergeant Ken Clark, completed an investigation for

10    purposes of ascertaining whether any Sheriff's Department policies had been violated.

11    Nicholson Decl., Exh. 1 (Snaza dep., p. 150:1-11).   Sheriff Snaza was intentionally not

12    personally involved in these investigations. *Id*., Exh. 1 (Snaza dep., p. 97:13-20).

13        On January 6, 2016, the CIIT investigators advised that they had completed their

14    investigation of the incident and released the patrol vehicle back to Thurston County. Dkt. 48,

15    Phillips Decl., ¶ 4. Sheriff Snaza directed that Deputy Ditrich's patrol vehicle should not be

16    returned to the County's fleet of law enforcement vehicles, because he did not want his deputies

17    having to use a vehicle that had been involved in such a traumatic incident. Nicholson Decl.,

18    Exh. 1 (Snaza dep., pp.114:4-115:18). Dkt. 50, Snaza Decl., ¶ 5. As a result, the County's fleet

19    manager, Bryan Hanks, began making arrangements to have the vehicle repaired and sold, as it

20    still had a substantial monetary value. Dkt. 46, Hanks Decl., ¶ 3. On March 25, 2016, Mr. Hanks

21    notified Nelson's father that the vehicle had been repaired and would be surplused and sold, but

22    he offered Nelson's father the opportunity to have a qualified expert inspect the vehicle if he

23

24

25           [1] Region 3 of the State of Washington is comprised of the Sheriff's Offices in Thurston, Lewis, Pacific, Grays Harbor, and Mason Counties. Nicholson Decl., Exh. 1 (Snaza dep., p. 99:8-21). The County that leads the

26    team rotates each year. *Id*., Exh. 1 (Snaza dep., pp. 100:5-11).

DEFENDANT JOHN D. SNAZA'S SECOND       3       **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT       **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL       **Renton, WA  98057**
      **Tel: 206-464-7352**
      **Fax: 206-466-6085**

1   desired. Nicholson Decl., Exh. 2. Plaintiff's forensic expert Matthew Noedel inspected the

2   vehicle on April 8, 2016. Dkt. 46, Hanks Decl., ¶ 4.

3          Both Deputy Ditrich and Sheriff Snaza filed motions for summary judgment in December

4   of 2018.  Dkt. 31, 34.  On January 24, 2019, Nelson filed a motion for spoliation sanctions based

5   on the allegation that the defendants had intentionally destroyed evidence he contends should

6   have been preserved as part of the law enforcement investigations of the shooting. Dkt. 39.

7   Nelson filed a declaration by his expert Mr. Noedel to support the motion. Dkt. 72. In his

8   declaration, Mr. Noedel listed evidence from Deputy Ditrich's patrol vehicle which he merely stated

9   "may have been useful to preserve and evaluate." Dkt. 72 at 3 (emphasis added).

10         On March 11, 2019, the court denied Nelson's motion for spoliation sanctions without

11  prejudice. Dkt. 98. On March 21, 2019, the court denied the defendants' summary judgment

12  motions, indicating in its order that it was construing the facts surrounding the shooting incident

13  in the light most favorable to Nelson as follows:

14         The plaintiff's account of what happened on the evening of January 5, 2016 is a
15         product of an ear-witness, Mr. [Luis] Ramos, who says he heard one lone shot at
           the beginning of the confrontation in his driveway and three more, in quick
16         succession, about a minute or two later. The first shot was right after Officer Ditrich
           allegedly told Nelson to "get down on your knees." Mr. Ramos did not know either
17         of the parties to the police action. He had no motive to fabricate any part of his
           statement about the events of January 5, 2016. From Ramos' statement, the plaintiff
18         surmises that the first shot mortally wounded Nelson. It entered his right shoulder
19         blade, travelled back in front and downward, clipping the heart and lodging in the
           abdomen, all the while Nelson was on his knees. Thereafter, Nelson got up and
20         attacked Ditrich, got into the patrol car, and managed to wrestle control of the
           gearshift. In the meantime, Ditrich holstered his gun, got his Taser out, threatened
21         to use it and then administered the Taser, all with little effect. The wires were
22         plainly on Nelson's person. Then Ditrich returned to his gun as Nelson accelerated
           the car in reverse. Ditrich fired three more shots in quick succession as the patrol
23         car spun a Subaru in the middle of the road and continued across the road and struck
           trees and bushes.
24
   Dkt. 109 at 4-5. The court characterized Nelson's version of events as "highly improbable," but
25
   nevertheless held a jury had to decide what actually occurred. *Id.* at 3. Although the court's
26

