UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH A. NELSON, individually and as Personal Representative of the ESTATE OF JOEL A. NELSON, and its statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>THURSTON COUNTY, a Washington municipality; RODNEY T. DITRICH, individually; JOHN D. SNAZA, individually, and DOES 1 through 15, individually,<br><br>Defendants. | NO. 3:18-cv-05184-RBL<br><br>DEFENDANT SNAZA'S REPLY IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT<br><br>**NOTED ON MOTION CALENDAR:**<br>**January 22, 2021** |

## I.   INTRODUCTION

Rather than focus on the single 42 USC § 1983 claim that remains pending against Sheriff Snaza based on an alleged violation of Nelson's right to access to the courts resulting from evidence that was not preserved, Nelson devotes most of his response brief to discussing claims that have already been dismissed by the Court or that are plainly not cognizable against Sheriff Snaza in his individual capacity. Given this approach, it is not surprising that most of the evidence cited by Nelson in his fourteen-page statement of facts has nothing to do with his denial-of-access claim.

---

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

1

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

To be clear, Sheriff Snaza denies that he ordered the destruction of any evidence. Lewis County rather than Thurston County was responsible for investigating Deputy Ditrich's shooting of Nelson, and Sheriff Snaza did not direct or participate in any of Lewis County's investigative decision-making. Snaza Decl., Dkt. 50, ¶¶3-5. However, based on this Court's earlier rulings that genuine issues of material fact exist regarding this question, for purposes of this motion only Sheriff Snaza accepts the Court's earlier stated interpretation of the evidence in the light most favorable to Nelson. But even accepting this view, Nelson cannot establish that any missing evidence renders his wrongful death claims against Deputy Ditrich and the County completely ineffective. As a result, Nelson's § 1983 denial-of-access claim against Sheriff Snaza necessarily fails as a matter of law and should be dismissed with prejudice. Nelson is unable to make out the violation of a clearly established right of access to the courts against Sheriff Snaza, and immunity to this claim should be granted. At the very minimum, because Nelson will be unable to show that his wrongful death claims have been rendered ineffective until and unless he loses those claims at trial, Nelson's remaining claim against Sheriff Snaza must be dismissed without prejudice under well-settled Ninth Circuit precedent.

## II.    MOTION TO STRIKE

While most of the evidence relied upon by Nelson is irrelevant to his denial-of-access claim against Sheriff Snaza, for the record Sheriff Snaza moves to strike inadmissible evidence cited by Nelson in his opposition. Affidavits or declarations opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters therein." Fed. R. Civ. P. 56 (e). Inadmissible evidence relied upon by a party

DEFENDANT SNAZA'S REPLY IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

2

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

opposing summary judgment should be stricken. *See, e.g., Bliesner v. Commun. Workers of America*, 464 F.3d 910, 915 (9th Cir. 2006).

**A.   Exhibits to the Declaration of Douglas R. Cloud**

Sheriff Snaza moves to strike the following exhibits from the Declaration of Plaintiff's Counsel, Douglas R. Cloud, Dkt. 53: Exhibits 2 (01/06/16 e-mail), 3 (autopsy report), 7 (Grays Harbor County Sheriff's report), 10 (01/13/14 e-mail), 18 (Catalina Robles interview transcript), and 31 (Lewis County Sheriff's Office Incident Report). Mr. Cloud, as Plaintiff's counsel, has no personal knowledge of these documents such that he could properly authenticate them. FRE 901. Additionally, these documents and the statements contained within them are inadmissible hearsay. FRE 801, 802.

**B.   Declarations and Reports of Plaintiff's Expert Witnesses**

Plaintiff submits the reports of experts Carl Wigren, MD (Dkt. 57), John G. Peters, Ph.D. (Dkts. 58), Leo E. Poort (Dkt. 59), Michael Knox, Ph.D. (Dkt. 61), and Matthew Noedel (Dkts. 72 and 170) as exhibits to each of their respective declarations. These reports are inadmissible for multiple reasons. The reports themselves are hearsay and they contain double-hearsay statements. FRE 801, 802; *see, e.g., Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2012). While FRE 703 permits expert witnesses to rely on hearsay in formulating their opinions, the hearsay relied upon remains inadmissible and the rule "does not allow admission of the reports to establish the truth of what they assert." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984). Further, the opinions stated by Plaintiff's experts – both in their hearsay reports and in their declarations – are conclusory and do not satisfy the admissibility requirement of Rule 56 (e). "The object of [Rule 56(e)] is not to replace conclusory allegations

