The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JOSEPH A. NELSON, individually and as
Personal Representative of the ESTATE OF
JOEL A. NELSON, and its statutory
beneficiaries,

                              Plaintiff,

vs.

THURSTON COUNTY, a Washington
municipality; RODNEY T. DITRICH,
individually; JOHN D. SNAZA, individually; and
DOES 1 through 15, individually,

                              Defendants.

Case No.  **3:18-cv-05184-RSL**

**[PROPOSED] FIRST AMENDED
COMPLAINT FOR DAMAGES UNDER
42 U.S.C. § 1983, 42 U.S.C. § 1985 AND
WASHINGTON LAW**

**JURY DEMAND**

**COMES NOW**, the above named plaintiff, Joseph A. Nelson, individually and as Personal

Representative of the Estate of Joel A. Nelson, and its statutory beneficiaries, by and through his

attorney, Douglas R. Cloud, and for cause of action against the defendants, Thurston County, a

Washington municipality, Rodney T. Ditrich, individually, John D. Snaza, individually, and Does 1

through 15, individually, does hereby allege upon information and belief as follows:

## JURISDICTION AND VENUE

### I.

This Court has Jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  This Court

has ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

//

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

**II.**

Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington.

**PARTIES**

**III.**

Joseph A. Nelson is the properly appointed Personal Representative of the Estate of Joel A. Nelson.  The appointment was made by court order dated June 15, 2016, under Mason County Superior Court Cause No. 16-4-00103-4.  Joseph A. Nelson brings this lawsuit individually and on behalf of the Estate and statutory beneficiaries of Joel A. Nelson.  Joseph A. Nelson was Joel A. Nelson's father.  Joseph A. Nelson and Joel A. Nelson had an adult father/son relationship that provided to Joseph A. Nelson the companionship of his son.

**IV.**

Defendant, Rodney T. Ditrich, is a Deputy Sheriff employed by the Thurston County Sheriff's Department.  Defendant Ditrich was working under color of state law and within the course and scope of his employment and agency at all relevant times described herein.

**V.**

Defendant, Thurston County, is a local government subdivision, a municipality, within the State of Washington.  Thurston County, on January 5, 2016, employed Rodney T. Ditrich and other sheriff's deputies who responded to the intersection area of 93rd Avenue and Tilley Road in Thurston County as a result of the incident described herein.

**VI.**

Defendant, John D. Snaza, is the Sheriff of Thurston County.  Defendant Snaza was working under color of state law and within the course of his employment and agency at all relevant time described herein.

//

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1

## VII.

Does 1 through 15 are entities and persons involved with the unconstitutional, reckless, wanton, unreasonable and intentional acts alleged herein.  Defendant Does 1 through 15 were working under  color of state law and within the course of their employment.  These entities and persons are not currently known to plaintiff.  Upon discovery of their identity, plaintiffs reserve the right to add them as defendants in this cause of action.

## STATUTORY COMPLIANCE

## VIII.

On or about January 5, 2018, an administrative Claim for Damages was served upon the defendant,  Thurston County.  Any prerequisite to the maintenance of this action imposed by RCW 4.96 has been met.

## STATEMENT OF FACTS

## IX.

On January 5, 2016, the defendant, Rodney Ditrich, in his capacity as a Deputy Sheriff for Thurston County, violated Joel A. Nelson's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution by seizing him and arresting him without probable cause.  In the course of this illegal arrest, Defendant Ditrich used unreasonable force.  Joel A. Nelson died as a result.  Rodney Ditrich's decision to use both a taser and a firearm to seize and arrest Joel A. Nelson was an unconstitutional and unreasonable use of deadly force.

## X.

Joel A. Nelson was initially contacted by Defendant Ditrich on or near the south side of the public right of way on 93rd Avenue in Thurston County, Washington, just east of the intersection of 93rd Avenue and Tilley Road, which was at or near a residence and premises occupied by Luis Ramos and Catalina Robles and their children.  Defendant Ditrich claims he noticed Joel A. Nelson as he was driving his patrol car westbound on 93rd Avenue.  As he approached the intersection of Tilley Road and 93rd Avenue, Defendant Ditrich claimed he saw a suspicious person, later identified as Joel A.

