# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOSEPH A. NELSON, individually and as Personal Representative of the ESTATE OF JOEL A. NELSON, and its statutory beneficiaries,

Plaintiff,

v.

THURSTON COUNTY, *et al.*,

Defendants.

NO. C18-5184RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter comes before the Court on "Plaintiff's Motion for Order Granting Leave to Amend Complaint." Dkt. # 202. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

In March 2018, plaintiff filed this lawsuit seeking compensatory damages, punitive damages, and an award of fees and costs related to the death of his son, Joel A. Nelson, at the hands of Thurston County Deputy Sheriff Rodney T. Ditrich. Plaintiff sued on behalf of himself and as the Personal Representative of his son's estate (Dkt. # 1 at 1, 2) and twice alleged that defendants acted with reckless indifference to his constitutional rights (Dkt. # 1 at 5, 6). Nevertheless, the only cause of action explicitly asserted on plaintiff's individual behalf is a state

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 1

law wrongful death claim. Dkt. # 1 at 10.

Defendants Ditrich and Thurston County recently argued that evidence of plaintiff's psychological harm related to the death of his son and the alleged cover-up should be excluded because, in part, plaintiff had failed to assert a claim for loss of companionship to which such evidence could be relevant. Dkt. # 200 at 1-2. This motion for leave to amend followed: plaintiff hopes to clarify the nature of the claims asserted and the supporting facts. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).[1]

The Court finds that amendment is appropriate. A fair reading of the original complaint

---

[1] Defendants argue that plaintiff must satisfy both Rule 15 and Rule 16(b) before leave to amend the complaint could be granted. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." There does not, however, appear to have been an established deadline for amending the complaint in this case (*see* Dkt. # 20), and the rules of procedure authorize amendment even as late as trial where "a party objects that evidence is not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1). In the circumstances presented here, the motion to amend does not involve a modification of the case management order and was timely filed.

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 2

reveals allegations that defendants violated plaintiff's individual constitutional rights. Defendants have not provided any authority suggesting that a failure to include an enumerated cause of action related to those violations voids the allegations themselves as long as defendants have fair notice of the claim. That plaintiff did not appreciate the need to clarify that he was asserting a § 1983 claim on his own behalf is not surprising given the fair and reasonable inferences arising from the original allegations. Nor is there any surprise or unfairness in allowing plaintiff to assert a claim for individual losses arising from the constitutional violations: he pled a state law negligence claim that would involve the same types of injury and damage.

For all of the foregoing reasons, plaintiff's motion to amend (Dkt. # 202) is GRANTED. Plaintiff shall, within seven days of the date of this Order, file and serve an amended complaint in essentially the form of Dkt. # 202-1.

Dated this 25th day of May, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 3