The Honorable Robert S. Lasnik

1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**
                 **WESTERN DISTRICT OF WASHINGTON**
8                            **AT TACOMA**

9   JOSEPH A. NELSON, individually and as
    Personal Representative of the ESTATE OF        Case No.  3:18-cv-05184-RSL
10  JOEL A. NELSON, and its statutory
    beneficiaries,                                  PLAINTIFF'S SUPPLEMENTAL
11                                                  RESPONSE TO DEFENDANT JOHN D.
                                                    SNAZA'S SECOND MOTION FOR
                            Plaintiff,              SUMMARY JUDGMENT PURSUANT TO
12                                                  THE COURT'S ORDER REQUESTING
    vs.                                             FURTHER BRIEFING
13
    THURSTON COUNTY, a Washington                   **NOTE ON MOTION CALENDAR:**
14  municipality; RODNEY T. DITRICH,                **October 15, 2021**
    individually; JOHN D. SNAZA, individually;
15  and DOES 1 through 15, individually,

16                          Defendants.

17                         **I.  RELIEF REQUESTED**

18        **COMES NOW**, the plaintiff, Joseph A. Nelson, individually and as Personal Representative

19  of the Estate of Joel A. Nelson, by and through his attorney of record, Douglas R. Cloud, and does

20  hereby respond to the Court's Order Requesting Further Briefing [Dkt. 211] to Defendant John D.

21  Snaza's Second Motion for Summary Judgment [Dkt. 163].  This response by plaintiffs is limited

22  to the state law claims asserted by Defendant John D. Snaza ("Snaza") in his reply memorandum

23  [Dkt. 173], as directed in the Court's Order Requesting Further Briefing. Snaza seems to be relying

24  upon arguments made in Snaza's First Motion for Summary Judgment. [Dkt. 34 at pp. 18-23.] [*See*

25  Dkt. 173 at p. 11 where Snaza references Dkt. 34.]

26        This supplemental brief is meant to supplement the Plaintiffs' Response to Defendant John

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1  D. Snaza's Second Motion for Summary Judgment. [Dkt. 168.]

2                           II. **STATEMENT OF FACTS**

3       The plaintiff incorporates herein as though fully set forth herein the facts as set forth in

4  Plaintiff's Response to Defendant John D. Snaza's Second Motion for Summary Judgment of

5  Sections III (Introduction) and Section IV (Statement of Facts). [Dkt. 168.] Those facts are

6  supplemented as follows:

7       Joseph ("Joe") Nelson had contact with two police officers from Mason County and the City

8  of Shelton who, on January 6, 2016, informed him of his son's death. The officers told him to

9  contact Charlotte Mitchell of the Thurston County Coroner's Office for more information. [Nelson

10 Decl., 1:25-26.] Mr. Nelson contacted Ms. Mitchell immediately after the officer's departed his

11 residence. Ms. Mitchell told him Joel Nelson had been hit by three bullets, one to the wrist and two

12 to the chest. Mr. Nelson later found out Joel Nelson had been shot in the back. Mr. Nelson, when

13 he learned his son had been shot in the back, felt Ms. Mitchell had misled him about the

14 circumstances of his son's death. [Nelson Decl., 2:1-4.]

15      Mr. Nelson subsequently filed a public disclosure request with Thurston County seeking

16 information about his son's death. [Nelson Decl., 2:5-6.]

17      On March 25, 2106, the Fleet Manager of the Thurston County Central Services wrote a letter

18 to Joe Nelson.  The correspondence states, in part, as follows: *"I would like to inform you that*

19 *Thurston County is preparing to declare surplus and sell the vehicle involved in the events of*

20 *January 5, 2016, which resulted in the death of Joel Nelson.  The vehicle has been repaired and*

21 *restored following the investigation performed as a consequence of the events.  Since you may have*

22 *an interest in the vehicle, we are willing to provide an opportunity for a qualified investigator of*

23 *your choosing to examine and document the vehicle at its place of storage . . ."* [Nelson Decl., 2:7-

24 11 and Ex. 1; and Dkt. 53, Ex. 13.]

25      Snaza was considered the incident commander at the scene and had overall authority,

26 direction and control of the scene where Joel Nelson was killed. [Dkt. 70, Ex. 4.]

