UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. NELSON, individually and as the Personal Representative of the ESTATE OF JOEL A. NELSON,<br><br>          Plaintiff,<br><br>     v.<br><br>THURSTON COUNTY, *et al.*,<br><br>          Defendants. | NO. C18-5184RSL<br><br>ORDER DISMISSING PLAINTIFF'S REMAINING CLAIMS AGAINST DEFENDANT JOHN D. SNAZA |

This matter comes before the Court on "Defendant John D. Snaza's Second Motion for Summary Judgment" (Dkt. # 163) and the supplemental memoranda submitted by the parties (Dkt. # 212 and # 214). Plaintiff's decedent, Joel A. Nelson, was killed by Thurston County Deputy Sheriff Rodney T. Ditrich on January 5, 2016. Defendant Snaza is the Sheriff of Thurston County. Sheriff Snaza was not on the scene when Mr. Nelson was killed, but he was in control of the scene during the subsequent investigation and authorized the disposal of the vehicle in which Mr. Nelson was shot. Plaintiff was not given access to the vehicle until after it had been cleaned and repaired in anticipation of sale. Plaintiff filed this lawsuit in March 2018 alleging, *inter alia*, that Sheriff Snaza violated his Fourth and Fourteenth Amendment rights to be free from unreasonable seizures and the excessive use of force, violated his Fourteenth Amendment right of access to the courts, and negligently caused personal injury and wrongful

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 1

death. Dkt. # 1 at 8-10. The Honorable Ronald B. Leighton, Retired United States District Judge, found that Sheriff Snaza was entitled to qualified immunity with regards to plaintiff's excessive force claims. Dkt. # 157 at 5.[1] Sheriff Snaza now seeks summary dismissal of the remaining due process and negligence claims.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose

---

[1] Plaintiff's efforts to revive his Fourth Amendment claim based on the contention that Sheriff Snaza ratified Deputy Ditrich's conduct fail. The argument was flatly rejected by Judge Leighton when he granted Sheriff Snaza's first summary judgment motion following remand from the Ninth Circuit. Dkt. # 157 at 5. Plaintiff did not seek reconsideration of that order and cannot reintroduce this claim now.

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 2

resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] having heard the arguments of counsel, and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

---

[2] Defendant's objections to exhibits attached to the declaration of Douglas R. Cloud (Dkt. # 53) and plaintiff's experts' reports are overruled.

> [O]bjections to the form in which the evidence is presented are particularly misguided where, as here, they target the non-moving party's evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) ...."); *Cox v. Amerigas Propane, Inc.*, No. CV–04–101, 2005 WL 2886022, at *2 (D. Ariz. Oct. 28, 2005) ("At the summary judgment stage, the court focuses on the admissibility of the evidence's contents, not the admissibility of its form."). Federal Rule of Civil Procedure 56(e), not the Federal Rules of Evidence, specifies the required format and significantly demands only that "[s]upporting and opposing affidavits ... set forth such facts as would be admissible in evidence ...." Fed. R. Civ. P. 56(e) (emphasis added).

*Burch v. Regents of Univ. of Cal.*, 433 F. Supp.2d 1110, 1119-20 (E.D. Cal. 2006). *See also Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) ("[T]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.") (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)). Where the evidence presented in opposition to a motion for summary judgment could be admitted at trial in a variety of ways, including through the testimony of a percipient witness or by overcoming an authenticity objection where the document's authenticity is not actually disputed, the Court will overrule the procedural objections to form.

The Court has not considered plaintiff's sur-reply. Dkt. # 175.

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 3

# BACKGROUND

On January 5, 2016, Deputy Ditrich thought Mr. Nelson was acting suspiciously and was trespassing on private property. He made contact and, within minutes, Mr. Nelson was dead. There is a disputed issue of material fact regarding when and where Deputy Ditrich first discharged his weapon. Plaintiff asserts that Mr. Nelson was shot while kneeling (or attempting to kneel) in front of the police vehicle and that Deputy Ditrich discharged his weapon three more times after Mr. Nelson tried to get away in his vehicle. Deputy Ditrich maintains that he fired only after Mr. Nelson commandeered the patrol car.

The Thurston County Sheriff's Department, led by Sheriff Snaza, secured the scene and provided traffic control and other support while the Region 3 Critical Incident Investigation Team ("CIIT")[3] investigated Deputy Ditrich's use of lethal force. The investigators took photographs of the hood of the patrol car, there are photos of the car and scene from certain vantage points, and there are photos from Mr. Nelson's autopsy. No photos of the interior of the vehicle have been provided, although the lead investigator notes that he photographed the inside of the vehicle (Dkt. # 53-31 at 4) and there are emails indicating that there was "fine blood splatter" in the interior (Dkt. # 53-10). The CIIT investigation was completed by January 6, 2016, and the vehicle was released to Thurston County. Thurston County Deputy Sheriff Klene drove the vehicle to a Thurston County storage facility, and Sheriff Snaza directed that the vehicle be retired. The Thurston County fleet services manager made arrangements to have the vehicle cleaned, repaired, and sold. Only after the vehicle was ready for sale was Mr. Nelson's

---

[3] The CIIT is a cooperative team of investigators from the Sheriff's Departments of Thurston, Lewis, Pacific, Grays Harbor, and Mason Counties. This investigation was led by staff from Lewis County, where defendant Snaza's twin brother was Sheriff.

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 4

father given an opportunity to have an expert inspect the vehicle. Sheriff Snaza concedes for purposes of this motion that a jury could reasonably infer from the above facts that there was some deliberate effort to cover up Deputy Ditrich's actions on January 5, 2016, and that Sheriff Snaza's role and responsibilities at the scene, knowledge of the investigation's failures and findings, and decision to alter and dispose of the vehicle gives rise to an inference that he was involved. Dkt. # 163 at 8.

