UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. NELSON, individually and as the Personal Representative of the ESTATE OF JOEL A. NELSON,<br><br>Plaintiff,<br><br>v.<br><br>THURSTON COUNTY, *et al.*,<br><br>Defendants. | NO. C18-5184RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF MUSCATEL AND BENNETT |

This matter comes before the Court on defendants Rodney T. Ditrich and Thurston County's "Motion and Memorandum to Strike Plaintiff's Expert Witnesses, Kenneth Muscatel and Neil Bennett." Dkt. # 191. Defendant John D. Snaza has joined in the motion. Dkt. # 199. Plaintiff's decedent, Joel A. Nelson, was killed by Thurston County Deputy Sheriff Ditrich on January 5, 2016. Mr. Nelson's father, Joseph A. Nelson, brings this action against Deputy Ditrich, Sheriff John D. Snaza, and Thurston County alleging that Deputy Ditrich lacked probable cause to stop and/or arrest Mr. Nelson, that he used excessive force, that he was not adequately trained or supervised, that the use-of-force investigation was so flawed as to suggest a cover-up and/or ratification of Deputy Ditrich's actions, and that defendants were negligent, resulting in personal injury to and the wrongful death of his son.

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE THE TESTIMONY OF
MUSCATEL AND BENNETT - 1

Plaintiff has requested that Dr. Muscatel evaluate him for mental health issues related to his son's death. Plaintiff has been experiencing grief, nightmares, and intrusive thoughts since his son was killed, but realized that he needed mental health care in the fall of 2020. He was able to get an appointment for December 17, 2020. Plaintiff disclosed Dr. Muscatel as a clinical forensic and neuropsychology expert in March 2021, was evaluated by him, and produced Dr. Muscatel's report after this matter was fully briefed. Defendants argue that Dr. Muscatel's opinions were untimely disclosed (the deadline for disclosing expert witnesses was November 7, 2018), and their consideration would prejudice defendants. With regards to Mr. Bennett, plaintiff has asked him to calculate the economic damages of Joel Nelson, the deceased. Mr. Bennett has updated his calculations to adjust for the passage of time and to correct errors identified at his depositions. Defendants had Mr. Bennett's third report when they deposed him in March 2021. He subsequently revised his calculations to correct an error regarding Mr. Nelson's past documented earnings. Defendants seek to exclude Mr. Bennett's opinions on the ground that his calculations contained (and still contain) errors which "define his qualifications as an expert" and make his opinions unhelpful and unreliable. Dkt. # 191 at 8.

**A. Opinions and Testimony of Kenneth Muscatel**

At present, there is no trial date scheduled for the above-captioned matter, and plaintiff has shown good cause for his late disclosure of Dr. Muscatel as a witness. Any prejudice to defendants in allowing Dr. Muscatel to testify can be alleviated by reopening discovery for the limited purposes of requesting plaintiff's mental health records, deposing Dr. Muscatel, and, if necessary, identifying and deposing a rebuttal expert.

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE THE TESTIMONY OF
MUSCATEL AND BENNETT - 2

**B. Opinions and Testimony of Neil Bennett**

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function applies to all expert testimony, not just testimony based on the hard sciences. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). To be admissible, expert testimony must be both reliable and helpful. The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions. *Daubert*, 509 U.S. at 594-95. In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation. *Daubert*, 509 U.S. at 590. The testimony must also be "helpful" in that it must go "beyond the common knowledge of the average layperson" (*U.S. v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)) and it must have a valid connection between the opinion offered and the issues of the case (*Daubert*, 509 U.S. at 591-92). Plaintiff, as the party offering Mr. Bennett as an expert, has the burden of proving both the reliability and helpfulness of his testimony. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

Defendants argue that Mr. Bennett's failure to correct an admitted error in his discount rate calculation, his treatment of fringe benefits as income that accrues to the benefit of Mr. Nelson's estate, and his assumptions regarding Mr. Nelson's work-life expectancy, interest rates, and inflation rates are improper, artificially inflate the damage calculations, and therefore show that Mr. Bennett has not used recognized principles or methodologies in forming his opinions. The conclusion does not follow from the premises, however.

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE THE TESTIMONY OF
MUSCATEL AND BENNETT - 3

"Expert evidence is inadmissible where the analysis is the result of a faulty methodology or theory as opposed to imperfect execution of laboratory techniques whose theoretical foundation is sufficiently accepted in the scientific community to pass muster under *Daubert*." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047-48 (9th Cir. 2014) (internal quotation marks and citation omitted). Although defendants have identified imperfections in Mr. Bennett's calculations and challenge some of the assumptions he has made in making those calculations, they do not take issue with the methodology he has used to predict lost earnings or reduce them to present cash value. "A minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method does not render expert testimony inadmissible." *Id.* at 1048 (internal quotation marks and citation omitted). Mathematical errors can be corrected at trial (there being no chance that defendants would be surprised or prejudiced by an alteration they demanded and which works in their favor), and defendants are free to challenge Mr. Bennett's treatment of benefits and other assumptions on cross-examination or through a rebuttal expert. The errors defendants have identified are not significant enough to find that Mr. Bennett failed to apply the principles, techniques, and theories that are generally accepted in his profession or that his opinions reflect nothing more than his subjective belief and/or unsupported speculation. Imperfect application of methodology does not render the expert testimony unreliable in these circumstances. *Hardeman v. Monsanto Co.*, 997 F.3d 941, 962 (9th Cir. 2021).

//

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE THE TESTIMONY OF
MUSCATEL AND BENNETT - 4

For all of the foregoing reasons, the motion to strike the testimony of Dr. Muscatel and Mr. Bennett is DENIED. Discovery is reopened for the limited purposes of requesting plaintiff's mental health records, deposing Dr. Muscatel, and, if necessary, identifying and deposing a rebuttal expert.

Dated this 30th day of September, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE THE TESTIMONY OF
MUSCATEL AND BENNETT - 5