UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH A. NELSON, individually and as
personal representative of the Estate of Joel
A. Nelson,

                    Plaintiffs,

        v.

THURSTON COUNTY et al,

                    Defendants.

CASE NO. 3:18-cv-05184-DGE

PRETRIAL CONFERENCE
AGENDA

**1. Trial Date and Duration**

    **a. Trial date:** June 20, 2023

        i.  Jury selection via Zoom: June 20, 2023

        ii. Opening statement and presentation of evidence: June 21, 2023

    **b. Trial schedule:**

        i.  Tuesday, June 20, 2023 – Thursday, June 22, 2023
           Monday, June 26, 2023 – Thursday, June 29, 2023
           Monday, July 3, 2023 – Wednesday, July 5, 2023

ii.  Hours: 9:00 a.m. to 4:30 p.m., with two 15-minute breaks at 10:30 a.m. and 2:45 p.m.

iii.  Possible trial conflict on week of June 26

**c.   Issues for trial as identified by the parties in their trial briefs:**

i.  Claims

1.  42 U.S.C. § 1983: Unlawful Seizure Through Investigatory Stop Without Reasonable Suspicion as to Defendant Rodney Ditrich
2.  42 U.S.C. § 1983: Unlawful Seizure Through Arrest Without Probable Cause as to Defendant Rodney Ditrich
3.  42 U.S.C. § 1983: Unlawful Seizure Through Use of Excessive Force as to Defendant Rodney Ditrich
4.  42 U.S.C. § 1983: Monell Claim as to Defendant Thurston County based on ratification of the unlawful seizures committed by Defendant Rodney Ditrich.
5.  42 U.S.C. § 1983: Monell Claim as to Defendant Thurston County based on unlawful official policy, practice, or custom resulting in the unlawful seizures committed by Defendant Rodney Ditrich.
6.  42 U.S.C. § 1983: Monell Claim as to Defendant Thurston County based on policy that fails to prevent violations of law or a policy of failure to train resulting in the unlawful seizures committed by Defendant Rodney Ditrich.
7.  42 U.S.C. § 1983: Monell Claim as to Defendant Thurston County based on policy that fails to prevent violations of law or a policy of failure to train resulting in the unlawful seizures committed by Defendant Rodney Ditrich.
8.  42 U.S.C. § 1983: Substantive Due Process violation as to all Defendants for Interference with the parent-child relationship of Plaintiff Joseph Nelson and Joel Nelson.
9.  State Common Law Claim of False Arrest: Brought under RCW 4.20.060 as to all Defendants.
10. State Common Law Negligence for Personal Injuries: Brought under RCW 4.20.060 as to all Defendants.
11. State Common Law Negligence for Wrongful Death: Brought under RCW 4.20.010 as to all Defendants.

ii.  Defenses

1.  Felony Assault*

2.  Qualified Immunity.*

3.   State Statutory Defenses*

*These are the only affirmative defenses mentioned in Defendant's trial brief.  (Dkt. No. 259.)

   iii.   Relief

      1.   General damages, including compensatory damages according to proof; punitive damages according to proof.

**d.   Estimated length of trial:** 10 days (not including jury selection)

**e.   Timed trial:** total length of ten days (not including jury selection).

**f.   COVID-19 protocol:** Any juror is welcome to wear a mask if they desire.

**2.   Motions in Limine**

**a.**   Submitted on May 1, 2023.  (Dkt. Nos. 237, 238.)

**b.**   The Court expects to rule on the motions at the pre-trial conference.

**3.   Jury Selection**

**a.**   Selection by video (Zoom) (remainder of trial in-person)

**b.**   Panel of around 25 to be called

**c.**   8 jurors, no alternates—unanimous

**d.**   Voir dire

   i.   See **<u>Appendix A</u>** below for Court's general questions.

   ii.   Time allowed for attorney questioning: 25 minutes. Parties can reserve time.

   iii.   The court will not allow questions which:

      1.   Have already been asked,

      2.   Anticipate instructions on the law which have not yet been given,

      3.   Ask a juror to speculate or comment on his/her verdict if certain facts are proved,

4.  Are in substance arguments of the case,

5.  Solicit a juror's opinion as to the law or legal terms,

6.  Are clearly irrelevant and/or seek to embarrass, or establish rapport with, a juror, or

7.  Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

**e.**  Challenges for cause following voir dire and outside the presence of the jury

**f.**  Three (3) preemptory challenges for each side.

**g.**  Seating during voir dire – fully remote.

**h.**  The Court expects to rule on Defendants' motion regarding juror questionnaire (Dkt. No. 255) at the pretrial conference.

