UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH A. NELSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>THURSTON COUNTY et al.,<br><br>                    Defendants. | CASE NO. 3:18-cv-05184-DGE<br><br>ORDER ON PLAINTIFF'S MOTION TO RETAX COSTS (DKT. NO. 389) |

Before the Court is Plaintiff Joseph Nelson's motion to retax costs. (Dkt. No. 389.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

**I       BACKGROUND**

On July 7, 2023, a jury returned a verdict in favor of Defendants Thurston County and Deputy Sheriff Rodney Ditrich in the instant civil rights action. (Dkt. No. 379.) Plaintiff's claims arose from allegations that Defendant Ditrich used excessive force during an illegal arrest, ultimately causing Joel Nelson's death. (Dkt. No. 208 at 3, 8–12.)

Following entry of judgment (Dkt. No. 382), Defendants, as prevailing parties, moved for taxation of allowable costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54(d). (Dkt. No. 383 at 1.) The Clerk granted in part and denied in part Defendants' motion, finding Defendants entitled to $12,879.98 of the $14,592.63 requested. (Dkt. No. 388.) Plaintiff now moves the Court to retax the costs awarded by the Clerk. (Dkt. No. 389.)

## II      LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "costs . . . should be allowed to the prevailing party."  The Ninth Circuit has interpreted this rule "as creating a presumption for awarding costs to prevailing parties," thereby requiring the non-prevailing party to overcome the presumption by establishing a reason to deny costs.  *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (internal citation and quotation omitted); *see also Walker v. Charter Communications, LLC*, 2022 WL 1439125, at *1 (9th Cir. May 6, 2022).

A district court exercising its discretion to deny costs must specify the reasons for denial.  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  "Appropriate reasons for denying costs include[] (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."  *Escriba*, 743 F.3d at 1247–1248. The non-prevailing party "need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a 'starting point for analysis.'"  *Draper*, 836 F.3d at 1087.  Additionally, the Ninth Circuit has found that "misconduct on the part of the prevailing party" may support a court's refusal to award costs.  *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000).

## III      DISCUSSION

Plaintiff argues no costs should be taxed against Plaintiff due to (1) "the substantial public importance of Plaintiff's non-frivolous though ultimately unsuccessful claims"; (2) "the closeness, complexity, and difficulty of the issues presented"; (3) the "chilling effect" that an award of costs would have on civil rights claims, and (4) discovery misconduct by Defendant

1  Thurston County. (Dkt. No. 389 at 1.) Plaintiff does not assert that the two other factors found

2  relevant by the Ninth Circuit to assessments of costs—*i.e.*, a plaintiff's limited financial

3  resources and the economic disparity between parties—weigh in favor of denial of costs. (*Id.* at

4  5 n.3.)

5  In the event the Court does not deny costs on the basis of the four discretionary factors

6  asserted, Plaintiff argues the Court should at least decline to award Defendants costs for

7  deposition transcripts not used at trial. (*Id.* at 1.)

8  **A.    Substantial Public Importance**

9  Plaintiff argues the nature of the case supports a finding that Plaintiff's claims were of

10 substantial public importance, particularly because the case presented the issue of "when a law

11 enforcement officer may use deadly force." (*Id.* at 8.) As Defendants' response contains no

12 discussion as to whether the instant case presented issues of substantial public importance (*see*

13 *generally* Dkt. No. 390), the Court does not find Defendants to dispute that this factor supports

14 denying costs.

15 In reviewing district court decisions on taxation of costs, the Ninth Circuit has found

16 individual civil rights cases to have substantial public importance. *See Draper*, 836 F.3d at 1088

17 (concluding that Eighth Amendment cases have substantial public importance because they

18 "safeguard[] the rights and safety of prisoners"); *Escriba*, 743 F.3d at 1248 (affirming that a

19 lawsuit under the Family and Medical Leave Act presented issues of substantial public

20 importance because the claim was important for protecting civil rights of women in the

21 workplace). And with respect to cases—such as this one—involving claims of excessive force

22 leading to death, the Ninth Circuit has opined that it "ha[s] difficulty imagining a more important

23

24

issue than the legality of state-sanctioned force resulting in death." [1]  *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1062 (9th Cir. 2010).  Given these authorities, the Court finds the instant case raised issues of substantial public importance.  This factor weighs in favor of denying costs.

B.      **Closeness, Complexity, and Difficulty of the Issues**

Plaintiff argues the closeness, complexity, and difficulty of the case warrant denial of costs.  In support of this factor, Plaintiff highlights that the case "survived multiple motions for summary judgment and an appeal to the Ninth Circuit," (Dkt. No. 389 at 2), involved jury deliberation "for one full day" (*id.* at 3), and "ultimately rest[ed] on the jury's determination of credibility of competing versions of events preceding Joel Nelson's death" (*id.* at 8).