DEFENDANT JOHN D. SNAZA'S SECOND            4          **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT                            **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                                  **Renton, WA  98057**
                                                       **Tel: 206-464-7352**
                                                       **Fax: 206-466-6085**

1  summary judgment order did not address Sheriff Snaza's alleged wrongful conduct, it denied

2  Sheriff Snaza's motion for summary judgment. *Id*. at 5.

3  **B.      Interlocutory Appeal and District Court's Rulings on Remand**

4          Deputy Ditrich and Sheriff Snaza both sought interlocutory review of the denial of their

5  summary judgment motions, and on appeal the Ninth Circuit upheld the denial of summary

6  judgment as to Plaintiff's claim against Deputy Ditrich based on viewing the evidence of what

7  occurred when Sheriff Snaza shot Nelson, as described above. Dkt. 155. However, the Ninth

8  Circuit reversed and remanded with respect to Sheriff Snaza based on the court's failure to

9  discuss the reasons for its denial of his summary judgment motion:

10          The district court . . . identified no issues of material fact relating to Snaza, and
11          failed to explain the basis for denying his motion. We accordingly reverse the
            district court's order as to Snaza so that the district court may undertake the
12          requisite factual examination of the allegations against him.

13  *Id*. at 4.

14          After the Ninth Circuit remanded, on June 1, 2020 this court issued an order granting

15  Sheriff Snaza's summary judgment motion on Plaintiff's supervisory liability claim under the

16  Fourth Amendment. Dkt. 157 at 4-5.  But the court determined Plaintiff had also asserted a claim

17  based on Sheriff Snaza's alleged involvement in the destruction of evidence during the law

18  enforcement investigation of the shooting incident, which none of the parties had previously

19  addressed. *Id*. at 5.  The court characterized this claim as a "Fourteenth Amendment due process

20  claim" with the due process interest being Nelson's wrongful death causes of action. *Id*.

21          On June 15, 2020, Sheriff Snaza filed a motion requesting that the Court reconsider the

22  partial denial of his motion for summary judgment. Dkt. 158. On July 7, 2020, the court denied

23  the motion to reconsider due to the fact this claim had not been briefed by the parties in the

24  earlier summary judgment briefing, but it ruled Sheriff Snaza could file a new summary

25  judgment motion:

26

If Snaza wishes to attack the legal sufficiency of Nelson's § 1983 due process claim he may do so in a new motion. Nelson's claim is vague, but he alleges a "conspiracy and efforts to deprive the Estate of Joel A. Nelson of its property rights without due process of law," with the property rights being the cause of action related to Joel Nelson's death. Complaint, Dkt. #1, at 9. This theory and the fact supporting it align with the constitutional right to meaningful access to the courts, which is protected by the First and Fourteenth Amendments. *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)(claim arising from police coverup of evidence regarding vehicular death); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999)(claim arising from police mishandling of evidence).

Snaza correctly points out that, under Ninth Circuit precedent, such claims do not accrue until the plaintiff has actually lost in court on the underlying wrongful death claim. *Delew*, 143 F.3d at 1223; *see also Roberts v. KVSP Investigation Servs. Unit*, No. 119CV01055SABPC, 2019 WL 4054020, at *3 (E.D. Cal. Nov. 25, 2019)("[C]ourts find that a cover-up claim is premature when the plaintiff's action seeking redress for the underlying violations remains pending."). This issue, as well as the issue of whether Nelson has otherwise alleged a violation of a clearly established due process right, warrant full briefing by the parties that should not be addressed for the first time in a motion for reconsideration.

Dkt. 159 at 7.