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

3

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

of the complaint or answer with the conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). "Conclusory expert declarations devoid of facts upon which the conclusions were reached do not raise a genuine issue of material fact." *Digital Control, Inc. v. McLaughlin Mfg. Co.*, 242 F.Supp.2d 1000, 1007 (W.D. Wash. 2002)(citing *Arthur A. Collins, Inc., v. Northern Telecom Ltd.*, 216 F.3d 1042, 1046 (Fed. Cir. 2000)).

### III.   REPLY ARGUMENT

**A.   Nelson's Supervisory Liability § 1983 Claim Based on Sheriff Snaza's Alleged Ratification of Deputy Ditrich's Conduct Has Already Been Dismissed by the Court on Summary Judgment**

Nelson attempts to revive his Fourth Amendment supervisory liability claim against Sheriff Snaza based on the contention that Snaza ratified Deputy Ditrich's conduct. Dkt. 168 at 20-21, 24-25. But the Court already dismissed this claim when, following remand from the Ninth Circuit, it granted in part Sheriff Snaza's first summary judgment motion. The Court then concluded, "There is no plausible way that Snaza's actions after the shooting could have caused the shooting itself," and granted summary judgment to Sheriff Snaza on Nelson's excessive force claim under the Fourth Amendment. Dkt. 157 at 5. In doing so, the Court expressly rejected the ratification theory that Nelson still clings to:

> In the few instances when courts have addressed ratification by officials acting in their individual capacity, the doctrine still requires that the official 'set in motion' the acts that caused the constitutional violation. *Peschel v. City of Missoula*, 686 F.Supp.2d 1092, 1102 (D. Mont. 2009)(citing *Larez v. City of Los Angeles*, 946 F.2d 630, 645-46 (9th Cir. 1991)). The Court is skeptical that ratification applies at all to Snaza in his individual capacity, but it clearly does not apply here because there is insufficient evidence that Snaza's actions caused a violation by Ditrich.

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

4

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

Dkt. 157 at 5, fn.1. Nelson never moved to reconsider the Court's order, which properly granted summary judgment to Sheriff Snaza on this claim. The Court should ignore his futile effort to reintroduce this legally baseless claim again now.

### B. Sheriff Snaza is Entitled to Qualified Immunity on Nelson's Remaining Denial of Access to the Courts § 1983 Claim, Which Should Be Dismissed With Prejudice

Nelson falsely suggests that the Court did not authorize Sheriff Snaza to bring a motion asserting qualified immunity on Nelson's remaining claim under §1983 for denial of access to the courts. Dkt. 168 at 2. In denying Sheriff Snaza's earlier motion for reconsideration, the Court stated, "If Snaza wishes to attack the legal sufficiency of Nelson's 1983 due process claim he may do so in a new motion." Dkt. 159 at 6. The Court went on to clarify that the issue of whether Nelson's claim is premature "as well as the issue of whether Nelson has otherwise alleged a violation of a clearly established due process right, warrant full briefing by the parties . . ." *Id.* at 6. Tellingly, Nelson does not address the elements of his denial-of-access claim and instead devotes most of his opposition brief to discussing the availability of punitive damages, which is completely inapposite to any issue before the Court.

Nelson's denial-of-access claim, which rests on the theory that Sheriff Snaza's conduct frustrated Nelson's ability to prove his wrongful death and excessive force claims against Deputy Ditrich and the County, is "backward-looking."[1] In order to state a "backward-looking" denial-of-access claim, a plaintiff must show (1) the loss of a nonfrivolous underlying claim;

---

[1] The Supreme Court has categorized right-of-access claims as either forward-looking or backward-looking. *Christopher v. Harbury*, 536 U.S. 403, 413, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Forward-looking cases are those where "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Id.* at 413. The category of backward-looking claims, on the other hand, "covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 413-14.

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

5

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

(2) official acts that frustrate the litigation; and (3) a remedy that may be awarded but that is otherwise not available in a future suit." *Nev. Dept. of Corrections v. Cohen*, 581 F. Supp. 2d 1085, 1092 (D. Nev. 2008)(quoting *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), vacated on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009)).