[PROPOSED] FIRST AMENDED COMPLAINT FOR
DAMAGES - JURY DEMAND - 3 OF 12
Case No. 3:18-cv-05184-RSL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

Nelson, who he thought may have been on private property.  Defendant Ditrich stopped his vehicle by pulling off to the south side of 93rd Avenue.  He parked and exited his patrol vehicle and confronted Joel A. Nelson.  Defendant Ditrich's patrol vehicle was facing southbound with the back of the patrol vehicle closest to the traveled portion of 93rd Avenue, which was directly to the north of Defendant Ditrich's patrol vehicle.

## XI.

After several minutes of conversation, Defendant Ditrich made the decision to arrest Joel A. Nelson.  Defendant Ditrich arrested Joel A. Nelson without probable cause.  Defendant Ditrich, during the arrest, fired a taser and his firearm at Joel A. Nelson. Defendant Ditrich used unreasonable force to effect the arrest, depriving Joel A. Nelson of his right to life without due process of law contrary to the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

## XII.

Deputies of the Thurston County Sheriff's Office and other agencies arrived at the scene shortly after Ditrich's "shots fired" call was relayed from the scene.

## XIII.

Officers from four counties, Thurston, Lewis, Mason and Gray's Harbor, assembled after the shooting at the scene.  This four county organization is known as the "Critical Incident Investigation Team (CIIT)."

## XIV.

The scene of Ditrich's shooting of Joel A. Nelson was not adequately secured by responding law enforcement officers resulting in critical evidence at the scene being lost, overlooked, destroyed and/or removed.  Ditrich's patrol vehicle was not secured.  Thurston County through its employees, arranged for Ditrich's patrol vehicle to be promptly cleaned and repaired after the incident, thus intentionally or recklessly destroying vital evidence.  The patrol vehicle was deliberately cleaned of blood spatter and other physical evidence remaining in and on the patrol vehicle on January 7, 2016.

//

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

**XV.**

Thurston County, by and through Sheriff John D. Snaza and Prosecuting Attorney Jon Tunheim, ratified Defendant Ditrich's unconstitutional arrest and unconstitutional use of lethal force to effect that arrest. They also ratified the decision by other employees of the Sheriff's Office and other Thurston County departments to destroy evidence and fail to investigate the inconsistences in Defendant Ditrich's version of the events. Thurston County, through Sheriff Snaza and Prosecuting Attorney Tunheim, with reckless indifference to Joel A. Nelson or the plaintiff's constitutional rights, recklessly and/or intentionally ignored evidence that contradicts Defendant Ditrich's self serving explanation of the events which resulted in Joseph A. Nelson's death.

**XVI.**

Chief Criminal Deputy Prosecutor, J. Andrew Toynbee, filed his report on the incident on February 12, 2016. The report was filed before the Washington State Patrol crime laboratory had returned all of its laboratory reports.

**XVII.**

An autopsy was performed on Joel A. Nelson at the request of Thurston County on January 7, 2016. Dr. Gina Fino, M.D., performed the autopsy. She concluded that a bullet that entered Joel A. Nelson's right shoulder, traveled through his torso from right to left in a downward trajectory and clipped Mr. Nelson's heart. Dr. Fino concluded that this gunshot wound was the cause of Mr. Nelson's death.

**XVIII.**

After Joel A. Nelson's death, Deputy Ditrich's actions were ratified by Thurston County. Chief Deputy of Field Operations Bureau, Brad Watkins, and Chief Criminal Deputy Prosecutor, J. Andrew Toynbee. Both concluded on behalf of Thurston County that Mr. Nelson's death was a result of Deputy Ditrich's justified use of force. Sheriff Snaza and Prosecuting Attorney Jon Tunheim then ratified the conclusions of their subordinates. The Sheriff, Chief Deputy Watkins, the Prosecuting Attorney and the Chief Criminal Deputy Prosecutor, with reckless indifference,

[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES - JURY DEMAND - 5 OF 12
Case No. 3:18-cv-05184-RSL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

deliberately ignored Defendant Ditrich's lack of probable cause for the arrest. They ignored the requirements for the use of force as set forth in *Tennessee v. Garner,* 471 U.S. 1 (1985). They ignored inconsistencies in Deputy Ditrich's self-serving explanations for his actions. They ignored contrary evidence. As a result, Thurston County ratified Defendant Ditrich's unconstitutional arrest and unreasonable use of force. Consequently, Thurston County is liable for Defendant Ditrich's actions. Thurston County's decision to exonerate Defendant Ditrich is contrary to the evidence and to the witnesses statements. Defendant Ditrich's actions violate the United States Supreme Court's ruling in *Tennesee v. Garner*, 471 U.S. 1 (1985), as well as the statutory and common law of the State of Washington.