Snaza and Thurston County had responsibility for preservation of the crime scene. [*Id.*] Snaza and Thurston County were to store evidence at "Thurston County's Sheriff's Office Evidence Facility . . ." [*Id.*]

### III. ISSUES PRESENTED

**1.** Should the Defendant John D. Snaza's Second Motion for Summary Judgment be denied?

**2.**  Plaintiff has previously moved for sanctions on the defendants for spoliation of evidence. [Dkt. 39.] How do possible sanctions by the court affect the court's decision regarding the resolution of the pending summary judgment motion?

### IV.  EVIDENCE RELIED UPON

**1.** The records and files herein;

**2.** The Plaintiff's Response to Defendant John D. Snaza's Second Motion for Summary Judgment, together with factual citations therein [Dkt. 168];

**3.** Declaration of Douglas R. Cloud in Support of Plaintiff's Response to Defendant John D. Snaza's Second Motion for Summary Judgment, together with all exhibits which are incorporated herein by this reference [Dkt. 169];

**4.** Declaration of Matthew Noedel in Support of Plaintiff's Response to Defendant John D. Snaza's Second Motion for Summary Judgment, together with all exhibits which are incorporated herein by this reference [Dkt. 170];

**5.** Declaration of Douglas R. Cloud in Support of Plaintiff's Response to Defendant John D. Snaza's Motion for Summary Judgment, together with all exhibits which are incorporated herein by this reference [Dkt. 53];

**6.** Declaration of Luis Ramos, together with all exhibits which are incorporated herein by this reference [Dkt. 54];

**7.** Declaration of Brent Lancaster [Dkt. 55];

**8.** Declaration of Richard Larsen [Dkt. 56];

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

**9.** Declaration of Carl Wigren, MD, in Support of Plaintiff's Responses to Motions for Summary Judgment by Defendants Rodney T. Ditrich ("Ditrich"), Thurston County ("TC") and Snaza, together with all exhibits which are incorporated herein by this reference [Dkt. 57];

**10.** Declaration of John G. Peters, Ph.D., in Support of Plaintiff's Responses to Motions for Summary Judgment by Defendants Ditrich, TC and Snaza, together with all exhibits which are incorporated herein by this reference [Dkt. 58];

**11.** Declaration of Leo E. Poort in Support of Plaintiff's Responses to Motions for Summary Judgment by Defendants Ditrich, TC and Snaza, together with all exhibits which are incorporated herein by this reference [Dkt. 59];

**12.** Declaration of Michael A. Knox, Ph.D., in Support of Plaintiff's Responses to Motions for Summary Judgment by Defendants Ditrich, TC and Snaza, together with all exhibits which are incorporated herein by this reference [Dkt. 61];

**13.** Plaintiff's Motion for Sanctions Based on Defendants' Thurston County, Rodney T. Ditrich and John D. Snaza's Spoliation of Evidence [Dkt. 39];

**14.** Declaration of Douglas R. Cloud in Support of Plaintiff's Reply to Defendants' Thurston County, Rodney T. Ditrich and John D. Snaza's Responses to Plaintiff's Motion for Sanctions, RE: Spoliation of Evidence, together with all exhibits which are incorporated herein by this reference [Dkt. 70];

**15.** Declaration of John G. Peters, Ph.D., in Support of Plaintiff's Reply to Defendants' Thurston County, Rodney T. Ditrich and John D. Snaza's Responses to Plaintiff's Motion for Sanctions, RE: Spoliation of Evidence [Dkt. 71];

**16.** Declaration of Matthew Noedel in Support of Plaintiff's Reply to Defendants' Thurston County, Rodney T. Ditrich and John D. Snaza's Responses to Plaintiff's Motion for Sanctions, RE: Spoliation of Evidence, together with all exhibits which are incorporated herein by this reference [Dkt. 72];

**17.** Declaration of Neil Low in Support of Plaintiff's Reply to Defendants' Thurston

PLFF'S SUPP RESP TO DEF SNAZA'S 2ND MSJ PURSUANT TO THE COURT'S ORD REQG FURTHER BRIEFING - 4 OF 10
Case No. 3:18-cv-05184-RSL