## DISCUSSION

The First Amendment to the United States Constitution guarantees the right to petition the government for redress of grievances, which includes a reasonable right of access to the courts. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). A plaintiff alleging a violation of this right must show actual injury, an essential element of standing that "prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). It is not enough to show that a state actor interfered with access to a law library or destroyed evidence during an investigation: the plaintiff "must go one step further and demonstrate that the alleged [conduct] hindered his efforts to pursue a legal claim." *Id.* at 351. More than that, the legal claim at issue must be nonfrivolous. "Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions." *Id.* at 353 n.3.

Denial-of-access claims come in two categories. "In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 5

time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). These claims are considered forward-looking, and the relief sought is often clear: a law library for a prisoner's use, the waiver of a filing fee, or appointment of counsel, for example. "In cases of this sort, the essence of the access claim is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.*

The second category of denial-of-access claims assert that a claim can no longer be tried - or cannot be tried with all of the material evidence - because of official action. "These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414 (footnotes omitted). The right of access claim is therefore "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

In forward-looking claims, such as the one at issue in *Lewis v. Casey*, the plaintiff must identify a nonfrivolous claim that could be brought if the government roadblock were removed. In backward-looking claims,

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 6

> one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.
>
> Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.

*Christopher*, 536 U.S. at 415-16.

Defendant does not identify a deficiency in plaintiff's pleading of his denial-of-access claim. It would be hard to do so given that the claim was filed in conjunction with the underlying excessive force claim, which Judge Leighton has already determined is nonfrivolous. Rather, Sheriff Snaza argues that the denial-of-access claim fails (or that he is at least entitled to qualified immunity) because plaintiff has not identified the evidence that was lost and how the loss has deprived him of a remedy for the alleged use of excessive force. To the extent Sheriff Snaza is suggesting that no reasonable jury could conclude that relevant and material evidence was lost when Deputy Ditrich's patrol vehicle was cleaned and repaired without capturing its condition and/or providing plaintiff an opportunity to do so, the Court disagrees. The excessive force claim will turn, in part, on the number of shots fired and their trajectory. The unadulterated interior of Deputy Ditrich's vehicle would likely have provided evidence regarding impacts, blood-spatter patterns, and the relative location of the two men during the incident. In addition, plaintiff alleges that Mr. Nelson was subjected to excessive force before getting into the patrol car. Photographs of the hood and autopsy reports give some clue regarding the force applied outside the vehicle, but the cleaning and repairs prevented any testing for firearm residue and

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 7

permanently destroyed any blood or other evidence of physical impacts to the hood. A reasonable jury could conclude that relevant and material evidence was destroyed.

In the alternative, Sheriff Snaza argues that, given the current procedural posture of the case, plaintiff cannot show that he has been injured by the destruction of the vehicle because his excessive force claim may yet be successful. Citing *Delew v. Wagner*, 143 F.3d 1219 (9th Cir. 1998), and *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621 (9th Cir. 1988), defendant argues that the denial-of-access claim should be dismissed without prejudice as premature, to be pursued only if and when the underlying wrongful death and excessive force claims are decided against plaintiff. Although litigants are permitted to assert alternative claims for relief,[4] where the underlying claim remains viable and is being pursued, there are, at the very least, prudential reasons for refusing to exercise jurisdiction over the related denial-of-access claim. "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Christopher*, 536 U.S. at 415.[5]

---

[4] Federal Rule of Civil Procedure 8(d) states in relevant part, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones" and "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Plaintiff's claims are properly pled in the alternative: either the jury should find that Deputy Ditrich used excessive force against and caused the wrongful death of Mr. Nelson or, if it cannot do so, it should hold Sheriff Snaza liable for the cover-up that deprived plaintiff of the proof he needed to succeed on the underlying claims.

[5] Plaintiff argues that he must be permitted to pursue his denial-of-access claim regardless of the outcome of his excessive force claim because it is the only way to punish officials who destroy evidence or otherwise engage in a conspiracy to cover-up the constitutional torts of their fellow officers. It is not the destruction of evidence that forms the basis of the constitutional claim, however, but rather the resulting interference with access to the courts. *See Lewis*, 518 U.S. at 351 (noting that meaningful access to the courts is the touchstone of a denial-of-access claim). If no such interference occurred, there is no constitutional claim.

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 8

Defendant also seeks dismissal of the state law negligence claims asserted against him, pointing out that Judge Leighton has already concluded that there is no evidence that Sheriff Snaza was involved in or caused the personal injuries and wrongful death at issue. In addition, defendant argues that only Thurston County, Deputy Ditrich's employer, could be held vicariously liable for his conduct. Finally, Sheriff Snaza urges the Court to decline to exercise supplemental jurisdiction over any surviving state law claim now that the federal claims against him have been dismissed. In response, plaintiff argues that Sheriff Snaza owed a duty to perform the investigation of Mr. Nelson's death with reasonable care and a duty to preserve the evidence related to the shooting, both of which he breached. These claims were not asserted in the complaint: the only state law claims asserted against Sheriff Snaza are "negligence causing personal injury" and "negligence causing wrongful death." Plaintiff may not raise a new, previously-unpled claim in a supplemental response to a second motion for summary judgment. The deadline for amending pleadings has long passed, and plaintiff has not identified any new facts or legal authority that could justify the late assertion of this claim.

//

//

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 9

For all of the foregoing reasons, Sheriff Snaza's second motion for summary judgment (Dkt. # 163) is GRANTED. Plaintiff's remaining claims against Sheriff Snaza are dismissed without prejudice.

Dated this 30th day of September, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING PLAINTIFF'S
REMAINING CLAIMS AGAINST SNAZA - 10