**4.  Upcoming deadlines**

i.  Parties provided joint neutral statement of the case on May 16, 2023. (Dkt. No. 252.)

**b.  Submitting evidence**

i.  An exhibit list in Microsoft Word format must be emailed to Gretchen Craft, Courtroom Deputy, at gretchen_craft@wawd.uscourts.gov by June 5, 2023.

ii.  Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The original and one copy of the trial exhibits must be delivered to Ms. Craft no later than the trial date (**June 20, 2023**). If JEEPS is being used, only one set of paper exhibits is required.

iii.  Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than **June 13, 2023**.

**c.  Jury Instructions**

i.  Per LCR 51, the parties submitted disputed and joint jury instructions for review by the Court on May 16, 2023.  (Dkt. Nos. 257, 258.)

PRETRIAL CONFERENCE AGENDA - 4

    **d.  Settlement**

        i.  **Local Rule 39(d) states:** "Where cases set for trial by jury are settled or agreed to be tried without a jury, notice of such agreement shall be filed in the clerk's office as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to such settlement or waiver. And where a continuance of such a case shall be applied for by one side, and resisted by the other, and granted by the court, the payment of jury expenses incurred by the government, if any, by the party applying for the continuance shall in all cases be one of the conditions of the continuance unless such continuance be granted as a matter of right and was not due to any fault of the moving party."

        ii.  **Deadline to notify court of settlement:** June 15, 2023

**5.  Opening statements:**

    **a.**  Length of opening statements:

        i.  Plaintiffs: 30 minutes
        ii.  Defendants: 30 minutes

    **b.**  Procedure of openings (e.g., podium and use of exhibits during openings)

        i.  If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time and consented to; any disputes should be raised with the Court before opening statements.

    **c.**  Use of charts, diagrams, timelines, and/or exhibits to be used during opening statements:

    **d.  Juror notetaking:** jury to receive note pads after opening statements

**6.  Closing arguments**

    **a.**  Plaintiff's proposed estimate: 45 minutes to an hour

    **b.**  Defendant's proposed estimate:  45 minutes to an hour

**7.  Questions from jurors during trial:** this will be permitted.  The Court will discuss questions with counsel before presenting the witness with any questions from the jury.

**8.  Plaintiff's witnesses:**

The Court understands the parties identify each potential witness that may be called at trial.  Notwithstanding, inevitably not all identified witnesses are called at trial.  Plaintiffs should make a good faith effort to identify actual witnesses they expect to call at trial.