The Court agrees.  The Ninth Circuit has found a case sufficiently close to warrant denying costs when "[the non-prevailing party's] evidence . . . was sufficient to survive summary judgment," "the case turned on which competing account of events the jurors believed," and the jury deliberated for more than half a day.  *Draper*, 836 F.3d at 1088.  Each of those circumstances is present here.  Moreover, the Court's denial of Defendants' motion for directed verdict (Dkt. Nos. 352, 354) underscores the closeness of the case.

C.      **Prospective Chilling Effect**

Plaintiff next argues the Court should deny costs due to the chilling effect that an award of costs would have on future similar actions. (Dkt. No. 389 at 4.)  As Plaintiff contends, "an award of costs against an individual civil rights plaintiff facing a large and far better financed

---

[1] The Ninth Circuit's conclusion in *Mahach-Watkins* was in the context of reviewing a district court's decision on attorney fees rather than taxation of costs.  However, the Court can perceive no reason as to why the public importance of excessive force cases would be any less in the context of taxing costs.  Indeed, district courts in the Ninth Circuit have found claims of excessive force to be of substantial import when assessing the propriety of awards of costs.  *Berry v. City and County of San Francisco*, 2018 WL 5733680, at *1 (N.D. Cal. Oct. 29, 2018); *Aguilar v. City of Los Angeles*, 2020 WL 2573468, at *2 (C.D. Cal. Mar. 4, 2020).

entity defendant would risk chilling future individual litigants of modest means from seeking to vindicate their civil rights." (*Id.* at 8.) In response, Defendants state that although "[a]ny 'chilling' effect of an award" of costs here "is difficult to measure," Plaintiff "has made no showing that [Defendants'] costs are excessive in relation to the scope of this action or related to the plaintiff's ability to pay." (Dkt. No. 390 at 5.)

The Court finds this factor supports denying costs. An award of nearly $13,000 in costs could reasonably deter prospective litigants from bringing civil rights claims. *See Thompson v. City of Olympia*, 2019 WL 13079351, at *1 (W.D. Wash. Dec. 26, 2019) (denying costs of nearly $13,000 in part due to the prospective chilling effect on civil rights plaintiffs); *Jiminez v. Sambrano*, 2010 WL 1781602, at *1 (S.D. Cal. Apr. 30, 2010) (concluding that "[a]warding a large sum of costs" of nearly $10,000 "against [a plaintiff] may have a chilling effect on future civil rights litigants"); *Hayes v. County of San Diego*, 2009 WL 10668673, at *1 (S.D. Cal. July 10, 2009) (declining to award nearly $10,000 in costs in a "case involv[ing] significant civil rights, including the right to be free from excessive and unreasonable force," in part because the award "might have [a] chilling effect").[2]

**D.     Discovery Misconduct**

Finally, Plaintiff argues discovery misconduct by Defendant Thurston County supports a denial of costs. (Dkt. No. 389 at 6.) In particular, Plaintiff maintains that the Court's instruction

---

[2] Defendants suggest that to establish a likely chilling effect, Plaintiff must "substantiate a claim of indigency" or unemployment. (Dkt. No. 390 at 5.) The Court disagrees. While a plaintiff's inability to pay may bear some relevance to a court's conclusion that awarding costs would chill prospective civil rights litigants, it is not a prerequisite for that conclusion. Indeed, in listing factors found to support a denial of costs, the Ninth Circuit specified that only "the final two factors"—*i.e.*, "the plaintiff's limited financial resources" and "the economic disparity" between parties—concern a party's financial resources, and thereby implied that the remaining factors need not focus on a party's financial resources. *Draper*, 836 F.3d at 1087.

to the jury on spoliation by the County reflects that "intentional destruction of evidence critical to Plaintiff's case" was "sufficiently established at trial." (*Id*.) Defendants respond that Plaintiff "incorrectly suggests" the Court's jury instruction constituted a "rul[ing] that there had been spoliation," and that, to the contrary, the jury instruction merely "permitted but did not direct the jury to find that spoliation occurred." (Dkt. No. 390 at 4 n.4.)

The Court disagrees with Defendants' characterization. While the jury instruction permitted, but did not require, the jury to infer that the destroyed evidence would have been adverse to the County (Dkt. No. 375 at 19), the Court issued that instruction as a spoliation sanction upon concluding, by a preponderance of the evidence, that the County had willfully destroyed evidence despite being on notice of its relevance to foreseeable litigation. The Court therefore finds the County's spoliation of evidence further weighs in favor of denying costs.

## IV    CONCLUSION

Ultimately, Plaintiff has provided sufficient reasons to overcome the presumption of awarding costs to the prevailing party. Defendants are therefore not entitled to costs and Plaintiff's motion to retax costs (Dkt. No. 389) is GRANTED. The Court need not address Plaintiff's alternative argument regarding deposition transcripts not used at trial.

Dated this 4th day of December 2023.

David G. Estudillo
United States District Judge