## III.    STATEMENT OF ISSUES

**Should Plaintiff's remaining 42 USC § 1983 claim against Sheriff Snaza be dismissed because (1) Sheriff Snaza is entitled to qualified immunity as there is no evidence of an actionable constitutional violation and (2) Plaintiff's remaining claim against Sheriff Snaza is, at a minimum, premature where Plaintiff's federal and state wrongful death causes of action are still pending?**

## IV.    EVIDENCE RELIED UPON

Sheriff Snaza relies upon the pleadings and the court's file herein, and specifically the following documents previously filed with the Court:

- Declaration of Deputy Rodney Ditrich with exhibits thereto (Dkt. 32);

- Declaration of Bryan Hanks (Dkt. 46);

- Declaration of Gordon Phillips with exhibits thereto (Dkt. 48);

- Declaration of Sheriff John. D. Snaza (Dkt. 50);

- Declaration of Matthew Noedel with exhibits (Dkt. 72);

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

6

**Jackson & Nicholson, P.S.
900 SW 16th Street, Suite 215
Renton, WA  98057
Tel: 206-464-7352
Fax: 206-466-6085**

1    • Declaration of Rodney Ditrich (Dkt. 139).

2    Sheriff Snaza further relies upon the following documents filed contemporaneously with

3    this motion:

4    • Declaration of John R. Nicholson in Support of Defendant John D. Snaza's

5    Second Motion for Summary Judgment with Exhibits 1-2 thereto.

6    Additionally, Sheriff Snaza relies on the lack of evidence to support Plaintiff's claims.

7                        **V.     AUTHORITY**

8    Summary judgment is appropriate if there is no issue as to any material fact and the

9    moving party is entitled to judgment as a matter of law.  Fed. Rule Civ. P. 56 (c); *see Celotex*

10   *Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v.*

11   *Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  There is no

12   genuine issue of fact if the party opposing the motion "fails to make an adequate showing

13   sufficient to establish the existence of an element essential to that party's case, and on which that

14   party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  A summary judgment

15   motion cannot be defeated by relying solely on conclusory allegations unsupported by

16   evidentiary facts. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The evidence must be

17   viewed in the light most favorable to the non-moving party.  *United States v. City of Tacoma*,

18   332 F.3d 574, 578 (9th Cir. 2003).  However, "[t]he mere existence of a scintilla of evidence in

19   support of the nonmoving party's position is insufficient." *Triton Energy Corp. v. Square D Co*.,

20   68 F.3d 1216, 1221 (9th Cir. 1995).  Summary judgment is required if, on the record taken as a

21   whole, a rational trier of fact could not find in favor of the non-moving party.  *Matsushita Elec.*

22   *Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

23   Despite Sheriff Snaza's undisputed testimony that he was not involved in the

24   investigation of the Nelson shooting incident or responsible for overseeing the collection or

25   preservation of evidence, when the court decided his most recent motion for reconsideration it

26

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL                                    7                    **Jackson & Nicholson, P.S.**
                                                                              **900 SW 16th Street, Suite 215**
                                                                              **Renton, WA  98057**
                                                                              **Tel: 206-464-7352**
                                                                              **Fax: 206-466-6085**

1    ruled that "a jury could reasonably infer that there was some deliberate effort to cover up the

2    incident. . . . If a cover up took place, Snaza's presence and responsibilities at the scene,

3    knowledge of the investigation's findings and decision to nonetheless promptly dispose of

4    Ditrich's vehicle could support his deliberate involvement." Dkt. 159 at 5. Therefore, for

5    purposes of this motion only, Sheriff Snaza accepts that a jury could reach this conclusion.

6          But even accepting this interpretation of the evidence, Plaintiff's remaining claim against

7    Sheriff Snaza must be dismissed. First, qualified immunity requires dismissal of any claim based

8    on denial of access to the courts, because there is no constitutional violation unless Sheriff

9    Snaza's conduct has rendered a court remedy that would otherwise be available to Plaintiff

10   completely ineffective.  Here, Plaintiff has been permitted to proceed to trial with his causes of

11   action against Deputy Ditrich and the County arising out of the alleged wrongful death of Nelson.