In discussing qualified immunity, the Supreme Court has reiterated "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'" *White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017). A Government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that "every reasonable official would [have understood] that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).

Nelson has failed to come forward with evidence that Sheriff Snaza's alleged conduct violated a clearly established right of access to the courts. This is so, because Nelson cannot establish any missing evidence has foreclosed his underlying wrongful death or excessive force claims. Contrary to Nelson's broad generalizations, the clearly established law does not provide that the right of access to the courts is violated in every instance where evidence that may have been helpful was not preserved.[2] Nelson misstates and oversimplifies the holdings of *Delew v.*

---

[2] This court previously denied Nelson's motion for spoliation sanctions without prejudice. The Sixth Circuit's decision in *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997), which the Ninth Circuit adopted in *Delew v. Wagner*, 143 F.3d 1219, 1222-23 (9th Cir. 1998), recognizes that where spoliation remedies in the underlying action are available to address missing evidence, the court generally will not hold that a separate denial of access claim is available. *Swekel*, 119 F.3d at 1264 ("In most instances, state courts can address pre-filing abuses by tolling the statute of limitations or allowing for a 'spoliation of evidence' lawsuit."). Thus, Nelson's arguments that spoliation sanctions could be utilized in the underlying wrongful death case to mitigate any alleged prejudice

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

6

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

*Wagner,* 143 F.3d 1219 (9th Cir. 1998), and *Harrell v. Cook,* 169 F.3d 428, 432 (7th Cir. 1999), the only denial-of-access cases he cites. In *Delew,* the Ninth Circuit made clear that to state an actionable denial-of-access claim, a remedy sought in the underlying wrongful death case must be rendered <u>completely ineffective</u>. *Delew,* 143 F.3d at 1222-23 (9th Cir. 1998)(citing *Swekel,* 119 F.3d at 1264). Because the Court could not decide on the record before it whether the plaintiff's claims might be rendered ineffective given that a separate state court wrongful death action remained pending, the Ninth Circuit held the denial-of-access claim should have been dismissed without prejudice. *Id.* at 1223. *Delew* followed the rationale of the Sixth Circuit in *Swekel,* where the Court held that a denial of access claim requires the plaintiff to show the defendant's conduct "foreclosed her from filing in state court or rendered ineffective any state court remedy she previously may have had." *Swekel,* 119 F.3d at 1263-64. Because Nelson does not establish that his wrongful death claims against Deputy Ditrich and Thurston County have been rendered completely ineffective, he does not satisfy the showing required by *Delew.*

Nor does *Harrell* support Nelson's claim. In *Harrell,* police allegedly destroyed a cooler that the plaintiffs had kept in their home and from which they alleged a contractor had stolen a large sum of cash. *Harrell,* 169 F.3d at 430. The Sixth Circuit characterized fingerprints of the contractor on the cooler as "key evidence" of the crime, the absence of which foreclosed the plaintiffs from establishing their claim against the contractor for theft. *Id.* at 432. In recognizing that the plaintiff stated a constitutional violation for purposes of deciding a motion to dismiss (as opposed to a motion for summary judgment) based on the allegation that the police

---

supports Sheriff Snaza's position that no denial of access claim is available against him and summary judgment is proper.

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

7

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

intentionally lost the cooler, the Sixth Circuit made clear that destruction of evidence can amount to a denial of the right of access to the courts "if it effectively deprives the plaintiff of essential proof." *Id* (emphasis added). The Sixth Circuit nevertheless granted the officers qualified immunity in *Harrell*, because prior case law had only recognized this type of constitutional violation where police had concealed a crime entirely as opposed to merely destroying evidence of the crime. *Id*. at 433.

Unlike the Fed. R. Civ. P. 12 motions to dismiss in *Delew* and *Harrell*, Sheriff Snaza has brought this summary judgment motion long after the parties have completed discovery. Nelson has come forward with no admissible evidence – as opposed to mere allegations or conclusory assertions – to support his denial-of-access claim. *See, e.g., O'Brien v. Welty*, 818 F.3d 920 (9th Cir. 2016)(distinguishing the proper analysis of a motion to dismiss under Rule 12 and a motion for summary judgment "[o]nce an evidentiary record has been developed" regarding qualified immunity). Nelson has submitted a declaration from his expert, Matthew Noedel, with a supplemental report not previously disclosed in discovery.[3] Dkt. 170. Like Mr. Noedel's earlier report, his new report simply lists items of evidence from the scene of the shooting incident which he speculates "could have been useful" or "may have been useful," if preserved. Dkts. 72, 170. Neither Mr. Noedel nor Nelson point to any missing evidence rendering Nelson's wrongful death claims against Deputy Ditrich or Thurston County completely ineffective. Without such evidence, Nelson does not make out a constitutional violation as described in *Delew*, and Sheriff Snaza is entitled to qualified immunity.