## XIX.

Plaintiff is informed and believes, and therefore alleges, that the violation of Joel A. Nelson's constitutional rights and Thurston County's subsequent destruction of evidence were caused by the defendants' reckless indifference to Joel A. Nelson's and the plaintiff's constitutional rights and the customs, policies, and/or practices of authorized policy makers of defendant, Thurston County, including Sheriff Snaza and Prosecuting Attorney Tunheim, and the policy makers and/or supervisory officials of the defendant, Thurston County's Sheriff's Department, which encouraged, authorized, directed, convinced and/or ratified the destruction of evidence, and the unconstitutional arrest, and use of force, and unlawful conduct complained of in this complaint. These customs, policies and/or practices were the moving force behind the violations herein alleged and include exposing persons such as Joel A. Nelson to the unreasonable use of force during an unconstitutional arrest made without probable cause. Subsequently, Thurston County orchestrated a cover-up, as alleged herein by ignoring and destroying evidence contradictory to Defendant Ditrich's self serving statements. Nonetheless Defendant Ditrich's own statements demonstrate that he arrested Joel A. Nelson without probable cause and that in the process of the arrest he used unreasonable force, causing Joel A. Nelson's death. Defendant Ditrich was so poorly trained and supervised by Sheriff Snaza that he apparently did not realize that he was required to have probable cause prior to an arrest.

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1    Additionally, it is alleged that Defendant Ditrich was so poorly trained and supervised by Sheriff

2    Snaza that, without legal justification, he then used deadly force upon Joel A. Nelson.  Defendant

3    Ditrich was so poorly trained and supervised by Sheriff Snaza that he failed to de-escalate the

4    situation.  He failed to call for backup. Sheriff Snaza has created a policy, practice, and/or custom

5    that encourages deputies involved in confrontations with citizens and those deputies investigating

6    such incidents to destroy evidence and to cover-up deputy mistakes and unconstitutional conduct.

7    Indeed, this is the policy and custom of Thurston County.

8    ## XX.

9    Additionally, the Thurston County Sheriff's Office and Sheriff John D. Snaza failed to

10   maintain adequate training and policies in regards to necessity of probable cause prior to arrest.

11   Defendant Snaza failed to train Defendant Ditrich on the proper use of force when effecting an arrest.

12   ## XXI.

13   Defendant Snaza, by sanctioning and approving of the destruction of evidence from the scene

14   including evidence in and on Defendant Ditrich's patrol vehicle, ratified and encouraged the deliberate

15   destruction of evidence related to Defendant Ditrich's killing of Joel A. Nelson.  This behavior is

16   indicative of a practice of encouraging Thurston County Sheriff's employees to cover up wrongdoing

17   by other Sheriff's Deputies.  The actions of Sheriff Snaza in allowing a cover up of the circumstances

18   of Joel A. Nelson's death, together with the action of the other defendants herein, amount to

19   conspiracy by the defendants, and each of them, which was intended to destroy and deprive the Estate

20   of Joel A. Nelson of property rights.  Thurston County's actions to destroy evidence by cleaning and

21   repairing Defendant Ditrich's patrol vehicle and, in the process, destroying important blood spatter

22   evidence, impressions of hand prints and other evidence such as DNA and gunshot residue evidence,

23   is evidence of a conspiracy amongst the defendants herein, and each of them, to destroy the Estate

24   of Joel A. Nelson's property rights without due process of law pursuant to 42 U.S.C. § 1983.

25   Thurston County has preserved vehicles held as evidence in death investigations for decades.  The

26   failure to preserve the evidence in and on Defendant Ditrich's patrol vehicle stands in stark contrast.