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

County, Rodney T. Ditrich and John D. Snaza's Responses to Plaintiff's Motion for Sanctions, RE: Spoliation of Evidence, together with all exhibits which are incorporated herein by this reference [Dkt. 73];

**18.**    Defendant Snaza's Reply in Support of Second Motion for Summary Judgment [Dkt. 173];

**19.**    Plaintiffs' Supplemental Response to Defendant John D. Snaza's Second Motion for Summary Judgment pursuant to the Court's Order Requesting Further Briefing; and

**20.**    Declaration of Joseph A. Nelson in Support of Plaintiffs' Supplemental Response to Defendant John D. Snaza's Second Motion for Summary Judgment pursuant to the Court's Order Requesting Further Briefing.

## V.  ARGUMENT

**E.**    **Plaintiffs' Negligence Claim Against Sheriff Snaza Should Not Be Dismissed.**

Snaza relies upon case law that has been either overruled or distinguished by more recent case law from the Washington Supreme Court. Under Washington law, Snaza's malfeasance and/or misfeasance supports a negligence claim by Nelson against Snaza.

The Public Duty Doctrine has been largely discarded by the Washington Supreme Court in instances of unreasonable use of force by law enforcement officers and any subsequent investigations that result from such unreasonable uses of force. This is because the common law duty of reasonable care arises when a police officer uses force or otherwise interacts with a person or entity.

Snaza owed a duty of reasonable care not to cause foreseeable harm to the Joe Nelson and the Estate of Joel Nelson. *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 442 P.3d 608 (2019). Snaza owed a duty to the plaintiffs to take reasonable care to perform an investigation of the death of Joel Nelson.  *Mancini v. City of Tacoma*, 196 Wn.2d 864, 888, 479 P.3d 656 (2021). Instead, Snaza took actions to destroy evidence.

In an investigation of a use of force by a police officer, a sheriff or police chief must use reasonable care to not do unnecessary damage to the property of a victim of a unreasonable use of

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1    force. *Brutsche v. City of Kent*, 164 Wn.2d 664, 671, 193 P.3d 110 (2008).  Joe Nelson and the
2    Estate of Joel Nelson had a property interest under state law in a wrongful death claim and claim
3    under 46 U.S.C. § 1983 from the moment the shooting stopped. Snaza's actions diminished the
4    chances of a successful legal result for the plaintiffs and thus diminished the value of this property
5    interest.

6         Snaza's actions in ordering evidence from Ditrich's patrol vehicle destroyed and his failure
7    to ensure that evidence was preserved and not contaminated by his deputies breached his duty of
8    reasonable care to: 1) Preserve evidence related to the death of Joel Nelson; 2) to ensure that his
9    deputies took the steps necessary to preserve and not contaminate evidence related to the death of
10   Joel Nelson; and 3) to complete an investigation into the circumstances of Nelson's death and
11   determine if Ditrich violated any laws, policies or rules when he killed Nelson.

12        The availability of a valid intentional tort claim for excessive force has no bearing on the
13   viability of a negligence claim.  *Beltran-Serrano*, *supra,* 193 Wn.2d 537, 547 (2019).

14        Thurston County Undersheriff, Timothy Braniff ("Braniff") has testified that Thurston
15   County owed a duty to survivors of people killed by police officers to preserve evidence so the
16   victim's family can have an opportunity to evaluate the evidence.  Braniff also testified that a duty
17   was owed to the families to have a "complete, thorough and transparent" investigation. [Dkt. 70, Ex.
18   1, 140:3-21.] The officer's participating in an investigation of a police shooting of a citizen owe a
19   duty of reasonable care to the survivors of the deceased, according to Braniff. [Dkt. 70, Ex. 1,
20   140:22-142:7.]

21        Snaza also had a duty under the five County Critical Incident Investigative Team ("CIIT")
22   agreement to store and preserve all evidence related to the shooting of Nelson by Ditrich. The
23   plaintiffs are in the group of persons intended to benefit from the provisions of the CIIT.  Snaza took
24   deliberate actions to destroy critical evidence from the scene of the shooting, in particular, evidence
25   in and on the patrol vehicle in which Nelson was killed.