    **a.**  John G. Peters, Jr., Ph.D. (will testify, expert)

    **b.**  Carl Wigren, M.D. (will testify, expert)

    **c.**  Neil Bennett, M.Ed., CRC, CDMS, FVE (will testify, expert)

    **d.**  Michael Knox  (will testify, expert)

    **e.**  Leo E. Poort (will testify, expert)

    **f.**  Neil Low (will testify, expert)

    **g.**  Kenneth Muscatel, Ph.D (will testify, expert)

    **h.**  Matthew Noedel (will testify, expert)

    **i.**  Joseph A. Nelson (will testify)

    **j.**  Luis (Felipe) Ramos (will testify)

    **k.**  Catalina Robles (will testify)

    **l.**  Richard A. Larsen (will testify)

    **m.**  Orville J. Jutte (possible witness only)

    **n.**  Robert E. Clements, Jr. (possible witness only)

    **o.**  Kenneth B. Kallberg (possible witness only)

    **p.**  Brent H. Lancaster (possible witness only)

    **q.**  Stella M. Vera (possible witness only)

    **r.**  Rodney T. Ditrich (will testify)

    **s.**  John D. Snaza (will testify)

    **t.**  Jon Tunheim (possible witness only)

1

  **u.** J. Andrew Toynbee (possible witness only)

2

  **v.** Undersheriff Timothy P. Braniff (will testify)

3

  **w.** Chief Deputy Brad Watkins (will testify)

4

  **x.** Gordon Phillips ("FOB") Captain (will testify)

5

  **y.** Sergeant Kenneth Clark (will testify)

6

  **z.** Deputy M. Hirte (will testify)

7

  **aa.** Deputy Chris Packard (possible witness only)

8

  **bb.** Deputy Steve Hamilton (possible witness only)

9

  **cc.** Deputy Jason Casebolt (possible witness only)

10

  **dd.** Deputy Carla Carter (will testify)

11

  **ee.** Deputy Lester Klene (will testify)

12

  **ff.** Lieutenant Paul Counts (possible witness only)

13

  **gg.** Deputy J. Potis (possible witness only)

14

  **hh.** Detective Tyson Beal (possible witness only)

15

  **ii.** Detective Sergeant Kevin Engelbertson (will testify)

16

  **jj.** Captain Dustin Breen (will testify)

17

  **kk.** Former Detective Jeremy Almond (will testify)

18

  **ll.** Sheriff Casey Salisbury (Ret.) (will testify)

19

  **mm.** Detective Jeffrey Rhoades (will testify)

20

  **nn.** Detective Luther Pittman (Ret.) (will testify)

21

  **oo.** Ryan Spurling (possible witness only)

22

  **pp.** Detective Brad Johansson (will testify)

23

  **qq.** Detective Richard Ramirez (possible witness only)

24

1   **rr.** Officer Eric Weishaar (possible witness only)

2   **ss.** Gary L. Warnock, M.D. Coroner (possible witness only)

3   **tt.** Gino Fino, M.D. (possible witness only)

4   **uu.** Joseph West Autopsy Technician (possible witness only)

5   **vv.** Deborah E. Price (possible witness only)

6   **ww.** Laura E. Kelly (possible witness only)

7   **xx.** Johan Schoeman (will testify)

8   **yy.** Tammy Devlin (will testify)

9   **zz.** Robin Campbell (possible witness only)

10   **aaa.** Martin Casey (possible witness only)

11   **bbb.** Bryon P. Newby (possible witness only)

12   **ccc.** Bryan Hanks (will testify by deposition)

13   **ddd.** Dennis Tody (possible witness only)

14   **eee.** Employee(s) of Summit Towing (possible witness only)

15   **fff.** Employee(s) of Advance Environmental, Inc (possible witness only)

16   **ggg.** Employee(s) of Bernie's Custom (possible witness only)

17   **hhh.** Employee(s) of Black Lake Collision Center (possible witness only)

18   **iii.** Shaylynn Tatom (will testify)

19   **jjj.** Clarissa Montez (will testify)

20   **kkk.** Bill Jones (will testify)

21   **lll.** Jim Harvey (will testify)

22   **mmm.** Georgia Harvey (will testify)

23   **nnn.** Susan Nelson (unclear)

24

**ooo.**     Noel Perish (will testify)

**ppp.**     Carrie Nelson (will testify)

**qqq.**     Matt Acker (will testify)

**rrr.**     Chief Dave Pearsall (Retired) (possible witness only)

## 9.  Defendant's witnesses:

The Court understands the parties identify each potential witness that may be called at trial.  Notwithstanding, inevitably not all identified witnesses are called at trial. Defendants should make a good faith effort to identify actual witnesses they expect to call at trial.