12   Moreover, despite Plaintiff's claims that evidence was improperly destroyed or not collected,

13   Plaintiff can make no showing that any of the allegedly missing evidence is relevant to a material

14   fact in dispute. Because Plaintiff is unable to point to any lost evidence that would prove a

15   material fact disputed by the defendants, as a matter of law he cannot establish that Sheriff Snaza

16   has rendered any remedy ineffective. Sheriff Snaza is entitled to qualified immunity on

17   Plaintiff's remaining claim, and it should be dismissed with prejudice.

18         Second, even if the court declines to dismiss this remaining claim against Sheriff Snaza

19   with prejudice, it must at least dismiss it without prejudice.  In its earlier order, this court has

20   already recognized that Ninth Circuit makes clear that a claim for denial of access to the courts

21   is premature until Plaintiff loses in court on his underlying wrongful death claims. Even if the

22   court believes  Plaintiff could eventually establish that Sheriff Snaza's conduct rendered

23   Plaintiff's wrongful death remedies ineffective, he certainly will be unable to do so until he has

24   gone to trial with his claim against Deputy Ditrich and lost that claim at trial.  The Ninth Circuit

25

26

1   has held that in such a situation, the proper remedy is to dismiss the denial of access to the courts

2   claim without prejudice.

3          Last, to the extent the court has suggested that Plaintiff has asserted any type of denial of

4   due process claim that is distinct from his claim for denial of access to the courts, Sheriff Snaza

5   is entitled to qualified immunity. Plaintiff cannot establish any other type of procedural or

6   substantive due process violation. While federal courts have recognized denial of due process

7   claims where exculpatory evidence is destroyed and a criminal defendant's liberty interests are

8   at stake, these are not the facts here where the allegedly missing evidence will only be used in a

9   civil lawsuit. Further, Plaintiff is unable to make the requisite showings of bad faith and

10  materiality required by this line of cases.

11

12  **A.      Plaintiff's Remaining Denial of Access to the Courts § 1983 Claim Should Be Dismissed with Prejudice, Because He Cannot Establish that Any Destruction of Evidence Has Resulted in Any Court Remedy Being Rendered Ineffective**

13

14         The qualified immunity doctrine provides a public official performing discretionary

15  functions immunity in a civil action for damages, provided his or her conduct does not violate

16  clearly established federal statutory or constitutional rights of which a reasonable person would

17  have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

18  Qualified immunity is an "immunity from suit rather than a mere defense to liability[.]" *Mitchell*

19  *v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 272 (2001).

20         The court addresses two questions in determining whether an official is entitled to

21  qualified immunity: (1) whether a constitutional right has been violated considering the facts in

22  the light most favorable to the party asserting the injury and (2) whether the right was clearly

23  established viewed in the specific context of the case.  *Saucier v. Katz*, 533 U.S. 194, 201-02,

24  121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).  The court has discretion to consider these questions

25  in any order.  *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

26  The Supreme Court has reiterated "the longstanding principle that 'clearly established law'

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

9

**Jackson & Nicholson, P.S.**
**900 SW 16th Street, Suite 215**
**Renton, WA  98057**
**Tel: 206-464-7352**
**Fax: 206-466-6085**

1   should not be defined 'at a high level of generality.'" *White v. Pauly*, ___ U.S. ___, 137 S. Ct.

2   548, 552, 196 L. Ed. 2d 463 (2017) (quoting *al-Kidd*, 563 U.S. at 742).  A Government official's

3   conduct violates clearly established law when, at the time of the challenged conduct, "[t]he

4   contours of [a] right [are] sufficiently clear" that "every reasonable official would [have

5   understood] that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640,

6   107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).

7          Where the plaintiff brings a denial of access claim, "the complaint must identify a remedy

8   that may be awarded as recompense but not otherwise available in some suit that may yet be

9   brought." *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

10  The Ninth Circuit addressed this type of claim in *Delew v. Wagner*, 143 F.3d 1219 (9th Cir.

11  1998). There, the estate and parents of bicyclist Erin Rae Delew, who died when she was struck

12  by a vehicle, brought § 1983 claims asserting law enforcement conspired to cover up the facts

13  of the death by not adequately investigating and failing to preserve physical evidence. *Id*. at

14  1221-22. The Court held that "[t]o prevail on their claim, the Delews must demonstrate that the

15  defendants' cover-up violated their right of access to the courts by rendering 'any available state