---

[3] Under the Court's case scheduling order, expert reports were due on January 11, 2019. Dkt. 38.

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

8

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

### C. At a Minimum, Nelson's Remaining § 1983 Denial of Access to the Courts Claim Against Sheriff Snaza Must Be Dismissed Without Prejudice as Premature

Even if the Court speculates that Nelson might be able to establish at some unknown point in the future that his wrongful death claims have been rendered ineffective, Nelson cannot make that showing now. Consequently, at the very minimum his denial of access claim against Sheriff Snaza must be dismissed without prejudice. Nelson fails to discuss the long line of cases in the Ninth Circuit holding that a denial-of-access claim must be dismissed without prejudice where the underlying wrongful death or Fourth Amendment claim is still pending. *See, e.g., Delew*, 143 F.3d at 1223; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988)(holding cover-up claim should have been dismissed without prejudice where resolution of underlying Fourth Amendment § 1983 claim remained pending); *Burns v. City of Concord*, 99 F.Supp.3d 1007, 1028-29 (N.D. Cal. April 9, 2015) (holding that because underlying Fourth Amendment claims had not been dismissed, denial-of-access claim was "not ripe and must be dismissed without prejudice."); *Peterson v. Miranda*, 991 F.Supp.2d 1109, 1117 (D. Nevada Jan. 10, 2014)("Where a claim for wrongful death remains pending, a plaintiff cannot, as a matter of law, state a claim for denial of access to the courts based on a defendant's alleged cover-up after an incident."); *Roberts v. KVSP Investigation Servs. Unit*, No. 119CV01055SABPC, 2019 WL 405020, at *3 (E. D. Cal. Aug. 28, 2019) report and recommendation adopted, No. 119CV01055AWISABPC, 2019 WL 6307654 (E.D. Cal. Nov. 25, 2019); *McDaniel v. Hubbard*, No. CIV S-07-1189 JAM JFM (PC), 2010 WL 3220197, at *2 (E.D. Cal. Aug. 13, 2010). So long as Nelson's wrongful death claims remain pending and viable, Nelson's denial-of-access claim against Sheriff Snaza is not ripe and must, at the very least, be dismissed without prejudice pursuant to this long line of cases.

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

9

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

### D. Nelson Has Not Asserted an Official Capacity Claim Against Sheriff Snaza

In a single sentence in his twenty-five page response brief, Nelson states, "A municipality or supervisor in his <u>official capacity</u> can be liable if a supervising policy maker ratifies a deputy's actions." Plaintiff's response, p. 24 (emphasis added). But Nelson's Complaint makes clear that all claims he has alleged against Sheriff Snaza are asserted against the Sheriff in his <u>individual capacity</u>. Dkt. 1, Complaint, p. 1 (caption identifying "JOHN D. SNAZA, individually" as a defendant). Personal or individual capacity suits seek to impose liability upon a government official for actions the official takes under color of state law. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Nelson's Complaint does not assert any claims against Sheriff Snaza in his official capacity. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y.C. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, even if any official capacity claims were asserted by Nelson against Sheriff Snaza, those claims would be subject to dismissal as duplicative of his claims against Thurston County, which is represented by separate defense counsel. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985); *see Carness v. Grimm*, 872 F. Supp. 746, 752 (D. Haw. 1994). The Court should not be misled by Nelson's reference to an unpled official capacity claim, which if asserted would be, at best, superfluous.

### E. Nelson Has Not Stated Any Actionable State Law Claim Against Sheriff Snaza

Nelson falsely asserts "Snaza has not addressed the state law cause of actions [sic] in his first motion for summary judgment or in his second motion for summary judgment." Dkt.