**[PROPOSED] FIRST AMENDED COMPLAINT FOR
DAMAGES - JURY DEMAND - 7 OF 12**
Case No. 3:18-cv-05184-RSL

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

**XXII.**

Defendant Snaza and Prosecuting Attorney Tunheim are policy makers as it pertains to law enforcement policies in Thurston County. Defendant Snaza and Prosecuting Attorney Tunheim have ratified the illegal and unconstitutional arrest and use of force on Joel A. Nelson. It is also believed and therefore alleged that Defendant Snaza approved, or was recklessly indifferent, to the destruction of evidence in and on Defendant Ditrich's patrol vehicle.

**XXIII.**

Other employees of Thurston County or other counties and other entities who approved or participated in the destruction of evidence in and on Defendant Ditrich's patrol car are denoted herein as Does 1 through 15.

**XXIV.**

Each of the defendants, individually or in concert with the other defendants, caused, in whole or in part, and is legally responsible for the incident and unlawful conduct alleged herein and the damages alleged herein by personally participating in the unlawful conduct, or acting jointly or conspiring with others to destroy evidence and cover up Defendant Ditrich's unlawful conduct and errors and omissions and by authorizing or allowing, explicitly or implicitly policies, plans, customs, practices, actions or omissions that led to the unlawful conduct and by failing to take action to prevent the unlawful conduct, by failing to initiate and maintain adequate training or supervision, and the reckless and/or deliberate indifference to the Estate of Joel A. Nelson's constitutional rights, and by ratifying the unlawful conduct that occurred by agents and deputies under their direction and control, including failing to take remedial or disciplinary action.

## CLAIMS

### FIRST CAUSE OF ACTION:

### FEDERAL CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983

**XXV.**

The plaintiff realleges the allegations contained in paragraphs I through XXIV herein, as

1    though fully set forth at this point.

2                                    **XXVI.**

3          That, as set forth herein, the defendants, Thurston County, Rodney T. Ditrich, John D. Snaza

4    and Does 1 through 15, are liable for compensatory and punitive damages as the law allows for

5    subjecting or causing to be subjected Joel A. Nelson to a deprivation of his rights guaranteed by the

6    Fourth Amendment and Fourteenth Amendment to the Constitution of the United States to be free

7    from unreasonable seizures, arrest without probable cause, and the unreasonable and unconstitutional

8    use of force.  Joel A. Nelson was seized and was deprived of his life without due process of law.

9                                    **XXVII.**

10         That, by virtue of the facts set forth herein, the defendant, Rodney T. Ditrich, is liable for

11   punitive damages for subjecting, or causing to be subjected, Joel A. Nelson, a citizen of the United

12   States, to a deprivation of the rights guaranteed by the Fourth Amendment to the Constitution of the

13   United States and 42 U.S.C. **§** 1983 to be free from unreasonable seizure of his person and to be free

14   from the deprivation of his life through the unreasonable use of force.  Defendant Ditrich did this by

15   performing the unreasonable seizure of Joel A. Nelson's person without probable cause.  In the

16   process of arresting Joel A. Nelson, Defendant Ditrich used unreasonable force.

17                        **SECOND CAUSE OF ACTION:**

18        **FEDERAL CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**

19                                    **XXVIII.**

20         The plaintiff realleges the allegations contained in paragraphs I through XXVII herein, as

21   though fully set forth at this point.

22                                    **XXIX.**

23         That, by virtue of the facts set forth herein, the defendants, Thurston County, Rodney T.

24   Ditrich, John D. Snaza and Does 1 through 15 are liable for compensatory and punitive damages as

25   a result of their conspiracy and efforts to deprive the Estate of Joel A. Nelson of its property rights

26   without due process of law.  Those property rights are the causes of action for violation of Joel A.

Nelson's civil rights and for personal injury and wrongful death as alleged herein perpetrated against Joel A. Nelson and the Estate of Joel A. Nelson.

**THIRD CAUSE OF ACTION:**

**NEGLIGENCE CAUSING PERSONAL INJURY UNDER STATE LAW**

**XXX.**

The plaintiff realleges the allegations contained in paragraphs I through XXIX herein, as though fully set forth at this point.