26        Snaza owed a duty to Nelson's estate and to Nelson's father, Joe Nelson, to not have their

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1   interest in potential litigation under state and federal law hindered by the failure of Snaza and his

2   deputies to preserve critical evidence related to Nelson's death at Ditrich's hands.  Snaza's actions

3   in ordering Ditrich's patrol vehicle sanitized and evidence removed and his failure to guard against

4   his deputies' actions to contaminate the evidence in and on the patrol vehicle breached his duty of

5   reasonable care owed to Joe Nelson and the Estate of Joel Nelson. Snaza's failure to take reasonable

6   care in the investigation of Joel Nelson's death also breached his duty owed to Joe Nelson and the

7   Estate of Joel Nelson to do so.

8          The duties violated by Snaza were owed directly to Joe Nelson and the Estate of Joel Nelson

9   as Snaza had direct involvement in the destruction and contamination of the evidence, including but

10  not limited to the evidence in and on Ditrich's patrol vehicle. These duties apply in the context of

11  law enforcement and encompasses the duty to refrain from directly causing harm to another through

12  affirmative acts of misfeasance or malfeasance. *Beltran-Serrano, supra,* 193 Wn.2d 537, 550, citing

13  *Robb v. City of Seattle,* 176 Wn.2d 427, 495, P.3d 212 (2013) and *Cottal v. Clallum County*, 47

14  Wn.App. 347, 403, 735 P.2d 686 (1987). *See* also RCW 29A.56.110(1)(a)(b).

15         As explained in *Watness v. City of Seattle*, 16 Wn.App.2d 297, 307, 481 P.3d 570, 578

16  (2021), when a police officer has a direct interaction with a person, or property of a person, that

17  officer has a duty to act with reasonable care.

18         To establish a tort against a government entity, a plaintiff must show that the duty breached

19  was owed to an individual and was not merely a general obligation owed to the public.  *Babcock v.*

20  *Mason County Fire Dist.,* 144 Wn.2d 774, 30 P.3d 1261 (2001). In the context of law enforcement,

21  a duty of reasonable care is owed to any entity or person with an interest in the matter with whom

22  an officer has an interaction. There are four enumerated exceptions to the public duty doctrine that

23  provide liability even in the face of otherwise public duties.  *Munch v. Skagit Emergency Conmc'ns*

24  *Ctr.,* 175 Wn.2d 871, 886, 288 P.3d 328 (2012).  It is not always necessary to find a duty is owed

25  to an individual and not to the public at large.  The public duty doctrine is simply a "focusing tool"

26  to ensure that the government is not held liable in tort for duties owed solely to the general public.

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

*Id.* At 878.  Snaza's affirmative actions in destroying and failing to preserve the evidence related to Nelson's property interest in potential state wrongful death and 46 U.S.C. § 1446 claims renders Snaza's actions actionable in a lawsuit by Joel Nelson's survivors.

Washington's Supreme Court has upheld a verdict based upon the theory of negligent investigation by a police chief and his officers of a shooting involving an officer.  *Mancini, supra,* 196 Wn.2d 864, 888.  A general allegation of negligence stating that police actions in capturing an individual fell below the standard of care and that police were negligent in their duties is sufficient to give defendants notice that all elements of the claim might be explored at trial.  *Mancini, Id.*, 196 Wn.2d 864, 878.

Snaza took action to participate in a cover-up of the unjustified killing of Joel Nelson by Ditrich.  In doing so, he breached his duty of reasonable care owed to the plaintiff.

Judge Leighton in his order on Defendant Snaza's Motion for Reconsideration stated that the evidence could reasonably infer that there was "some deliberate effort to cover-up the incident.  If a cover-up took place, Snaza's presence and responsibilities at the scene, knowledge of the investigation finding and decision to nonetheless promptly dispose of Ditrich's vehicle could support his deliberate involvement. [Dkt. 159 at p. 5.]

By participating and orchestrating the cover-up, Snaza took action to destroy the value of property belonging to the Estate of Joel Nelson and to Joel Nelson's father, Joe Nelson.  As a result, under Washington law, Snaza must stand trial for his actions.