**a.**  Richard C. Harruff, MD – will testify, expert

**b.**  Christopher M. Nielsen – will testify, expert

**c.**  Kyle D. Sumpter – may testify, expert

**d.**  Joseph Nelson – may testify

**e.**  Deputy Rodney Ditrich – will testify

**f.**  John D. Snaza – may testify

**g.**  Detective Jeremy Almond - may testify

**h.**  Nick Fediay or Stella Vera – may testify

**i.**  Deputy Jason Casebolt (unclear)

**j.**  Sergeant Kenneth Clark – will testify

**k.**  Robert E. Clements- may testify

**l.**  Detective Sergeant Kevin Engelbertson – may testify

**m.**  Dr. Gina Fino – will testify

**n.**  Deputy Mike Hirte - may testify

**o.**  Orville Jutte – may testify

**p.**  Kenneth Kallberg – may testify

**q.**  . Laura E. Kelly – may testif

**r.**  . Brent Lancaster - may testify

**s.**  Richard Larsen – may testify

**t.**  Susan Nelson – may testify

**u.**  Detective Luther Pittman – may testify

**v.** Deborah Price – may testify

**w.** Luis Felipe Ramos – may testify

**x.** Detective Jeffrey Rhoades – may testify

**y.** Catalina Robles – may testify

**z.** Detective Sgt. Brad Johansson – may testify

**aa.** J. Andrew Toynbee – may testify

**bb.** Joseph West – may testify

**cc.** Officer Alex Ficek – will testify

**dd.** Lyndsey Knoy – may testify

**ee.** Charlotte Mitchell, Deputy Coroner – may testify

**ff.** Johan Schoeman – may testify

**gg.** Deborah Waldherr – may testif

**hh.** Gary Waldherr – may testify

**ii.** . Sgt. Jake Yancey – may testify

**jj.** Detective R. Ramirez – may testify

**10. Notification of Witnesses:** The Court expects the parties will extend professional courtesy by providing one day advance notice before calling a witness.

**11. Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters.)

**a.** If counsel anticipates that a Zoom setup will not be needed on any day of trial, they should notify the Court by the lunch break of the prior day.

**12. Trial procedures regarding evidence**

**a.** Objections: Grounds only without explanation or outside presence of jury

**b.** Procedures for demonstrative aids: Each party must notify the other of the demonstrative they intend to use by the start of the court day prior to the day the party will use the demonstrative.

**c.** Witnesses: non-exempt excluded, experts allowed to be present.

**d.** Deposition evidence: reserved for impeachment purposes.

**e.** Sidebars: if counsel has an objection that needs to be taken up outside the presence of the jury, counsel should indicate to the Court that the objection might

take some time. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

13. **Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel should contact the judge's chambers about the by email at: estudilloorders@wawd.uscourts.gov.

<u>**APPENDIX A**</u>

<u>**Proposed General Voir Dire Questions – (Note: the Court reserves the right to modify each question as necessary during voir dire.)**</u>

1. This trial is expected to last for ten days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day.  We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes.  At the end of the fifth day, there is no time limit on the amount of time that the jury may deliberate. Is there any prospective juror who cannot be here for the anticipated duration of the trial? (explain hardship)

2. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

3. [Read Neutral Statement of the Case]  Have any of you heard or read anything about this case?

4. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

5. Does anyone know the Plaintiffs or their attorneys or law firm, or know anyone who works for the Plaintiffs' law firm?

6. Does anyone know of the Defendant or its attorneys or law firm, or anyone who works for the Defendant or its law firm?

7. I will now ask counsel for the Plaintiff to list all of the witnesses that may be called to testify.  Please raise your card if you believe that you know any of these witnesses. [Counsel reads names.]

8. I will now ask counsel for the Defendant to list any additional witnesses that may be called to testify.  Please raise your card if you believe that you know any of these witnesses. [Defense counsel reads names.]

9. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

10. Do you have any training or work experience in the field of law?

11. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?  Have you ever served as the foreperson?

12. Have you ever testified before in any court proceeding? (not a deposition.)

13. Does anyone know any of the other prospective jurors from any contact other than your meeting this morning?

14. Does any prospective juror believe that he or she has strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

15. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

16. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court.  You must follow the court's instructions on the law even if you disagree with them.  Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

17. If you were the plaintiff/defendant in this case, is there anyone who would not want a juror with your present state of mind sitting on the jury?

18. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

**Questions Proposed by the Parties are identified below.  The Court may or may not ask all of the parties' proposed questions as part of the Court's preliminary questions.  The parties will have an opportunity to ask questions during their allotted time.  However, any question below with a line through it will not be allowed.  The parties should state during the pretrial conference whether they believe any of the proposed questions identified below are objectionable.**

**Plaintiffs:**

1. Have you ever been an employee, volunteer, or vendor with Thurston County or Thurston County Sheriff's Office (TCSO)?

2. Has any member of your family ever been an employee, volunteer, or vendor with the Thurston County or Thurston County Sheriff's Office (TCSO)?

3. Has any non-family member person you are close with ever been an employee, volunteer, or vendor with the Thurston County or Thurston County Sheriff's Office (TCSO)?

4. Have you ever worked in law enforcement?

5. Has any member of your family ever worked in law enforcement?

6. Has any non-family member close to you ever worked in law enforcement?

7. Have you ever been in the military?

8. Has any member of your family been in the military?

9. Has any non-family member close to you ever been in the military?

10. Have you ever fired a firearm?

11. Have you ever had any training in firearms?

12. Have you ever seen anyone shot?

13. Have you ever been shot?

14. Has any member of your family ever been shot?

15. Has any non-family member close to you ever been shot?

16. Do you feel that a police officer who takes the stand in uniform should be assumed to be credible?

17. Do you feel that police officers are always justified when they fire their weapons?

**Defendants:**
1. Do you know any of the following individuals:
    a. Rodney Ditrich
    b. Joseph Nelson
    c. Joel A. Nelson

2. In addition to the previously mentioned persons, does anyone know anyone who is employed by the Thurston County Sheriff's Office, the Lewis County Sheriff's Office, the Mason County Sheriff's Office, or the Grays Harbor County Sheriff's Office?