16  court remedy ineffective.'" *Delew*, 143 F.3d at 1222-23 (citing *Swekel v. City of River Rouge*,

17  119 F.3d 1259, 1264 (6th Cir. 1997)). Because the Delews' wrongful death lawsuit remained

18  pending in state court, the Ninth Circuit found "it is impossible to determine whether this has in

19  fact occurred" and concluded the plaintiffs' § 1983 action should therefore be dismissed without

20  prejudice. *Delew*, 143 F.3d at 1223. The Court reasoned, "[b]y disposing of the case in this

21  fashion, the Delews would have the opportunity to re-file their section 1983 action if in fact the

22  defendants' alleged cover-up actually rendered all state court remedies ineffective." *Id*. This

23  result was necessitated because a "plaintiff cannot merely guess that a state court remedy will be

24  ineffective because of a defendant's actions." *Delew*, 143 F.3d at 1222 (quoting *Swekel*, 119

25  F.3d at 1264).

26

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

10

**Jackson & Nicholson, P.S.**
**900 SW 16th Street, Suite 215**
**Renton, WA  98057**
**Tel: 206-464-7352**
**Fax: 206-466-6085**

1         In *Delew*, the Ninth Circuit adopted the Sixth Circuit's reasoning in *Swekel*. In *Swekel*,

2   the Sixth Circuit held that where the defendant's alleged wrongful conduct occurs prior to when

3   a lawsuit is filed, the plaintiff must establish that it denied him "effective" and "meaningful"

4   access to the courts. *Swekel*, 119 F.3d at 1263 (citing *Bounds*, 430 U.S. at 822). A plaintiff "can

5   only do this by showing that the defendants' actions foreclosed her from filing suit in state court

6   or rendered ineffective any state court remedy she previously may have had." *Swekel*, 119 F.3d.

7   at 1264 (*Crowder*, 884 F.2d at 812-13; *Bell*, 746 F.2d at 1261; *Ryland*, 708 F.2d at 974-75.). The

8   court noted that "[i]n most instances, state courts can address pre-filing abuses by tolling the

9   statute of limitations or allowing for a 'spoliation of evidence' lawsuit." *Swekel*, 119 F.3d at

10   1264.

11         Sheriff Snaza's conduct has not rendered Plaintiff's wrongful death claims ineffective. This

12   Court has previously held Plaintiff's wrongful death causes of action under both state law and §

13   1983 have survived summary judgment and must proceed to trial. The Ninth Circuit has now

14   affirmed this holding. While Plaintiff's claims against Deputy Ditrich may succeed or fail on the

15   merits, he has not been denied the ability to establish his claims.

16         As the Court in *Swekel* observed, in most cases pre-filing evidentiary abuses can be

17   addressed with remedies available in the underling case itself, including spoliation remedies.

18   Plaintiff previously filed a motion for spoliation sanctions based on the same destruction of

19   evidence theory that his access to the courts claim is based upon, and this court denied it without

20   prejudice. In support of the spoliation motion, Plaintiff filed a declaration by his expert Matthew

21   Noedel in which Mr. Noedel listed evidence from Deputy Ditrich's patrol vehicle which he stated

22   "<u>may have been useful</u> to preserve and evaluate." Dkt. 72 at 3 (emphasis added). This type of

23   speculative assertion is insufficient to establish that the destruction of any of the evidence at issue

24   has rendered any remedies ineffective.

25

26

DEFENDANT JOHN D. SNAZA'S SECOND       11        **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT               **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                          **Renton, WA  98057**
                                          **Tel: 206-464-7352**
                                     **Fax: 206-466-6085**

1   In criticizing Lewis County's CIIT investigation of the Nelson shooting in its order

2   following remand from the Ninth Circuit, the court focused on blood spatter and DNA evidence

3   from inside Deputy Ditrich's patrol vehicle as well as photographs of the inside of the vehicle.

4   Dkt. 157 at 5-6. But Plaintiff has never explained what this missing evidence would prove.

5   Deputy Ditrich concedes he shot Nelson three times while he was inside the vehicle. Dkt. 32 at

6   11. Similarly, under the "highly improbable" theory advanced by Plaintiff that the court

7   described in its March 2019 order denying Deputy Ditrich's summary judgment motion, Plaintiff

8   claims Deputy Ditrich shot Nelson three times while he was inside the vehicle. Dkt. 109 at 4-5.