DEFENDANT SNAZA'S REPLY IN SUPPORT
OF SECOND MOTION FOR SUMMARY
JUDGMENT
NO. 3:18-cv-05184-RBL

10

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

168 at 25. In Sheriff Snaza's first motion for summary judgment, he moved to dismiss Nelson's state law claims on multiple grounds, which Nelson has never addressed. Dkt. 34 at 18-23. The court's earlier order denying summary judgment on Nelson's state law claims is interlocutory and therefore subject to revision at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989).

Plainly, Nelson's state law claims could not be asserted against Sheriff Snaza. Nelson's state law causes of action are for (1) "negligence causing personal injury under state law"; (2) "negligence causing wrongful death under state law"; and (3) "false arrest under state law." Dkt. 1 at 10-11. The court's order granting partial summary judgment to Sheriff Snaza following remand specifically held that there is no evidence that Sheriff Snaza individually caused the shooting or any physical harm to Joel Nelson. Dkt. 157 at 4 ("Nelson cannot establish personal involvement or a causal connection between Snaza and Ditrich's alleged use of excessive force. It is undisputed that Snaza was not directly involved in the shooting."). Nelson's state law claims, all of which are premised on the death of and/or physical harm to Nelson, fail to the extent they are asserted against Sheriff Snaza for the same reason.

Again, Sheriff Snaza has been sued in his individual capacity only. Nelson cannot, as an individual person, be vicariously liable for Deputy Ditrich's conduct. Even assuming Nelson's state law claims could be imputed to Deputy Ditrich's employer, it is the County and not Sheriff Snaza individually who employs Deputy Ditrich. While Nelson has never addressed this argument by Sheriff Snaza directly, Nelson's response to Sheriff Snaza's first summary judgment motion appeared to concede that he is asserting his state law claims against "[Thurston County] and Ditrich" only rather than against Sheriff Snaza individually. Dkt. 52 at 19-20.

DEFENDANT SNAZA'S REPLY IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

11

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

Even to the extent there are any distinct cognizable state law claims asserted against Sheriff Snaza that this Court does not hold are properly dismissed with prejudice, the Court should exercise its discretion to decline to exercise supplemental jurisdiction over them, particularly where it has dismissed any federal claims against Sheriff Snaza. 28 U.S.C. § 1367 (c); *Bryant v. Adventist Health Sys.*, 289 F.3d 1162, 1169 (9th Cir. 2002). The district court may decline supplemental jurisdiction over pendent state law claims on motion of a party or *sua sponte*. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000-01 (9th Cir. 1997). Given that 28 U.S.C. § 1367 (d) tolls the statute of limitations as to any state law claims over which this Court declines to exercise supplemental jurisdiction, Nelson will suffer no prejudice.

## IV.   CONCLUSION

For all the forgoing reasons, the Court should grant Sheriff Snaza's second motion for summary judgment and dismiss Nelson's remaining claims against Sheriff Snaza.

DATED this 22nd day of January, 2021.

        s/s John R. Nicholson
        JOHN R. NICHOLSON, WSBA #30499
        Jackson & Nicholson, P.S.
        900 SW 16th Street, Suite 215
        Renton, WA 98057
        Telephone: (206) 582-6001
        Facsimile: (206) 466-6085
        John@jnseattle.com
        Attorneys for Defendant John D. Snaza

DEFENDANT SNAZA'S REPLY IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

12

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085

# CERTIFICATE OF SERVICE

I certify that on the 22nd day of January, 2021, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Douglas R. Cloud, WSBA #13456<br>Law Office of Douglas R. Cloud<br>1008 Yakima Avenue, Suite 202<br>Tacoma, WA 98405<br>drc@dcloudlaw.com<br><br>Attorney for Plaintiff | ( X )   ECF Electronic Service |
| W. Dale Kamerrer<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98505-1880<br>dkamerrer@lldkb.com<br><br>Attorney for Defendants Thurston County and Rodney T. Ditrich | ( X )   ECF Electronic Service |

DATED this 22nd day of January, 2021, in Renton, Washington.

s/s Kathie Fudge
KATHIE FUDGE, Legal Assistant to
GREGORY E. JACKSON
JOHN R. NICHOLSON
900 SW 16th Street, Suite 215
Renton, WA 98057
kathie@jnseattle.com

DEFENDANT SNAZA'S REPLY IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT
NO. 3:18-cv-05184-RBL

13

JACKSON & NICHOLSON, P.S.
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TEL: (206) 582-6001
FAX: (206) 466-6085