**XXXI.**

That, by virtue of the facts set forth herein, the defendants, Thurston County, Rodney T. Ditrich, John D. Snaza and Does 1 through 15 committed the tort of negligence resulting in personal injury. The plaintiff brings this cause of action pursuant to RCW 4.20.046. This state law cause of action is ancillary to the federal law claims made herein.

**FOURTH CAUSE OF ACTION:**

**NEGLIGENCE CAUSING WRONGFUL DEATH UNDER STATE LAW**

**XXXII.**

The plaintiff realleges the allegations contained in paragraphs I through XXXI herein, as though fully set forth at this point.

**XXXIII.**

That, by virtue of the facts as set forth herein, the defendants, Thurston County, Rodney T. Ditrich, John D. Snaza and Does 1 through 15 committed the tort of wrongful death pursuant to RCW 4.20.010. This state law cause of action is ancillary to the federal claims made herein.

**XXXIV.**

These actions as set forth herein are maintained for the Estate of Joel A. Nelson, Joseph A. Nelson individually, and for the statutory beneficiaries pursuant to RCW 4.20 et seq., said beneficiaries are believed to include Joseph A. Nelson, father of Joel A. Nelson, and Luanna Sutters, mother of Joel A. Nelson.

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1

**FIFTH CAUSE OF ACTION:  FALSE ARREST UNDER STATE LAW**

2

**XXXV.**

3

The plaintiff realleges the allegations contained in paragraphs I through XXXIV herein, as

4

though fully set forth at this point.

5

**XXXVI.**

6

That, by virtue of the facts as set forth herein, the defendants, Rodney T. Ditrich and Thurston

7

County, committed the tort of false arrest.  This state law cause of action is ancillary to the federal

8

claims made herein.

9

**SIXTH CAUSE OF ACTION:  JOSEPH NELSON'S INDIVIDUAL**

10

**FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM**

11

**XXXVII.**

12

The plaintiff realleges the allegations contained in paragraphs I through XXXVI herein, as

13

though fully set forth at this point.

14

**XXXVIII.**

15

That the plaintiff, Joseph A. Nelson, brings his individual claim against the defendants, and

16

each of them, for violating his Fourteenth Amendment right to substantive due process to the

17

companionship of his son, Joel A. Nelson.  Joel A. Nelson was killed without justification by Rodney

18

T. Ditrich.

19

**WHEREFORE**, plaintiff, Joseph A. Nelson, individually and as Personal Representative of

20

the Estate of Joel A. Nelson, prays for relief as follows:

21

**1.**     For judgment representing compensatory damages against the defendants, and each

22

of them, jointly and severally in amounts to be established at trial;

23

**2.**     For judgment representing punitive damages against the individual defendants and

24

each of them, jointly and severally in amounts to be established at trial;

25

**3.**     For judgment representing compensatory and punitive damages against the defendants,

26

and each of them, jointly and severally for Joseph A. Nelson's damages for his individual claims as

**[PROPOSED] FIRST AMENDED COMPLAINT FOR
DAMAGES - JURY DEMAND - 11 OF 12**
Case No. 3:18-cv-05184-RSL

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax:  253-627-8376

set forth herein in an amount to be established at trial;

**4.** For plaintiff's attorney fees and costs incurred herein pursuant to 42 U.S.C. § 1988, and disbursements herein to be taxed, and for pre-judgment interest;

**5.** For leave to amend this Complaint to conform to the evidence developed during discovery and/or presented at trial;

**6.** For leave to amend this Complaint to substitute true names of the defendants currently denoted Does 1 through 15;

**7.** For leave to amend this Complaint to more fully set forth Joseph A. Nelson's and Luanna Sutters' individual claims; and

**8.** For such other and further relief the Court deems just and equitable.

**DATED** this _____ day of _____, _____.

**LAW OFFICE OF DOUGLAS R. CLOUD**

_____
**DOUGLAS R. CLOUD, WSBA #13456**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail: drc@dcloudlaw.com
Attorney for Plaintiff

[PROPOSED] FIRST AMENDED COMPLAINT FOR
DAMAGES - JURY DEMAND - 12 OF 12
Case No. 3:18-cv-05184-RSL

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376