Snaza claims his actions were to protect his officers from potentially negative emotional reactions from using the patrol vehicle in which Nelson was killed.  Thus, Snaza claims that he desired the patrol vehicle be sold to another police agency.

## VI.  **CONCLUSION**

The Defendant John D. Snaza's Second Motion for Summary Judgment should be denied.

In the event the Court dismisses the access to courts claim, Nelson requests that the denial of access to courts claim be dismissed without prejudice.

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1  Nelson further requests an order tolling the statute of limitations pertaining to access to courts

2  claim until a judgment is entered in the present case if the Court enters a dismissal without prejudice.

3  **RESPECTFULLY SUBMITTED** this 11th day of October, 2021.

4  **LAW OFFICE OF DOUGLAS R. CLOUD**

5

6  /s/ Douglas R Cloud

  **DOUGLAS R. CLOUD, WSBA #13456**

7  Law Office of Douglas R. Cloud

  1008 Yakima Avenue, Suite 202

8  Tacoma, WA 98405

  Telephone: 253-627-1505

9  Fax: 253-627-8376

  E-mail:  drc@dcloudlaw.com

10  Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLFF'S SUPP RESP TO DEF SNAZA'S 2ND MSJ PURSUANT
TO THE COURT'S ORD REQG FURTHER BRIEFING - 9 OF 10
Case No. 3:18-cv-05184-RSL

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1

## CERTIFICATE OF SERVICE

2

The undersigned declares as follows:
1.     I am over the age of 21 and not a party to this action.
2.     I am an employee of Douglas R. Cloud, Attorney at Law, Attorney for Plaintiff.
3.     On this day, I certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the counsel of record for the defendants, and that I also forwarded a true and correct copy to counsel of record for the defendants in the following manner:

3

4

5

| | |
|---|---|
| **Counsel for Defendants, TC and Ditrich:**<br>W. Dale Kamerrer, WSBA #8218<br>John E. Justice, WSBA #23042<br>**LAW LYMAN DANIEL KAMERRER & BOGDANOVICH, P. S.**<br>PO Box 11880<br>Olympia, WA 98508-1880<br>Physical Address: 2674 R W Johnson Blvd SW, Tumwater, WA 98512<br>P: 360-754-3480, F: 360-357-3511<br><br>Scott C. Cushing, WSBA #38030<br>Senior Deputy Prosecuting Attorney<br>**TC PROSECUTING ATTORNEY'S OFFICE**<br>Civil Division - Bldg No. 5<br>2000 Lakeridge Dr SW<br>Olympia WA 98502<br>P: 360-786-5574<br>Emails: dkamerrer@lldkb.com; jjustice@lldkb.com;<br>cushins@co.thurston.wa.us; | ☐ Messenger<br>☐ US Mail<br>☐ Facsimile<br>■ Email<br>■ CM/ECF |
| **Counsel for Defendant, John Snaza:**<br>Gregory E. Jackson, WSBA #17541<br>John R. Nicholson, WSBA #30499<br>**JACKSON & NICHOLSON, P.S.**<br>900 SW 16th St, Ste 215<br>Renton WA 98057<br>P: 206-582-6001     F: 206-466-6085<br>Emails: Greg@jnseattle.com; John@jnseattle.com<br><br>Donald R. Peters, Jr., WSBA #23642<br>Senior Deputy Prosecuting Attorney<br>**TC PROSECUTING ATTORNEY'S OFFICE**<br>Civil Division - Bldg No 5<br>2000 Lakeridge Dr SW<br>Olympia WA 98502<br>P: 360-786-5574<br>Emails: Gregj@fjtlaw.com; johnn@fjtlaw.com; petersr@co.thurston.wa.us; | ☐ Messenger<br>☐ US Mail<br>☐ Facsimile<br>■ Email<br>■ CM/ECF |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated at Tacoma, Washington this 11th day of October, 2021.

/s/ Carrie L. Marsh
**CARRIE L. MARSH**

PLFF'S SUPP RESP TO DEF SNAZA'S 2ND MSJ PURSUANT
TO THE COURT'S ORD REQG FURTHER BRIEFING - 10 OF 10
Case No. 3:18-cv-05184-RSL

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376