3. Have you or any member of your family ever been employed in law enforcement? If yes, have you talked to the family member(s) about their duties as a police officer?
4. Does anyone work for or know anyone who works for any department of Thurston County, Lewis County, Mason County or Grays Harbor County? If yes, please explain.

5. Have you, a family member, or a friend been arrested by any police agency? If yes, please give details regarding the circumstances of what happened and what impressions you have about the officers who were involved.

6. In general, what are your opinions, if any, about police officers and the job they perform?

7. Have you, a family member, or a friend ever been involved in a Civil Rights lawsuit?

PRETRIAL CONFERENCE AGENDA - 14

8. Have you, a family member or a friend ever been involved in a personal injury lawsuit?

9. Have you, a family member or a friend ever been involved in a situation where there was a use of force by a law enforcement officer?

10. Have you, your friends, or relatives had a bad experience with a law enforcement officer? If yes, please give details regarding that experience. If yes, do you harbor any bad feelings about law enforcement officers as a result of that incident?

11. Does anyone have strong feelings about how law enforcement officers perform their jobs - good or bad?

12. Does anyone feel that they would have difficulty trusting the testimony of a police officer?

13. Have you ever witnessed a police encounter with another citizen that you felt was inappropriate for any reason?

14. Does anyone believe that police officers routinely use excessive force in the conduct of their duties?

15. Has anyone participated in a protest, demonstration, or other activism against the police? If yes, please give details about the protest and your participation in it.

16. Have the events that led to the protests over police uses of force following the death of George Floyd influenced anyone's opinions about the reasonableness of police officers? If yes, please explain what your opinions are now about the reasonableness of police officers.

17. Is anyone familiar with the operation of semi-automatic pistols?

18. Is anyone uncomfortable around firearms that are being properly handled?

19. Does anyone believe he or she would be extremely disturbed to see autopsy photographs?

20. ~~You will learn that one of the three shots fired at Joel Nelson by Deputy Ditrich struck Joel in the upper right side of his back. With that information alone, does anyone believe that Ditrich must have engaged in unreasonable conduct by firing the shot that struck Nelson's back? With that same information alone, does anyone believe that Joel Nelson must have been running away from the deputy when the shot to his back occurred?~~

21. ~~Is there anyone who would be unwilling to consider Deputy Ditrich's explanation of how that shot to Nelson's back happened?~~

22. Has anyone previously served as a juror? If so, has anyone served as the presiding juror or foreperson of that jury?

23. Do you believe police assertions about officer safety concerns are exaggerated?

24. Does anyone believe that police officers should accept being assaulted without using sufficient force to end the threat posed by the assailant?

25. Does anyone believe that police officers are usually too quick to use force with people they encounter?

26. Is there anyone who would be unwilling to discuss disagreements about the evidence in this case with your fellow jurors and to consider changing your opinion about those issues?

27. Can anyone think of any reason why you would be unable to be a fair and impartial juror in this case?

**Defendants' proposed pre-selection questionnaire questions:**

1. Have you had any negative experiences or formed any opinions about the following:
Thurston County
Thurston County Sheriff's Office

If yes, please describe.

2. What newspapers or other news sources do you read or view regularly?

3. Have you or a close friend or family member ever been arrested for any reason? If yes, please describe.

4. Have you or anyone close to you been impacted by a police officer-involved shooting? If yes, please describe.

5. Would you describe yourself as someone who supports tougher laws on crime?

6. Have you previously been or are you currently involved in any organization that is important to you, such as a charitable organization, religious organization, advocacy group or political group, etc.? If yes, please describe.

7. Have you or anyone in your immediate family lost a child in the past ten years? If yes, please describe.

8. Would you have trouble trusting someone who works in the law-enforcement setting? If yes, please describe.

9. Have you previously been or are you currently involved with any support groups or organizations supporting victim rights or defunding the police? If yes, please describe.