9   Since it is undisputed by all parties that Nelson was shot multiple times while inside the vehicle,

10  DNA, blood spatter, and photographic evidence of the inside of the vehicle would not serve to

11  prove any material fact that is in dispute. Without a showing that the allegedly missing evidence

12  renders his action against Deputy Ditrich and the County completely ineffective, Plaintiff cannot

13  establish an actionable claim for denial of access to the Courts. As a result, this court should hold

14  that Sheriff Snaza has qualified immunity to this claim and dismiss it with prejudice.

15  **B.    At the Very Minimum, Plaintiff's Denial of Access to the Courts Claim is Premature and Must Be Dismissed Without Prejudice**

16
17          Even if the Court sets aside the fact that Plaintiff cannot establish that any allegedly

    missing evidence is material to a disputed fact in this case, the Court has already correctly
18
    recognized Plaintiff's claim is premature. Although it denied Sheriff Snaza's earlier motion to
19
    reconsider the partial denial of summary judgment on Plaintiff's due process/denial of access
20
    claim, it agreed that "under Ninth Circuit precedent, such claims do not accrue until the plaintiff
21
    has actually lost in court on the underlying wrongful death claim." Dkt. 159 at 6 (citing *Delew*,
22
    143 F.3d at 1223). Courts throughout this circuit have determined that dismissal without
23
    prejudice is required where a denial of access claim is brought while the underlying wrongful
24
    death causes of action are still pending in state court. *See, e.g., Karim-Panahi v. Los Angeles*
25
    *Police Dept.*, 839 F.2d 621 (9th Cir. 1988); *Burns v. City of Concord*, 99 F.Supp.3d 1007, 1028-
26

---

DEFENDANT JOHN D. SNAZA'S SECOND            12            **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT                                **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                                       **Renton, WA  98057**
                                                            **Tel: 206-464-7352**
                                                            **Fax: 206-466-6085**

29 (N.D. Cal. April 9, 2015); *Peterson v. Miranda*, 991 F.Supp.2d 1109, 1117 (D. Nevada Jan. 10, 2014); *Roberts v. KVSP Investigation Servs. Unit*, No. 119CV01055SABPC, 2019 WL 405020, at *3 (E. D. Cal. Aug. 28, 2019) report and recommendation adopted, No. 119CV01055AWISABPC, 2019 WL 6307654 (E.D. Cal. Nov. 25, 2019); *McDaniel v. Hubbard*, No. CIV S-07-1189 JAM JFM (PC), 2010 WL 3220197, at *2 (E.D. Cal. Aug. 13, 2010). This is necessarily so, because the law is clear that if Nelson succeeds in his lawsuit against Deputy Ditrich his denial of access claim is moot. *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984). If the Court does not dismiss Plaintiff's remaining claim against Sheriff Snaza with prejudice based on qualified immunity, at a minimum it should dismiss the claim without prejudice as premature.

**C.     Sheriff Snaza is Entitled to Qualified Immunity on Any Due Process Claim that the Court Conceivably Believes Plaintiff Has Asserted that is Independent of His Denial of Access to the Courts Claim**

In partially denying Sheriff Snaza's earlier summary judgment motion, the court has at times characterized Plaintiff's remaining claim as based on a denial of due process, and the single case cited for this theory was *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). However, *Logan* does not reflect a violation of clearly established law here. In *Logan*, a discharged employee filed a charge with a state administrative commission under the Illinois Fair Employment Practices Act, and the commission inadvertently failed to comply with a statutory requirement that it schedule a fact-finding conference within 120 days of the charge. The Illinois Supreme Court held that the commission's failure to comply with this procedural requirement required dismissal of the charge and deprived the commission of jurisdiction.  Reversing the Illinois Supreme Court, the U.S. Supreme Court observed that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause" and held the employee was entitled to have the commission decide his charge on the

DEFENDANT JOHN D. SNAZA'S SECOND
MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

13

**Jackson & Nicholson, P.S.**
**900 SW 16th Street, Suite 215**
**Renton, WA  98057**
**Tel: 206-464-7352**
**Fax: 206-466-6085**

1   merits. *Id.* at 428-35. *Logan* had nothing to do with law enforcement investigations or the

2   destruction of evidence.

3       *Logan* involved the strictures of procedural due process. *Id.* at 434 ("[I]t has become a

4   truism that 'some form of hearing' is required before the owner is finally deprived of a protected

5   property interest.") Whether conduct violates procedural due process depends upon the

6   balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18

7   (1976).[2] When analyzing qualified immunity in the context of alleged procedural due process

8   violations, federal courts have observed that "[i]f the existence of a right or the degree of

9   protection it warrants in a particular context is subject to a balancing test, the right can rarely be

10  considered 'clearly established' at least in the absence of closely corresponding factual and legal

11  precedent." *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir 1989)(quoting *Myers v. Morris*, 810

12  F.2d 1437 (8th Cir. 1987)(internal quotation marks omitted)). Neither *Logan* nor its progeny hold

13  that Sheriff Snaza's conduct was a violation of a clearly established procedural due process right.

14      In contrast to procedural due process, substantive due process "forbids the government

15  from depriving a person of life, liberty, or property in such a way that 'shocks the conscience'

16  or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los*

17  *Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)(quoting *United States v. Salerno*, 481 U.S. 739, 746,

18  107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). "[T]he Court has always been reluctant to expand the

19  scope of substantive due process because guideposts for responsible decision making in this

20  unchartered area are scarce and open-ended." *Collins v. Harker Heights*, 503 U.S. 115, 125, 112

21  S.Ct. 1061, 117 L.Ed.2d 261 (1992). Just as in the case of procedural due process, where there

22  is no clear consensus of authority recognizing that conduct constitutes a substantive due process

23

24          [2] "[I]dentification of the specific dictates of due process generally requires the consideration of three
        distinct factors. First, the private interest that will be affected by the official action; second, the risk of erroneous
        deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute

25      procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and
        administrative burdens that the additional or substitute procedural requirements would entail." *Mathews*, 424 U.S.

26      at 335.

DEFENDANT JOHN D. SNAZA'S SECOND              14              **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT                                  **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                                        **Renton, WA  98057**
                                                            **Tel: 206-464-7352**
                                                            **Fax: 206-466-6085**

1   violation, qualified immunity should be granted. *See, e.g., Lum v. Jensen*, 876 F.2d 1385, 1389

2   (9th Cir. 1989).

3          Federal courts have developed a body of caselaw addressing when destruction of

4   evidence amounts to a denial of due process for <u>defendants in criminal cases whose liberty</u>

5   <u>interests are at stake</u>. *See, e.g., Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d

6   281 (1988); *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

7   There are two showings that must be satisfied to proceed with such a claim:

8
9          In order for destruction of evidence to rise to the level of a constitutional violation,
           a party must make two showings. First, that the government acted in bad faith, the
10         presence or absence of which "turns on the government's knowledge of the
           apparent exculpatory value of the evidence at the time it was lost or destroyed."
11         *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993)) (citing *Arizona v.
           Youngblood*, 488 U.S. 51, 56-57, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)). Second,
12         that the missing evidence is "of such a nature that the defendant would be unable
           to obtain comparable evidence by other reasonably available means." *California v.
13         Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *Cooper*, 983
           F.2d at 931. Another configuration of this test requires the showing of bad faith
14         where the evidence is only potentially useful and not materially exculpatory. *Del
           Toro-Barboza*, 673 F.3d at 1149. For evidence to be materially exculpatory, its
15         exculpatory nature must be apparent. *Id*.

16   *United States v. Sivilla*, 714 F.3d 1168 (9th Cir. 2013). The Ninth Circuit has applied this standard

17   in civil actions brought against law enforcement under § 1983 based on its failure to preserve

18   evidence in a related criminal proceeding. *See, e.g., Cannon v. Polk County,* 702 Fed. Appx. 527,

19   530 (9th Cir. 2017); *Grimes v. Bay Area Rapid Transit*, 218 Fed. Appx. 660, 661 (9th Cir. 2007).

20          The *Youngblood/Trombetta* line of cases does not hold that a failure to preserve evidence

21   for purposes of claims to be asserted in civil litigation gives rise to a constitutional violation.

22   Because there is no related criminal proceeding such that any evidence here could be

23   characterized as exculpatory, the *Youngblood/Trombetta* line of cases do not recognize any

24   clearly established right at issue in the case at bar. Even if the Court were to engage in a strained

25   interpretation of this line of cases to extend their reasoning to allow due process claims based on

26

DEFENDANT JOHN D. SNAZA'S SECOND          15          **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT                            **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                                  **Renton, WA  98057**
                                                       **Tel: 206-464-7352**
                                                       **Fax: 206-466-6085**

1  destroyed evidence related to civil causes of action, qualified immunity would still apply. At a

2  minimum, in order to establish bad faith in the civil context Plaintiff would be required to show

3  (1) Sheriff Snaza recognized the likelihood of civil wrongful death claims; (2) Sheriff Snaza

4  knew the destroyed evidence was material to those claims; and (3) the destroyed evidence was

5  of such a nature that Plaintiff would be unable to obtain comparable evidence by other reasonably

6  available means.

7       Again, Plaintiff has never drawn any connection between the evidence allegedly

8  destroyed and any fact of import supporting his claims against Deputy Ditrich. There is nothing

9  indicating that the preservation of any evidence identified by Plaintiff's expert Mr. Noedel would

10  make it more or less likely that Deputy Ditrich used excessive force or engaged in any other type

11  of wrongful conduct. Thus, even extending the *Youngblood/Trombetta* reasoning to the civil

12  context, Plaintiff would not be able to establish any of the items are material to a disputed fact,

13  much less exculpatory. As a result, he is entitled to qualified immunity to any claim pursued

14  under this line of due process case law.

### VI.    CONCLUSION

16       For all the forgoing reasons, the court should grant Sheriff Snaza's summary judgment

17  motion and dismiss Plaintiff's remaining claim against him with prejudice. In the alternative,

18  Plaintiff's remaining claim against Sheriff Snaza should be dismissed without prejudice as

19  premature.

20       DATED this 17th day of December, 2020.

22       *s/ John R. Nicholson*
         JOHN R. NICHOLSON, WSBA #30499
23       Jackson & Nicholson, P.S.
         900 SW 16th Street, Suite 215
24       Renton, WA  98057
         Telephone:  (206) 582-6001
25       Facsimile:  (206) 466-6085
         John@jnseattle.com
26       Attorneys for Defendant John D. Snaza

DEFENDANT JOHN D. SNAZA'S SECOND            16          **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT                             **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                                   **Renton, WA  98057**
                                                        **Tel: 206-464-7352**
                                                        **Fax: 206-466-6085**

1

## CERTIFICATE OF SERVICE

2

3        I certify that on the 17th day of December, 2020, I caused a true and correct copy of

4    this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Douglas R. Cloud, WSBA #13456<br>Law Office of Douglas R. Cloud<br>1008 Yakima Avenue, Suite 202<br>Tacoma, WA  98405<br>drc@dcloudlaw.com<br><br>Attorney for Plaintiff | ( X )  ECF Electronic Service |
| W. Dale Kamerrer<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98505-1880<br>dkamerrer@lldkb.com<br><br>Attorney for Defendants Thurston County and<br>Rodney T. Ditrich | ( X )  ECF Electronic Service |

5

6

7

8

9

10

11

12

13

14

15

16        DATED this 17th day of December, 2020, in Renton, Washington.

17

18                                    s/ Kathie Fudge
                                      KATHIE FUDGE, Legal Assistant
19                                    Jackson & Nicholson, P.S.
                                      900 SW 16th Street, Suite 215
20                                    Renton, WA 98057
                                      Kathie@jnseattle.com
21

22

23

24

25

26

DEFENDANT JOHN D. SNAZA'S SECOND                17          **Jackson & Nicholson, P.S.**
MOTION FOR SUMMARY JUDGMENT                                **900 SW 16th Street, Suite 215**
NO. 3:18-cv-05184-RBL                                      **Renton, WA  98057**
                                                           **Tel: 206-464-7352**
                                                           **Fax: 206-466-6085**